IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII CHILDREN'S BLOOD AND CANCER GROUP,<br><br>Plaintiff,<br><br>vs.<br><br>HAWAI`I PACIFIC HEALTH; KAPI`OLANI MEDICAL SPECIALISTS; KAPI`OLANI MEDICAL CENTER FOR WOMEN AND CHILDREN,<br><br>Defendants. | CIVIL NO. CV03-00708 SOM LEK<br>(Other Civil Action)<br><br>DEFENDANTS HAWAI`I PACIFIC HEALTH, KAPI`OLANI MEDICAL SPECIALISTS AND KAPI`OLANI MEDICAL CENTER FOR WOMEN AND CHILDREN'S RENEWED MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO STAY PROCEEDINGS PENDING RESOLUTION OF THE CONCURRENT STATE OF HAWAII CIRCUIT COURT CASE, OR TO CONTINUE TRIAL |

DEFENDANTS HAWAI`I PACIFIC HEALTH,
KAPI`OLANI MEDICAL SPECIALISTS AND KAPI`OLANI
MEDICAL CENTER FOR WOMEN AND CHILDREN'S RENEWED
MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO STAY
PROCEEDINGS PENDING RESOLUTION OF THE CONCURRENT
STATE OF HAWAII CIRCUIT COURT CASE, OR TO CONTINUE TRIAL

COME NOW Defendants Hawai`i Pacific Health, Kapi`olani Medical Specialists and Kapi`olani Medical Center for Women and Children (collectively "HPH Defendants"), by and through their attorneys, Robbins & Associates, and move to dismiss, or in the alternative, to stay proceedings pending resolution of the concurrent Circuit Court action, or to continue trial.

On October 22, 2004, this Honorable Court stayed the instant federal action brought by Plaintiff Hawaii Children's Blood and Cancer Group ("HCBCG"), holding that the concurrent state and federal proceedings involving Dr. Woodruff and HCBCG are parallel and substantially duplicative, which warranted application of the federal abstention doctrine set forth in Colorado River Water Conservation Dist. V. United States, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976). As such, the federal court action was stayed pending resolution of the state case. Subsequent to the Court's order, this Court imposed several pretrial deadlines sua sponte, which, in effect, lifted the stay imposed by the October 22, 2004 order. While there have been no substantive proceedings or developments in the federal case, numerous substantive developments -- including depositions of key witnesses, all of which have been and are being noticed in the state court case, hearings on dispositive motions, and numerous discovery disputes -- have occurred in the state action which illustrate that the state case is significantly further along than the federal action. See, for example, Plaintiffs' Notice of Taking Depositions Upon Oral Examination filed November 28, 2005 in the state court action, attached hereto as Exhibit "A". Thus, developments in the state court action render the federal case ripe for dismissal.

HPH Defendants request that the court dismiss this federal action as the events which transpired in state court subsequent to the stay -- cementing the

2

duplication of the two concurrent lawsuits -- have ensured that HCBCG's interests are adequately protected as recognized by this Court in the October 22, 2004 order. As Hawaii's anti-trust laws mirror the federal statutes, HCBCG's federal anti-trust claims have been consolidated in the state action under Hawaii law. See Robert's Hawaii School Bus. Inc. v. Laupahoehoe Transp. Co., Inc., 91 Hawaii 224, 227 (1999) (noting that the Legislature followed the federal paradigm in fashioning Hawaii anti-trust law and that the language of HRS §§ 480-4 and 480-9 traces the language of Section 1 and Section 2 of the Sherman Act).

Further, HCBCG is now a plaintiff in the state lawsuit. HCBCG's claims for damages and its anti-trust claims are also now a part of the state lawsuit. Additionally, substantial discovery has occurred in the state action which ensures that all of HCBCG's claims in the federal action will be subsumed by adjudication of the state court action. Thus any final judgment on the merits in the state court action will be res judicata for HPH Defendants and HCBCG in the federal proceeding.

Although this Court previously determined that abstention was proper and that the federal case should be stayed rather than dismissed, HPH Defendants request that the court dismiss the instant duplicative action as a result of the changed circumstances and substantial progress in the state case. In the alternative, HPH Defendants request a further stay of the federal court action or a continuance

3

of the May 23, 2006 trial date until a time subsequent to the conclusion of the state court action which is set for trial on June 5, 2006.

This Motion is made pursuant to Rules 7, 12, and 16 of the Federal Rules of Civil Procedure, Rules 7.2, 40.4, 40.5, and 40.6 of the Rules of the United States District Court for the District of Hawaii, and is based upon the Memorandum in Support, Exhibits "A"-"P", the Declaration of Kenneth S. Robbins, the Declaration of John T. Komeiji, the Declaration of John S. Nishimoto, and the record and files herein.

DATED: Honolulu, Hawaii, _____.

_____
KENNETH S. ROBBINS
LEIGHTON M. HARA
WENDY M. YAMAMOTO

Attorneys for Defendants
HAWAI'I PACIFIC HEALTH,
KAPI'OLANI MEDICAL SPECIALISTS
AND KAPI'OLANI MEDICAL CENTER
FOR WOMEN AND CHILDREN

Civil No. CV03-00708 ACK LEK; Hawaii Children's Blood and Cancer Group v. Hawai'i Pacific Health, et al.; DEFENDANTS HAWAI'I PACIFIC HEALTH, KAPI'OLANI MEDICAL SPECIALISTS AND KAPI'OLANI MEDICAL CENTER FOR WOMEN AND CHILDREN'S RENEWED MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO STAY PROCEEDINGS PENDING RESOLUTION OF THE CONCURRENT STATE OF HAWAII CIRCUIT COURT CASE, OR TO CONTINUE TRIAL