IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII CHILDREN'S BLOOD AND CANCER GROUP,<br><br>Plaintiff,<br><br>vs.<br><br>HAWAI'I PACIFIC HEALTH; KAPI'OLANI MEDICAL SPECIALISTS; KAPI'OLANI MEDICAL CENTER FOR WOMEN AND CHILDREN,<br><br>Defendants. | CIVIL NO. CV03-00708 ACK LEK<br>(Other Civil Action)<br><br>DECLARATION OF KENNETH S. ROBBINS |

## DECLARATION OF KENNETH S. ROBBINS

I, KENNETH S. ROBBINS, make the following declaration on personal knowledge and am competent to testify to the matters stated therein.

1. I am an attorney licensed to practice in all courts in the state of Hawaii.

2. I make this declaration on personal knowledge of the facts set forth in this declaration and am competent to testify to the matters stated therein.

3. I am the principal attorney for all Defendants in the above-captioned matter.

4. Attached hereto as Exhibit "A" is a true and accurate copy of Plaintiffs' Notice of Taking Depositions Upon Oral Examination filed November 28, 2005 in <u>Woodruff, et al. v. Hawaii Pacific Health, et al.</u>; Civil No. 02-1-0090-01 (BIA); First Circuit Court, State of Hawaii.

5. Attached hereto as Exhibit "B" is a true and accurate copy of the Order Denying Defendants' Motion to Dismiss, and Granting Defendants' Alternative Motion to Stay Proceeding Pending Resolution of the Concurrent State of Hawaii Circuit Court Case filed October 22, 2004.

6. Attached hereto as Exhibit "C" is a true and accurate copy of the Second Amended Complaint; Demand for Jury Trial; Summons filed February 17, 2005 in <u>Woodruff, et al. v. Hawaii Pacific Health, et al.</u>; Civil No. 02-1-0090-01 (BIA); First Circuit Court, State of Hawaii.

7. Attached hereto as Exhibit "D" is a true and accurate copy of the Voluntary Disclosure dated September 2001.

8. Attached hereto as Exhibit "E" is a true and accurate copy of excerpts of the deposition transcript of Robert Wilkinson, M.D., Volume I, taken October 14, 2005 and Volume II, taken October 15, 2005.

9. Attached hereto as Exhibit "F" is a true and accurate copy of excerpts of the deposition transcript of Kelley Woodruff, M.D., Volume I, taken October 6, 2005.

2

10. Attached hereto as Exhibit "G" is a true and accurate copy of the Supplemental Order Regarding Discovery Master filed June 28, 2005 in <u>Woodruff, et al. v. Hawaii Pacific Health, et al.</u>; Civil No. 02-1-0090-01 (BIA); First Circuit Court, State of Hawaii.

11. Attached hereto as Exhibit "H" is a true and accurate copy of the Trial Setting Status Conference Order of July 26, 2005 filed July 26, 2005 in <u>Woodruff, et al. v. Hawaii Pacific Health, et al.</u>; Civil No. 02-1-0090-01 (BIA); First Circuit Court, State of Hawaii.

12. Attached hereto as Exhibit "I" is a true and accurate copy of the first page of Plaintiffs' Amended First Motion for Partial Summary Judgment filed September 22, 2005 in <u>Woodruff, et al. v. Hawaii Pacific Health, et al.</u>; Civil No. 02-1-0090-01 (BIA); First Circuit Court, State of Hawaii.

13. Attached hereto as Exhibit "J" is a true and accurate copy of a Minute Order dated October 31, 2005 in <u>Woodruff, et al. v. Hawaii Pacific Health, et al.</u>; Civil No. 02-1-0090-01 (BIA); First Circuit Court, State of Hawaii.

14. Attached hereto as Exhibit "K" is a true and accurate copy of Order No. 1 Regarding Mediation filed November 7, 2005 in <u>Woodruff, et al. v. Hawaii Pacific Health, et al.</u>; Civil No. 02-1-0090-01 (BIA); First Circuit Court, State of Hawaii.

15. Attached hereto as Exhibit "L" is a true and accurate copy of a letter from Rafael G. del Castillo, Esq. to The Honorable Patrick K.S.L. Yim dated November 10, 2005.

16. Attached hereto as Exhibit "M" is a true and accurate copy of a letter from Kenneth S. Robbins, Esq. to The Honorable Patrick K.S.L. Yim dated November 15, 2005.

17. Attached hereto as Exhibit "N" is a true and accurate copy of a deposition calendar created by the office of Robbins & Associates.

18. Attached hereto as Exhibit "O" is a true and accurate copy of a letter to all counsel from Rafael G. del Castillo, Esq. dated October 20, 2005, to which all defense counsel responded in the negative.

19. Attached hereto as Exhibit "P" is a true and accurate copy of Plaintiffs' Final Naming of Witnesses filed June 9, 2005 in Woodruff, et al. v. Hawaii Pacific Health, et al.; Civil No. 02-1-0090-01 (BIA); First Circuit Court, State of Hawaii.

20. HCBCG has included a prayer for the same injunctive relief in both Complaints. HCBCG filed its Federal suit 23 months after it filed the state case.

21. As a result of an audit of the Medicare billing records of the Pediatric Hem/Onc Department, it was discovered Dr. Woodruff had not followed

KMS billing policies and procedures regarding certain invasive procedures performed by a nurse practitioner in the same department at KMS.

22. A facilitator, Lorraine Stringfellow, Ph.D., selected with the assistance of Daniel Bent, Esq., serving as mediator, has met frequently with HEM/ONC physicians with an agreement reached on the physician on-call schedule. Further, Judge Del Rosario has appointed retired Judge Patrick Yim as discovery master.

23. HCBCG's counsel stated at the Rule 16 Scheduling Conference in this Court that he is of the opinion that discovery has proceeded slowly in the state case.

24. Since the inception of both the state and federal actions, Drs. Wilkinson and Woodruff have been and continue to work side by side with the Kapiolani Medical Specialists ("KMS") employed hem/onc physicians. As a result, some conflicts have naturally arisen which required the assistance of an in-house facilitator. All parties agreed to participate, and as such, the parties have reached tentative agreements concerning the KMS call schedule and general conduct in the PAU.

25. Daniel Bent, Esq. was appointed mediator by Judge Dexter Del Rosario during the infancy of the state case. Mediation efforts with Mr. Bent have not been successful.

26. Judge Del Rosario also appointed the Honorable Patrick Y.S.L. Yim (retired) to serve as discovery master in the state court action. Later, the Honorable Bert I. Ayabe expanded Judge Yim's role to include jurisdiction over all discovery disputes and matters in the state case, including disputes involving non-parties.

27. In addition to the dispositive motions filed in state court, the parties have also participated in 23 depositions tallying more than 30 deposition days. Ten 30(b)(6) depositions have been taken of various healthcare providers, and agencies. All depositions have been noticed in the state case.

28. Drs. Woodruff and Wilkinson, who are the principals and the only members of HCBCG, have been deposed over the course of approximately nine days.

29. On October 27, 2005 and again on December 8, 2005, the parties attended a status conference with Judge Ayabe, where the federal court stay and subsequent trial deadlines were discussed, especially the federal court trial date of May 23, 2005. The court noted that the May 23, 2006 federal trial date is only two weeks prior to the June 5, 2006 trial date in state court and that it would make sense to have only one trial in either state or federal court. Judge Ayabe also said that there is a high likelihood that the state case will proceed to trial as scheduled because it is the only case he has scheduled for trial during the time period in

question. The court noted that often times, a case such as the <u>Woodruff</u> action, involving numerous mainland witnesses/parties, will have priority over other cases in terms of trial setting.

30. At the October 27, 2005 status conference, Judge Ayabe discussed the possibility of mediation with the parties. Mediation with Mr. Fairbanks is scheduled to commence on February 7, 2006.

31. At the December 8, 2005 status conference, counsel for HPH confirmed that a Motion to Dismiss, Stay or Continue Trial in the federal court action would be filed shortly.

32. At the discovery conference on November 18, 2005, Judge Yim struck HCBCG and Dr. Woodruff's arbitrarily noticed depositions and ordered the parties to participate in a further discovery conference to schedule the remaining depositions.

33. Despite the identical nature of the federal and state proceedings, evidenced by HCBCG's use of the same expert, HCBCG insists that the expert disclosure deadlines imposed by this Court should govern the discovery schedule set forth in the state action; a proposition which has been wholeheartedly rejected by Discovery Master Yim.

34. Additionally, the Deloitte and Warren deponents will incur substantial costs and inconvenience in returning to the islands for their depositions and multiple appearances for testimony in both the state and federal trials.

35. In the event this case is not dismissed or stayed, good cause exists to continue the federal trial date of May 23, 2006, as the state court action is set for trial on June 5, 2006.

36. On several occasions during status conferences with counsel in both state and federal court, I have declared our intention to file the instant motion.

37. As there may be a scheduling conflict with respect to the federal and state court trial dates, I submit that HPH Defendants have no objections to the presiding federal court and state court judges to confer.

I declare under penalty of law that the foregoing statements are true and correct.

DATED: Honolulu, Hawaii, _____.

_____
KENNETH S. ROBBINS

Civil No. CV03-00708 ACK LEK; <u>Hawaii Children's Blood and Cancer Group v. Hawai`i Pacific Health, et al.</u>; DECLARATION OF KENNETH S. ROBBINS

8