FILED IN THE
UNITED STATES DISTRICT COUR
DISTRICT OF HAWAII

OCT 22 200~

at ___8___ o'clock and __10__ min. _a_ ~
WALTER A. Y. H. CHINN, CLER~

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HAWAII CHILDREN'S BLOOD AND CANCER GROUP, | ) ) ) | CIVIL NO. 03-00708 SOM / LEK |
| Plaintiff, | ) ) ) | ORDER DENYING DEFENDANTS' MOTION TO DISMISS, AND |
| vs. | ) ) ) | GRANTING DEFENDANTS' ALTERNATIVE MOTION TO STAY PROCEEDINGS PENDING |
| HAWAI`I PACIFIC HEALTH; KAPI`OLANI MEDICAL SPECIALISTS; KAPI`OLANI MEDICAL CENTER FOR WOMEN AND CHILDREN, | ) ) ) ) ) | RESOLUTION OF THE CONCURRENT STATE OF HAWAII CIRCUIT COURT CASE |
| Defendants. | ) ) ) | |

ORDER DENYING DEFENDANTS' MOTION TO DISMISS, AND GRANTING
DEFENDANTS' ALTERNATIVE MOTION TO STAY PROCEEDINGS PENDING
RESOLUTION OF THE CONCURRENT STATE OF HAWAII CIRCUIT COURT CASE

I.      INTRODUCTION.

        Plaintiff Hawaii Children's Blood and Cancer Group
("HCBCG") brings this action in federal court alleging that
Defendants Hawaii Pacific Health, Kapiolani Medical Specialists,
and Kapiolani Medical Center for Women and Children created a
monopoly over pediatric hematology-oncology physician services in
Hawaii, in violation of federal antitrust laws.  Defendants argue
that this case is "substantially duplicative" of a case currently
pending in the First Circuit Court, State of Hawaii.  This court
agrees, and grants Defendants' motion to stay the case pending
resolution of the state court case.

EXHIBIT B

II.      BACKGROUND.

        HCBCG is a medical group owned by Robert Wilkinson,

M.D., and Kelley Woodruff, M.D.  HCBCG provides pediatric

hematology-oncology services to patients.  Prior to January,

2002, the two HCBCG doctors collaborated with doctors at

Kapiolani Medical Services to provide pediatric hematology-

oncology care.  This patient-sharing collaboration was known as

"Team Care."  In January of 2002, however, this relationship

soured.  HCBCG alleges that Defendants began excluding HCBCG's

physicians from the patient-sharing collaboration by publishing

letters to all pediatric hematology-oncology patients requiring

them to choose either Defendants' physicians or HCBCG's.  These

letters informed patients that HCBCG physicians would no longer

be collaborating with Defendants' physicians.

        HCBCG alleges that Defendants further isolated the

HCBCG physicians from pediatric hematology-oncology patients by

instituting a "boycott" in which physicians loyal to Defendants

refused to make referrals to HCBCG.  HCBCG further claims that

Defendants summarily suspended Woodruff's hospital privileges at

Kapiolani Medical Center for Women and Children.  HCBCG alleges

that Defendants thereafter conspired with the chair of the

University of Hawaii's John A. Burns School of Medicine's

Department of Pediatrics to exclude HCBCG's physicians from

                                2

positions at the school in an attempt to put them in a bad light professionally.

On January 11, 2002, Woodruff filed a complaint in the First Circuit Court, State of Hawaii. The complaint alleged that Defendants, along with several other individuals, acquired a monopoly over pediatric hematology-oncology services in Hawaii and used that monopoly to interfere with her medical practice. The state court complaint sought injunctive relief, as well as money damages. The state court case is currently pending before Judge Dexter Del Rosario. The parties attempted mediation, which failed, and are now engaged in discovery. Judge Del Rosario has appointed a discovery master. Trial has been set for October 3, 2005.

On December 29, 2003, HCBCG filed this suit in federal court. HCBCG alleges violations of federal antitrust laws, 15 U.S.C. §§ 1, 2, and of the Lanham Act, 15 U.S.C. § 1125. The Lanham Act claim asserts that false and misleading statements were made about HCBCG's physicians. In its amended complaint, HCBCG seeks an order requiring Defendants to offer all existing and new patients the option of receiving their care from a team that includes HCBCG plaintiffs, and a declaratory judgment stating that Defendants violated §§ 1 and 2 of the Sherman Act. HCBCG also seeks money damages.

3

III.     ANALYSIS.

Although federal courts have a "virtually unflagging obligation to exercise the jurisdiction given them," exceptional circumstances may necessitate a court's abstention. See Nakash v. Marciano, 882 F.2d 1411, 1415 (9th Cir. 1989). This case has such circumstances. The facts and issues to be determined in the state proceedings and those to be decided in this court are identical. To permit this case to go forward at this point, therefore, would result in duplicative and wasteful litigation.

The Ninth Circuit has articulated factors to be considered in determining whether a stay is appropriate: (1) whether either court has assumed jurisdiction over a res; (2) the relative convenience of the forums; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether state or federal law controls; (6) whether the state proceeding is adequate to protect the parties' rights; and (7) the prevention of "forum shopping." Travellers Indem. Co. v. Madonna, 914 F.2d 1364, 1367-68 (9th Cir. 1990); Nakash, 882 F.2d at 1415 (citing Moses H. Cone Mem'l Hosp. v. Mercury Constr. Co., 460 U.S. 1, 25-26 (1983), and Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 818 (1976)). Present throughout the analysis are "considerations of wise judicial administration, giving regard to

conservation of judicial resources and comprehensive disposition of litigation." Colorado River, 424 U.S. at 817.

No one factor is determinative. Instead, "a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise is required." Id. at 818-19. In this case, the factors weigh in favor of staying the federal proceedings pending the outcome of the state court litigation.

> 1. The Location of the Res and the Convenience of the Forums.

The first two factors are not relevant in this analysis. There is no res, and the two forums are of equal convenience to the parties.

> 2. Piecemeal Litigation and the Order of the Forums in Obtaining Jurisdiction.

The third and fourth factors, addressing piecemeal litigation and the order in which the forums obtained jurisdiction, weigh heavily in favor of staying the federal case. "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." Am. Int'l Underwriters, Inc. v. Cont'l Ins. Co., 843 F.2d 1253, 1258 (9th Cir. 1988). The cases need not be identical to warrant a stay, but rather "substantially similar." Nakash, 882 F.2d at 1416. In this case, the federal and state cases raise substantially similar issues, and, because the state

5

court obtained jurisdiction first, piecemeal litigation would result from adjudicating the federal claim at this time.

HCBCG argues that, although the parties and witnesses in the two cases are similar, the federal case actually addresses different conduct than the state court case. Specifically, HCBCG argues that the federal suit addresses a boycott that took place after the state suit was filed. HCBCG's amended complaint also seeks different injunctive relief from that sought in the state case. Accordingly, HCBCG argues, the resolution of the state case will not terminate the federal action.

The alleged boycott, however, is merely the continuation of the monopoly conduct alleged in the state court case. In her state court complaint, Woodruff alleged interference with her system of referrals, and sought an order "requiring Defendants to restore [her] practice and referral network." At the hearing, counsel for Defendants expressly stated that he believes that the state complaint already encompasses the boycott allegations against his clients that HCBCG claims are unique to the federal case.

To succeed in either the state or federal case, HCBCG must prove the existence of a monopoly. Because the language of the state antitrust law "traces" the language of the federal statute, see Robert's Hawaii School Bus, Inc v. Laupahoehoe Transp. Co., Inc., 91 Haw. 224, 227; 982 P.2d 853, 877 (1999),

the showing required in both forums is the same.  Similarly,
HCBCG's Lanham Act claim in this case appears to require proof of
the matters in issue in the defamation claim raised in the state
case.  Both claims complain of allegedly false and misleading
information given to patients and physicians.

The need for both forums to address similar issues,
however, does not alone prove piecemeal litigation.  The Ninth
Circuit has held that concerns about piecemeal litigation will
outweigh a federal court's obligation to exercise its
jurisdiction only when the state court case has significantly
progressed.  See Nakash, 882 F.2d at 1415.  Without this
progression, "there is no certainty that duplicative effort would
result" from proceeding in the federal case.  See Travellers
Indem. Co. v. Madonna, 914 F.2d 1364 (9th Cir. 1990).  In
Travellers, the court reached this conclusion after noting that
the state court had "made no rulings whatsoever" in regard to the
dispute.  914 F.2d at 1369.

In this case, the state court has not made substantive
rulings, but has made significant progress concerning the
monopoly claim.  The reference in Travellers to "no rulings
whatsoever" appears to recognize that even rulings that do not
dispose of claims or parties would be sufficient to justify
concerns about piecemeal litigation.  As discovery masters are
not routinely appointed, this court must conclude that Judge Del

7

Rosario has examined the discovery issues thoroughly enough to
determine that a discovery master was warranted.  That is
certainly far more progress than this court has made, and the
appointment of a discovery master is certainly a kind of ruling.
Mediation attempts have failed in the state case, and that case
is now set for trial on October 3, 2005.  Given this progress,
proceeding in the federal court at this time would result in
duplicative efforts and a waste of judicial resources.

> 3.    Whether State or Federal Law Controls, and
>        Whether the State Case Is Adequate To Protect
>        the Parties' Interests.

This case involves federal laws, and the federal courts
have exclusive jurisdiction over Sherman Act claims.  However,
the federal and state monopoly laws contain parallel language,
and the state court is more than adequate to address these
issues.

HCBCG argues that it is not even a party in the state
action, and the court would therefore abuse its discretion by
granting a stay.  See Moses H. Cone, 460 U.S. at 28 ("When a
district court decides to dismiss or stay under Colorado River,
it presumably concludes that the parallel state-court litigation
will be an adequate vehicle for the complete and prompt
resolution of the issues between the parties.").

Colorado River, however, does not require that the
parties in the state and federal cases be identical before a stay

may be ordered.  See Nakash, 882 F.2d at 1416 ("We agree that
exact parallelism does not exist, but it is not required.").
Rather, courts look to whether the interests of the federal
parties will be protected by the state litigation.  See Lumen
Const., Inc. v. Brant Const. Co., Inc., 780 F. 2d 691, 695 (7th
Cir. 1985) ("Where the interests of the plaintiffs in each of the
suits are congruent, Colorado River abstention may be appropriate
notwithstanding the nonidentity of the parties.") (citing Canaday
v. Koch, 608 F.Supp. 1460, 1475 (S.D.N.Y 1985), aff'd sub nom
Canaday v. Valentin, 768 F.2d 501 (2nd Cir. 1985)); see also
Caminiti & Iatarola, Ltd. v. Behnke Warehousing, Inc., 962 F.2d
698 (7th Cir. 1992) ("A suit is parallel when substantially the
same parties are contemporaneously litigating substantially the
same issues in another forum.") (internal citations omitted);
Heitmanis v. Austin, 899 F.2d 521, 528 (6th Cir. 1990) (lack of
identity of parties in state and federal cases is not relevant to
Colorado River abstention) (citing Lumen, 780 F.2d at 695);
Health Care and Retirement Corp. of America v. Heartland Home
Care, 324 F. Supp. 2d. 1202, 1204-05 (D. Kan. 2004) ("Although
HCRA argues that it technically is not a party to the state case,
it has not alleged that its interests are different from those of
its affiliate in the state case.").

        HCBCG's interests will be fully protected by the state
court proceedings.  HCBCG is an unincorporated medical group

consisting of two physicians, one of whom is the plaintiff in the state case. There is no indication that there is anything but a congruence of interests between HCBCG and Woodruff. HCBCG identifies no specific issue unique to it. Even HCBCG's damage claim in this suit is inextricably intertwined with Woodruff's damage claim in the state action. While any HCBCG damage award might conceivably be greater than Woodruff's, HCBCG's damages will have to be proven by Woodruff for her to prove her individual claim to a portion of those damages in the state suit. Thus, the court sees no issue that would remain for substantive determination in the present action once the state case is concluded.

At the hearing on the present motion, counsel for Defendants represented that he had no objection to an amendment to the state complaint to add HCBCG as a plaintiff.[1] While the decision of this court is not conditioned on an amendment of the state court complaint, defense counsel's representation is a further indication that HCBCG's interests do not diverge from Woodruff's.

---

[1] He made this representation noting that he needed to confer with his client, as well as his co-counsel, although he did not indicate any awareness of any objection from those quarters. Defendants in the state case who are not parties before this court have not, of course, indicated any position on the matter.

4.    Forum Shopping.

The court has a strong interest in preventing parties from forum shopping or avoiding adverse rulings by the state court.  Nakash, 882 F.2d at 1417.  On the present record, this court does not find forum shopping, and this factor does not affect the court's analysis.

Examining all the factors discussed above, the court finds a stay warranted.  To proceed in the federal case at this time would result in duplicative, piecemeal litigation.  Although the parties in the two cases are not identical, there is sufficient overlap between the parties and the claims to ensure that HCBCG's interests will be fully protected in the state court.  Giving full consideration to the wise use of judicial resources, the court finds that proceeding at this time would be unwise in light of the progress made in the state court.

The court notes that a stay, and not dismissal, is appropriate in this case.  See Attwood v. Mendocino Coast Dist. Hosp., 886 F.2d 241, 244 (9th Cir. 1989) (in case all issues are not resolved by a state case, "only a stay ensures that the federal court will meet its 'unflagging duty' to exercise its jurisdiction").  HCBCG may reopen these proceedings once the state case is completed, or if changes in circumstances render the state proceedings inadequate to protect HCBCG's interests. "[U]nlike a dismissal, a stay avoids the risk that the federal

11

plaintiff will be time-barred from reinstating the federal suit."
Id.

Because discovery is ongoing in the state case, the court excepts from the stay such discovery as may be taken in the state case that is also relevant to the federal case.  The court further urges the parties, if they have not already done so, to agree that depositions of state case witnesses may be extended into areas, if any, unique to the federal case, so that deponents need not be redeposed.

IV.    CONCLUSION.

Defendants' motion to stay proceedings pending resolution of the concurrent state court case is granted.  The court excepts from this stay such discovery as may be taken in the state case that is also relevant to the federal case.


IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 22, 2004.


SUSAN OKI MOLLWAY
UNITED STATES DISTRICT JUDGE


Hawaii Children's Blood and Cancer Group v. Hawaii Pacific Health, et. al; Civil No. 03-00708 SOM/LEK; ORDER DENYING DEFENDANTS' MOTION TO DISMISS, AND GRANTING DEFENDANTS' ALTERNATIVE MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF THE CONCURRENT STATE OF HAWAII CIRCUIT COURT CASE.