result of implementing this CIA. Overpayment amounts should be broken down into the following categories: Medicare, Medicaid (report each applicable state separately) and other Federal health care programs;

8. a copy of the confidential disclosure log required by section III.E;

9. a description of any personnel action (other than hiring) taken by KH as a result of the obligations in section III.F;

10. a summary describing any ongoing investigation or legal proceeding conducted or brought by a governmental entity involving an allegation that KH has committed a crime or has engaged in fraudulent activities, which have been reported pursuant to section III.G. The statement shall include a description of the allegation, the identity of the investigating or prosecuting agency, and the status of such investigation, legal proceeding or requests for information;

11. a corrective action plan to address the probable violations of law identified in section III.H;

12. a listing of all of KH's locations (including locations and mailing addresses), the corresponding name under which each location is doing business, the corresponding phone numbers and fax numbers, each location's Federal health care program provider identification number(s) and the payor (specific contractor) that issued each provider identification number; and

13. a listing of the number of physicians who are not employees of KH and the percentage of these physicians who completed the general and specific training requirements described in section III.C (please list a separate ratio for both general and specific training).

The first Annual Report shall be received by the OIG no later than one year and thirty (30) days after the effective date of this CIA. Subsequent Annual Reports shall be submitted no later than the anniversary date of the due date of the first Annual Report.

C. **Certifications**

The Implementation Report and Annual Reports shall include a certification by the Compliance Officer under penalty of perjury, that: (1) KH is in compliance

16

A20553

with all of the requirements of this CIA, to the best of his or her knowledge; and (2) the Compliance Officer has reviewed the Report and has made reasonable inquiry regarding its content and believes that, upon such inquiry, the information is accurate and truthful.

VI. **NOTIFICATIONS AND SUBMISSION OF REPORTS**

Unless otherwise stated in writing subsequent to the effective date of this CIA, all notifications and reports required under the terms of this CIA shall be submitted to the entities listed below:

OIG:

    Civil Recoveries Branch - Compliance Unit
    Office of Counsel to the Inspector General
    Office of Inspector General
    U.S. Department of Health and Human Services
    330 Independence Avenue, SW
    Cohen Building, Room 5527
    Washington, DC 20201
    Phone 202.619.2078
    Fax   202.205.0604

All correspondence to Kapi'olani Health shall be sent to:

Kapi'olani Health
Attention: General Counsel (Legal Department)
55 Merchant St.
Honolulu, Hawaii 96813
Phone 808.535.7400
Fax   808.535.7433

VII. **OIG INSPECTION, AUDIT AND REVIEW RIGHTS**

In addition to any other rights OIG may have by statute, regulation, contract or pursuant to this CIA, OIG or its duly authorized representative(s) or agents may examine KH's books, records, and other documents and supporting materials for the purpose of verifying and evaluating: (i) KH's compliance with the terms of this CIA; and (ii) KH's compliance with the requirements of the Federal health care programs in which it participates. The documentation described above shall be made available by KH to OIG or its duly authorized representative(s) at all reasonable times for inspection, audit or

A20554

reproduction. Furthermore, for purposes of this provision, OIG or its duly authorized representative(s) may interview any covered individual who consents to be interviewed at the covered individual's place of business during normal business hours or at such other place and time as may be mutually agreed upon between the covered individual and OIG. KH agrees to assist OIG in contacting and arranging interviews with such covered individuals upon OIG's request. Covered individuals may elect to be interviewed with or without a representative of KH or counsel present.

## VIII. DOCUMENT AND RECORD RETENTION

KH shall maintain for inspection all documents and records relating to reimbursement from the Federal health care programs or to compliance with this CIA, one year longer than the term of this CIA (or longer if required by law).

## IX. DISCLOSURES

Subject to HHS's Freedom of Information Act ("FOIA") procedures, set forth in 45 C.F.R. Part 5, the OIG shall make a reasonable effort to notify KH prior to any release by OIG of information submitted by KH pursuant to its obligations under this CIA and identified upon submission by KH as trade secrets, commercial or financial information and privileged and confidential under the FOIA rules. KH shall refrain from identifying any information as trade secrets, commercial or financial information and privileged and confidential that does not meet the criteria for exemption from disclosure under FOIA.

## X. BREACH AND DEFAULT PROVISIONS

KH is expected to fully and timely comply with all of the obligations herein throughout the term of this CIA or other time frames herein agreed to.

### A. Stipulated Penalties for Failure to Comply with Certain Obligations

As a contractual remedy, KH and OIG hereby agree that failure to comply with certain obligations set forth in this CIA may lead to the imposition of the following monetary penalties (hereinafter referred to as "Stipulated Penalties") in accordance with the following provisions:

1. A Stipulated Penalty of $2,500 (which shall begin to accrue on the day after the date the obligation became due) for each day, beginning 120 days after the effective date of this CIA and concluding at the end of the term of this CIA, KH fails to have in place any of the following:

18



A20555

a. a Compliance Officer;

b. a Compliance Committee;

c. written Code of Conduct;

d. written Policies and Procedures;

d. an education and training program; and

e. a Confidential Disclosure Program.

2. A Stipulated Penalty of $2,500 (which shall begin to accrue on the day after the date the obligation became due) for each day KH fails to meet any of the deadlines to submit the Implementation Report or the Annual Reports to the OIG.

3. A Stipulated Penalty of $2,000 (which shall begin to accrue on the date the failure to comply began) for each day KH:

a. hires or enters into a contract with or grants staff privileges to an Ineligible Person after that person has been listed by a federal agency as excluded, debarred, suspended or otherwise ineligible for participation in the Medicare, Medicaid or any other Federal health care program (as defined in 42 U.S.C. § 1320a-7b(f)) (this Stipulated Penalty shall not be demanded for any time period during which KH can demonstrate that it did not discover the person's exclusion or other ineligibility after making a reasonable inquiry (as described in section III.F) as to the status of the person);

b. employs or contracts with or grants staff privileges to an Ineligible Person and that person: (i) has responsibility for, or involvement with, KH's business operations related to the Federal health care programs or (ii) is in a position for which the person's salary or the items or services rendered, ordered, or prescribed by the person are paid in whole or part, directly or indirectly, by Federal health care programs or otherwise with Federal funds (this Stipulated Penalty shall not be demanded for any time period during which KH can demonstrate that it did not discover the person's exclusion or other ineligibility after making a reasonable inquiry (as described in

19



A20556

section III.F) as to the status of the person); or

c. employs or contracts with a person who: (i) has been charged with a criminal offense related to any Federal health care program, or (ii) is suspended or proposed for exclusion, and that person has responsibility for, or involvement with, KH's business operations related to the Federal health care programs (this Stipulated Penalty shall not be demanded for any time period before 10 days after KH received notice of the relevant matter or after the resolution of the matter).

4. A Stipulated Penalty of $1,500 (which shall begin to accrue on the date that KH fails to grant reasonable access) for each day KH fails to grant reasonable access to the information or documentation necessary to exercise OIG's inspection, audit and review rights set forth in section VII of this CIA.

5. A Stipulated Penalty of $1,000 (which shall begin to accrue ten (10) days after the date that OIG provides notice to KH of the failure to comply) for each day KH fails to comply fully and adequately with any obligation of this CIA other than those specifically mentioned in paragraphs (1) through (4) of this section X.A. In its notice to KH, the OIG shall state the specific grounds for its determination that KH has failed to comply fully and adequately with the CIA obligation(s) at issue.

B. **Payment of Stipulated Penalties**

1. *Demand Letter.* Upon a finding that KH has failed to comply with any of the obligations described in section X.A and determining that Stipulated Penalties are appropriate, OIG shall notify KH by personal service or certified mail of (a) KH's failure to comply; and (b) the OIG's exercise of its contractual right to demand payment of the Stipulated Penalties (this notification is hereinafter referred to as the "Demand Letter").

Within fifteen (15) days of the date of the Demand Letter, KH shall either (a) cure the breach to the OIG's satisfaction and pay the applicable stipulated penalties; or (b) request a hearing before an HHS administrative law judge ("ALJ") to dispute the OIG's determination of noncompliance, pursuant to the agreed upon provisions set forth below in section X.D. In the event KH elects to request an ALJ hearing, the Stipulated Penalties shall continue to accrue until KH cures, to

20

A20557

the OIG's satisfaction, the alleged breach in dispute. Failure to respond to the Demand Letter in one of these two manners within the allowed time period shall be considered a material breach of this CIA and shall be grounds for exclusion under section X.C.

2. *Timely Written Requests for Extensions.* KH may submit a timely written request for an extension of time to perform any act or file any notification or report required by this CIA. Notwithstanding any other provision in this section, if OIG grants the timely written request with respect to an act, notification, or report, Stipulated Penalties for failure to perform the act or file the notification or report shall not begin to accrue until one day after KH fails to meet the revised deadline as agreed to by the OIG-approved extension. Notwithstanding any other provision in this section, if OIG denies such a timely written request, Stipulated Penalties for failure to perform the act or file the notification or report shall not begin to accrue until two (2) business days after KH receives OIG's written denial of such request. A "timely written request" is defined as a request in writing received by OIG at least five (5) business days prior to the date by which any act is due to be performed or any notification or report is due to be filed.

3. *Form of Payment.* Payment of the Stipulated Penalties shall be made by certified or cashier's check, payable to "Secretary of the Department of Health and Human Services," and submitted to OIG at the address set forth in section VI.

4. *Independence from Material Breach Determination.* Except as otherwise noted, these provisions for payment of Stipulated Penalties shall not affect or otherwise set a standard for the OIG's determination that KH has materially breached this CIA, which decision shall be made at the OIG's discretion and governed by the provisions in section X.C, below.

C. **Exclusion for Material Breach of this CIA**

1. *Notice of Material Breach and Intent to Exclude.* The parties agree that a material breach of this CIA by KH constitutes an independent basis for KH's exclusion from participation in the Federal health care programs (as defined in 42 U.S.C. § 1320a-7b(f)). Upon a determination by OIG that KH has materially breached this CIA and that exclusion should be imposed, the OIG shall notify KH by certified mail of (a) KH's material breach; and (b) OIG's intent to exercise its contractual right to impose exclusion (this notification is hereinafter referred to as the "Notice of Material Breach and Intent to Exclude").

21

A20558

2. *Opportun... o cure.* KH shall have thirty five (3... ays from the date of the Notice of Material Breach and Intent to Exclude Letter to demonstrate to the OIG's satisfaction that:

    a. KH is in full compliance with this CIA;

    b. the alleged material breach has been cured; or

    c. the alleged material breach cannot be cured within the thirty-five (35) day period, but that: (i) KH has begun to take action to cure the material breach, (ii) KH is pursuing such action with due diligence, and (iii) KH has provided to OIG a reasonable timetable for curing the material breach.

3. *Exclusion Letter.* If at the conclusion of the thirty-five (35) day period, KH fails to satisfy the requirements of section X.C.2, OIG may exclude KH from participation in the Federal health care programs. OIG will notify KH in writing of its determination to exclude KH (this letter shall be referred to hereinafter as the "Exclusion Letter"). Subject to the Dispute Resolution provisions in section X.D, below, the exclusion shall go into effect thirty (30) days after the date of the Exclusion Letter. The exclusion shall have national effect and will also apply to all other federal procurement and non-procurement programs. If KH is excluded under the provisions of this CIA, KH may seek reinstatement pursuant to the provisions at 42 C.F.R. §§ 1001.3001- 3004.

4. *Material Breach.* A material breach of this CIA means:

    a. a failure by KH to report a material deficiency, take corrective action and pay the appropriate refunds, as provided in section III.D;

    b. repeated or flagrant violations of the obligations under this CIA, including, but not limited to, the obligations addressed in section X.A of this CIA;

    c. a failure to respond to a Demand letter concerning the payment of Stipulated Penalties in accordance with section X.B above; or

    d. a failure to retain and use an Independent Review Organization for review purposes in accordance with section III.D.

22

D. **DISPUTE RESOLUTION**

1. *Review Rights.* Upon the OIG's delivery to KH of its Demand Letter or of its Exclusion Letter, and as an agreed-upon contractual remedy for the resolution of disputes arising under the obligation of this CIA, KH shall be afforded certain review rights comparable to the ones that are provided in 42 U.S.C. § 1320a-7(f) and 42 C.F.R. Part 1005 as if they applied to the Stipulated Penalties or exclusion sought pursuant to this CIA. Specifically, the OIG's determination to demand payment of Stipulated Penalties or to seek exclusion shall be subject to review by an ALJ and, in the event of an appeal, the Departmental Appeals Board ("DAB"), in a manner consistent with the provisions in 42 C.F.R. §§ 1005.2-1005.21. Notwithstanding the language in 42 C.F.R. § 1005.2(c), the request for a hearing involving Stipulated Penalties shall be made within fifteen (15) days of the date of the Demand Letter and the request for a hearing involving exclusion shall be made within thirty (30) days of the date of the Exclusion Letter.

2. *Stipulated Penalties Review.* Notwithstanding any provision of Title 42 of the United States Code or Chapter 42 of the Code of Federal Regulations, the only issues in a proceeding for Stipulated Penalties under this CIA shall be (a) whether KH was in full and timely compliance with the obligations of this CIA for which the OIG demands payment, and (b) the period of noncompliance. KH shall have the burden of proving its full and timely compliance and the steps taken to cure the noncompliance, if any. If the ALJ finds for the OIG with regard to a finding of a breach of this CIA and orders KH to pay Stipulated Penalties, such Stipulated Penalties shall become due and payable twenty (20) days after the ALJ issues such a decision notwithstanding that KH may request review of the ALJ decision by the DAB.

3. *Exclusion Review.* Notwithstanding any provision of Title 42 of the United States Code or Chapter 42 of the Code of Federal Regulations, the only issues in a proceeding for exclusion based on a material breach of this CIA shall be (a) whether KH was in material breach of this CIA; (b) whether such breach was continuing on the date of the Exclusion Letter; and (c) the alleged material breach cannot be cured within the thirty-five (35) day period, but that (i) KH has begun to take action to cure the material breach, (ii) KH is pursuing such action with due diligence, and (iii) KH has provided to OIG a reasonable timetable for curing the material breach.

For purposes of the exclusion herein, exclusion shall take effect only after an ALJ decision that is favorable to the OIG. KH's election of its contractual right

23



A20560

to appeal to the DAB shall not abrogate the OIG's authority to exclude KH upon the issuance of the ALJ's decision. If the ALJ sustains the determination of the OIG and determines that exclusion is authorized, such exclusion shall take effect twenty (20) days after the ALJ issues such a decision, notwithstanding that KH may request review of the ALJ decision by the DAB.

4. *Finality of Decision.* The review by an ALJ or DAB provided for above shall not be considered to be an appeal right arising under any statutes or regulations. Consequently, the parties to this CIA agree that the DAB's decision (or the ALJ's decision if not appealed) shall be considered final for all purposes under this CIA and KH agrees to waive any right it may have to appeal the decision administratively, judicially or otherwise seek review by any court or other adjudicative forum.

XI. **EFFECTIVE AND BINDING AGREEMENT**

Consistent with the provisions in the Settlement Agreement pursuant to which this CIA is entered, and into which this CIA is incorporated, KH and the OIG agree as follows:

A. This CIA shall be binding on the successors, assigns and transferees of KH;

B. This CIA shall become final and binding on the date the final signature is obtained on the CIA;

C. Any modifications to this CIA shall be made with the prior written consent of the parties to this CIA; and

D. The undersigned KH signatories represent and warrant that they are authorized to execute this CIA. The undersigned OIG signatory represents that he is signing this CIA in his official capacity and that he is authorized to execute this CIA.

24

A20561

IN WITNESS WHEREOF, the parties hereto affix their signatures:

**KAPI'OLANI HEALTH**

8/18/99
Date

_____
Roger Drue
President and Chief Executive Officer
Kapi'olani Health

8-18-99
Date

_____
Dennis M. Warren, Esquire
Counsel for Kapi'olani Health
(916) 447-9999

**OFFICE OF INSPECTOR GENERAL OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES**

8/17/99
Date

_____
Lewis Morris, Esquire
Assistant Inspector General for Legal Affairs
Office of Counsel to the Inspector General
Office of Inspector General
U. S. Department of Health and Human Services

25

A20562