

```
1ST CIRCUIT COURT
STATE OF HAWAII
     FILED

2005 JUN 28  PM 1:55

     M.N. TANAKA
     —————————
        CLERK
```

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| KELLEY WOODRUFF, M.D. ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> HAWAI'I PACIFIC HEALTH; KAPI'OLANI ) <br> MEDICAL SPECIALISTS; KAPI'OLANI ) <br> MEDICAL CENTER FOR WOMEN AND ) <br> CHILDREN; ROGER DRUE; FRANCES ) <br> A. HALLONQUIST; NEAL WINN, M.D.; ) <br> SHERREL HAMMAR, M.D.; DELOITTE &) <br> TOUCHE LLP; DENNIS M. WARREN, ) <br> ESQ.; JOHN DOES 1-99; JANE DOES ) <br> 1-99; DOE ENTITIES 1-20; AND DOE ) <br> GOVERNMENTAL UNITS 1-10, ) <br> ) <br> Defendants. ) <br> ) | CIVIL NO. 02-1-0090-01 (BIA) <br> (Other Civil Action) <br><br> SUPPLEMENTAL ORDER <br> REGARDING DISCOVERY MASTER <br><br><br><br> Trial Date: October 3, 2005 |

## SUPPLEMENTAL ORDER REGARDING DISCOVERY MASTER

WHEREAS, the above-entitled court is aware that significant discovery may remain to be completed in the above case; and

WHEREAS, there may be disagreements regarding the scope of permissible discovery; and



EXHIBIT G

WHEREAS, the Honorable Patrick K.S.L. Yim has been appointed the Discovery Master (hereinafter "Master") in this matter to assist the court in discovery disputes; and

WHEREAS, issues may arise as to the scope of authority for the Master regarding discovery disputes.

It Is hereby Ordered, Adjudged, and Decreed that the Honorable Patrick K.S.L. Yim shall serve as Master in accordance with the following terms and conditions:

1. Except as otherwise expressly stated herein, the Master shall hear and resolve in the first instance any and all discovery issues and disputes in this matter.

   a. Pursuant to the provisions of the Hawai`i Code of Judicial Conduct (hereinafter the "Code"), the Master is a judge within the meaning of the Code and shall comply with the Code. Unless otherwise provided herein, the parties shall not engage in ex parte communication with the Master with regard to any matter that relates, directly or indirectly, to any discovery matter that is or may be pending before the Master.

   b. The Master shall not have the authority to entertain or dispose of any non-discovery, substantive, or dispositive motions.

   c. The Master shall ensure the discovery is not redundant, cumulative, or a waste of resources.

2.  The parties shall bring all discovery disputes and motions first to the Master. If a party believes that it would be more appropriate for any reason for the court to hear any motion, the party may request that the Master refer the motion to the court for disposition. In that event, the Master shall determine, in his sole discretion, whether he will refer the matter to the court for disposition.

3.  Except as otherwise provided in paragraph 4, infra, or as may be prescribed by the Master or agreed to by the parties, the parties shall adhere to the Hawai`i Rules of Civil Procedure and the Rules of the Circuit Courts of the State of Hawai`i with respect to the form, content, and timing of all motions, memoranda, affidavits or declarations, and exhibits and with respect to the submission and resolution of orders to the Master. All motions, memoranda, exhibits, affidavits or declarations prepared pursuant to this paragraph shall be served on all parties and the Master at the same time and by the same method of service. The party initiating the motion shall call the Master's secretary or assistant to obtain a hearing date, and shall indicate the hearing date on its motion to be served on all parties.

The Master may, in his sound discretion, shorten the time for hearing on any urgent matter. Any moving party's procrastination does not constitute good cause to shorten time, unless other good cause appears in the record as determined by the Master. An order shortening time for a hearing shall not issue as an accommodation to attorneys who have failed to demonstrate diligence in addressing the discovery situation that is the subject of any motion submitted to the Master.

3

7. Decisions made by the Master (other than those made contemporaneously during ongoing depositions or other discovery proceedings) shall be in writing, shall include the reasons for his decision (citation of authorities is not required), and shall be filed with the court, in the form of a pleading for motions under Paragraph 3, or in the form of a letter for letter motions under Paragraph 4.

8. Any party may seek reconsideration by the respective court of any decision rendered by the Master, with or without having first sought reconsideration by the Master; provided that, no new argument or evidence may be presented for the first time to that court. All argument and evidence relating to any discovery dispute must first be presented to the Master for consideration and disposition before the court will entertain any such argument or evidence. Any motion for reconsideration of a Master's decision shall be filed with the court and served upon the Master and all parties within seven (7) business days of the date the Master's decision is issued or rendered. The Master and any party may respond to the motion by filing and serving a response within five (5) business days after receipt (not service) of the motion. The Master's response shall include his recommendations to the court on the motion for reconsideration and the reasons for such recommendation, and his recommendations for sanctions and/or allocation of attorneys' and Master's fees and costs incurred as a result of the motion for reconsideration.

The court shall decide the motion for reconsideration without a hearing, and may award attorneys' fees and costs, as well as impose sanctions on any party, including the fees and costs of the Master incurred in opposing the motion. Therefore, any party

5

seeking an award of attorneys' fees and costs shall include an affidavit or declaration containing facts supporting such remedies.

9. The Master may, in his sole discretion, communicate to the court in writing as to the status of discovery matters. The Master shall advise the parties' counsel of the substance of any such communication with the court.

10. The Master shall be compensated for his professional services at his customary hourly rate, and shall be reimbursed for all expenses. Unless otherwise ordered, the parties shall bear their share of the Master's fees and expenses on a pro rata basis.

The Master shall have the authority to order that his professional fees and expenses incurred in connection with any particular dispute(s) or matter(s) be paid by a party or parties on a basis other than pro rata, if the Master determines in his sound discretion that there is good cause to so order.

Unless otherwise indicated herein, the Master shall not perform any professional services, unless his services are initiated by a party seeking to obtain discovery or to resolve a discovery dispute. A party may initiate the services of the Master by informal letter, formal written motion, or request for a discovery conference. The court need not be involved in such communications.

11. The Master shall retain copies of all papers submitted to him during his service as Master until the final conclusion of the above-entitled action, including all appeals.

6

12. The Master shall have full discretion to establish the procedures for matters that come before him. The Master and the parties may reach further agreements from time to time concerning specific procedures to be followed in the handling of disputes submitted to the Master, which agreements shall be filed with the court but need not be approved by the court; provided that such further agreements are not inconsistent with the foregoing.

DATED: Honolulu, Hawai`i, _____ JUN 2 8 2005 _____.

_____
BERT I. AYABE
JUDGE OF THE ABOVE-ENTITLED COURT

SUPPLEMENTAL ORDER SENT TO:

    ARLEEN D. JOUXSON, ESQ.
    RAFAEL G. DEL CASTILLO, ESQ.
    JOUXSON-MEYERS & DEL CASTILLO
    309 California Avenue, Suite 209
    Wahiawa, HI 96786

        Attorneys for Plaintiff

    JOHN T. KOMEIJI, ESQ.
    PATSY H. KIRIO, ESQ.
    MICHAEL LORUSSO, ESQ.
    WATANABE, ING, KAWASHIMA & KOMEIJI
    First Hawaiian Center
    999 Bishop Street, 23rd Floor
    Honolulu, HI 96813

        Attorneys for Defendant
        DELOITTE & TOUCHE LLP

    JOHN S. NISHIMOTO, ESQ.
    MICHAEL J. VAN DYKE, ESQ.
    AYABE, CHONG, NISHIMOTO, SIA & NAKAMURA
    1001 Bishop Street
    Pauahi Tower, Suite 2500
    Honolulu, HI 96813

        Attorneys for Defendant
        DENNIS M. WARREN, ESQ.

    KENNETH S. ROBBINS, ESQ.
    DOUGLAS S. CHIN, ESQ.
    LEIGHTON M. HARA, ESQ.
    ROBBINS & ASSOCIATES
    2200 Davies Pacific Center
    841 Bishop Street
    Honolulu, HI 96813

        Attorneys for Defendants
        HAWAI'I PACIFIC HEALTH, KAPI'OLANI MEDICAL
        SPECIALISTS and KAPI'OLANI MEDICAL CENTER FOR
        WOMEN AND CHILDREN

CHARLES ROBERT CHING, ESQ.
55 Merchant Street, 27th Floor
Honolulu, HI 96813

    Attorneys for Defendants
HAWAI'I PACIFIC HEALTH, KAPI'OLANI MEDICAL
SPECIALISTS and KAPI'OLANI MEDICAL CENTER FOR
WOMEN AND CHILDREN

PATRICK H. JONES, ESQ.
SARAH O. WANG, ESQ.
MELANIE MITO MAY, ESQ.
MARR HIPP JONES & WANG
1001 Bishop Street, Suite 1550
Honolulu, HI 96813

    Attorneys for Defendants
HAWAI'I PACIFIC HEALTH, KAPI'OLANI MEDICAL
SPECIALISTS and KAPI'OLANI MEDICAL CENTER FOR
WOMEN AND CHILDREN

HONORABLE PATRICK K.S.L. YIM
P.O. Box 240027
Honolulu, HI 96824

    Discovery Master

The foregoing Supplemental Order Regarding Discovery dated June 28, 2005 in Civil No. 02-1-0090-01 (BIA) has been entered and copies thereof served on the above-identified parties by placing the same in the U.S. Mail, postage prepaid, on June 28, 2005.

                                                _____
                                                Clerk, Twenty-First Division

2