


2005 NOV -7 AM 8:18

M.N. TANAKA
CLERK

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | | |
|---|---|---|
| KELLEY WOODRUFF, M.D.<br><br>Plaintiff,<br><br>vs.<br><br>HAWAI'I PACIFIC HEALTH; KAPI'OLANI MEDICAL SPECIALISTS; KAPI'OLANI MEDICAL CENTER FOR WOMEN AND CHILDREN; ROGER DRUE; FRANCES A. HALLONQUIST; NEAL WINN, M.D.; SHERREL HAMMAR, M.D.; DELOITTE & TOUCHE LLP; DENNIS M. WARREN, ESQ.; JOHN DOES 1-99; JANE DOES 1-99; DOE ENTITIES 1-20; AND DOE GOVERNMENTAL UNITS 1-10<br><br>Defendants. | ) | CIVIL NO. 02-1-0090-01 (BIA)<br>(Other Civil Action)<br><br>ORDER NO. 1 REGARDING MEDIATION |

ORDER NO. 1 REGARDING MEDIATION

WHEREAS, Rule 12.2 of the Rules of the Circuit Courts of the State of Hawai`i authorizes the court to issue an order compelling alternative dispute resolution, which includes mediation; and



WHEREAS, in the exercise of the court's sound discretion, it appears that good cause exists in the above-entitled action to compel mediation; and

WHEREAS, the court finds that **DAVID L. FAIRBANKS, ESQ.** is qualified and able to serve as a mediator for the above-entitled action; therefore

IT IS HEREBY ORDERED that the above-entitled action be referred to mandatory mediation on the following terms and conditions:

1) **MEDIATOR**: **DAVID L. FAIRBANKS, ESQ.** is appointed as Mediator for the above-entitled action.

2) **MEDIATION COSTS AND FEES**: The Mediator is authorized to charge a reasonable hourly fee for the Mediator's professional services. Each party shall pay to the Mediator a pro rata share of the costs and fees of the Mediator. Payment shall be made by cash or cashier's check. Each party shall bear their own costs and attorneys' fees.

3) **DEPOSIT**: Prior to the first mediation session with the Mediator, each party shall pay to the Mediator a deposit (by cash or cashier's check) in such amount as the Mediator shall establish.

4) **COST/FEES DISPUTE RESOLUTION**: If there is any dispute regarding the Mediator's costs and fees, the above-entitled court shall dispose of any such dispute.

5) **MEDIATION SESSION**: The Mediator is respectfully requested to convene the first mediation as soon as practicable--no later than 45 days from the date this Order is filed. The Mediator shall have full authority over the mediation schedule.

6) **NO AUTOMATIC STAY**: The parties are not, by the issuance of this Order, relieved of their discovery obligations or of their obligations under Rules 12

and 12.1 of the Rules of the Circuit Courts of the State of Hawai`i. Moreover, the court shall not entertain the fact that mediation has been ordered as a reason to continue the trial date (if any) or to enlarge or modify the pretrial deadlines set forth in Circuit Court Rule 12 or any pretrial order; provided that this provision shall not prejudice the Mediator from requesting any accommodations or further orders in aid of the mediation.

7) **MEANINGFUL PARTICIPATION**: All parties are required to meaningfully participate in good faith in the mediation. It shall be a violation of this Order for any party (or their attorney or representative) to fail to comply with any reasonable request or instruction from the Mediator. The Mediator or the court may entertain a request for sanctions to be imposed against any party that violates this Order.

8) **MEDIATOR'S POWERS**: The Mediator shall have the following powers and authority:

a) to compel attendance of anyone with an interest in the outcome of the mediation or the subject action;

b) to hold and convene mediation sessions with the parties (or their representatives) and their counsel, in person, or by telephone, as the Mediator (not the parties) deems appropriate;

c) to issue sanctions against any party, their representative, or their attorney for any failure or violation that has (or could have) the effect of hindering the mediation process;

d) to arrange (through the 14th Division) to place the essential settlement terms on the court record;

e) to issue any order in aid of the mediation;

f) to serve as a liaison between the court and the parties with regard to the matter of settlement; and

g) any other power and authority that has been exercised by a mediator in Hawai`i.

The Mediator shall have the discretion whether or not to exercise any of the powers and authority enumerated hereinabove.

9) **<u>IMMEDIATE REVIEW OF MEDIATOR'S ORDERS</u>**: The parties may seek an immediate review by the undersigned of any order issued by the Mediator. Such review shall be made by written motion. The court will entertain, where appropriate, an ex parte motion to shorten time for a hearing on a motion to review an order issued by the Mediator. Any motion shall not stay the action or the mediation; <u>provided that</u>, the foregoing shall not prejudice or otherwise limit the power of the Mediator or the court to issue a stay of proceedings.

10) **<u>MEDIATOR'S CONFIDENTIAL REPORT</u>**: If the mediation does not result in a settlement of all claims of all parties, then the Mediator shall provide to the court a brief, confidential report addressing the following matters:

a) Identification of the settling parties and the non-settling parties.
b) The terms and conditions of any partial settlement.
c) The opening and final settlement positions of each non-settling party.
d) Summary of key developments during the mediation process.
e) Identification of existing obstacles to settlement.
f) Mediator's ideas regrding how a settlement could be achieved.

Unless otherwise ordered by the court, no copy of the confidential mediation report shall be provided to the parties under any circumstances.

The first plaintiff listed in the above party caption shall contact the Mediator within <u>three (3) working days</u> from the

date this Order is filed to provide the following information to the Mediator:

1) Name, address, telephone number, and facsimile number of all counsel and any pro se parties.

2) Trial/Arbitration date(s), if any.

3) Date(s) of any pending matters, including but not limited to motions, discovery events, or deadlines.

4) Summary of any significant orders in the case.

A copy of this Order shall be placed in the attorney's jacket for all counsel of record and shall be mailed to the address of record for any pro se party.

DATED: HONOLULU, HAWAI`I, NOV 7 2005.

JUDGE OF THE ABOVE-ENTITLED COURT

FIRST CIRCUIT COURT SEAL STATE OF HAWAII

Civil No. (First Circuit Court)
ORDER NO. 1 REGARDING MEDIATION

NOTICE SENT TO:

ARLEEN D. JOUXSON, ESQ.
RAFAEL G. DEL CASTILLO, ESQ.
JOUXSON-MEYERS & DEL CASTILLO
309 California Avenue, Suite 209
Wahiawa, HI 96786

Attorneys for Plaintiff

JOHN T. KOMEIJI, ESQ.
PATSY H. KIRIO, ESQ.
MICHAEL LORUSSO, ESQ.
WATANABE, ING, KAWASHIMA & KOMEIJI
First Hawaiian Center
999 Bishop Street, 23rd Floor
Honolulu, HI 96813

Attorneys for Defendant DELOITTE & TOUCHE LLP

JOHN S. NISHIMOTO, ESQ.
MICHAEL J. VAN DYKE, ESQ.
AYABE, CHONG, NISHIMOTO, SIA & NAKAMURA
1001 Bishop Street
Pauahi Tower, Suite 2500
Honolulu, HI 96813

Attorneys for Defendant DENNIS M. WARREN, ESQ.

KENNETH S. ROBBINS, ESQ.
DOUGLAS S. CHIN, ESQ.
LEIGHTON M. HARA, ESQ.
ROBBINS & ASSOCIATES
2200 Davies Pacific Center
841 Bishop Street
Honolulu, HI 96813

Attorneys for Defendants HAWAI'I PACIFIC HEALTH, KAPI'OLANI MEDICAL SPECIALISTS and KAPI'OLANI MEDICAL CENTER FOR WOMEN AND CHILDREN

CHARLES ROBERT CHING, ESQ.
55 Merchant Street, 27th Floor
Honolulu, HI 96813

Attorneys for Defendants HAWAI'I PACIFIC HEALTH, KAPI'OLANI MEDICAL SPECIALISTS and KAPI'OLANI MEDICAL CENTER FOR WOMEN AND CHILDREN

PATRICK H. JONES, ESQ.
SARAH O. WANG, ESQ.
MELANIE MITO MAY, ESQ.
MARR HIPP JONES & WANG
1001 Bishop Street, Suite 1550
Honolulu, H I 96813

Attorneys for Defendants HAWAI'I PACIFIC HEALTH, KAPI'OLANI MEDICAL SPECIALISTS and KAPI'OLANI MEDICAL CENTER FOR WOMEN AND CHILDREN

NOTICE OF ENTRY

The foregoing Order No. 1 Regarding Mediation in Civil No. 02-1-0090-01 (BIA) has been entered and copies thereof served on the above-identified parties by placing the same in their attorney's court jacket on November 7, 2005 .

[signature]
Clerk, Twenty-first Division