M part 1

KENNETH S. ROBBINS
LEIGHTON M. HARA
WENDY M. YAMAMOTO

John-Anderson L. Meyer, Law Clerk
Rose M.P. Carter, Paralegal
Sandra H. Hishinuma, Legal Assistant

ROBBINS & ASSOCIATES
ATTORNEYS AT LAW, A LAW CORPORATION
SUITE 2200, DAVIES PACIFIC CENTER
841 BISHOP STREET
HONOLULU, HAWAII 96813

TELEPHONE: (808) 524-2355
FACSIMILE: (808) 526-0290
defend@robbinsandassociates.net
FED. I.D. NO. 99-0175383

November 15, 2005

VIA HAND DELIVERY

The Honorable Patrick K.S.L. Yim
DISCOVERY MASTER
c/o Dispute Prevention & Resolution, Inc.
Suite 1155, Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813

Re: 04-0051-DM: Discovery Master of: Woodruff, et al. - and - Hawai`i Pacific Health, et al.

Dear Judge Yim:

I dictate this letter while out of the country. My reason for doing so is my receipt of Mr. del Castillo's letter to you, dated November 10, 2005, which was faxed to the hotel where I was staying at the time.

On July 21, 2005, you met with all counsel to resolve pending discovery disputes. Agreement was reached on all then-pending discovery issues, which we shared with you when you rejoined our conference. We concluded that session by agreeing to vacate the trial of this lawsuit, with which all counsel requested your assistance, if that proved to be necessary. Thereafter, Judge Ayabe met with all counsel and he agreed to continue trial of this case (which was scheduled to commence on October 3, 2005, with an expected end date of November 4, 2005) to June 6, 2006. At our discovery conference with you, it was agreed that we would accomplish as many depositions as we reasonably could between October 3, 2005, and November 4, 2005. It was also agreed that the depositions of Plaintiffs (Drs. Woodruff and Wilkinson) would proceed and conclude before depositions of Defendants commenced.

I volunteered to draft a letter to be signed by all counsel which confirmed the agreements we reached at the discovery conference, which, we discussed, would preclude the



necessity for you to issue an order. I transmitted a draft of that letter to all counsel, on July 26, 2005. A copy of that letter is attached as Exhibit "1." Messrs. Nishimoto and Komeiji communicated to me their approval thereto shortly thereafter. Despite several reminders along the way, I have not received a response from Plaintiffs' counsel.

Notwithstanding that, we agreed to proceed with 30(b)(6) depositions of non-parties and the depositions of Plaintiffs. After a number of phone calls and other communications to Plaintiffs' counsel in September, requesting available dates for Plaintiffs' depositions, we received proposed dates for those depositions the end of the first week of October. As I communicated to Plaintiffs' counsel at that time, I needed to know the schedule of Plaintiffs' depositions before I could schedule the depositions of my clients. In September, while awaiting Plaintiffs' counsels' proposed dates for their clients' depositions, I was in touch with my clients, advising them that I was projecting their depositions to be held in mid-October. That was before we received Plaintiffs' counsels' proposed schedule, indicating that the depositions of their clients would not conclude until the third week of October. The deposition of Dr. Wilkinson did not conclude until October 22, 2005, due to Dr. Wilkinson's schedule.

Notwithstanding these delays, between October 3, 2005, and November 4, 2005, we concluded 13 depositions, two of which took several days.

As November 4, 2005, approached, and we concluded the last of the 30(b)(6) depositions to be conducted during that time period, one of which was of an HPH employee, it became clear that we would not be able to conclude many of the depositions which we had hoped to conclude by November 4, 2005.[1] In that regard, I spoke with Mr. del Castillo to advise him of the fact that my next window of opportunity for conducting depositions in this case would follow my current trip. I also

---

[1] All counsel in Yick vs. St. Francis Medical Center, et al., First Circuit Civil No. 03-1-2442-12 (GWBC), in which you serve as Discovery Master, worked out, with your assistance, a deposition schedule to meet the fast-approaching discovery deadline of early November 2005, which preempted some of my availability for depositions in this lawsuit.

wish to add that this trip had been planned for some time and I did not interpose my current travel plans upon Plaintiffs' counsel as a "delay tactic".

Shortly before I left on my current trip, I told Mr. del Castillo I would advise him of my availability for continued depositions in this case.[2] In this regard, I attach hereto as Exhibit "2" to this letter a copy of my letter to Mr. del Castillo (without enclosure), which confirms our telephone conversation and sets forth my availability for continued depositions in this lawsuit. In the interim, I have transmitted a letter to all of my clients and related witnesses, advising them of the fact that they could expect to have their depositions taken in December or January. I enclose, in camera, a copy of my letter to my clients and employees of my clients in which I set forth likely time frames for their depositions, subject to their availability. As I claim attorney-client privilege over the contents of this letter, I ask that you kindly maintain confidentiality over the contents of this letter.

In view of all scheduling circumstances, I believe I am conducting myself reasonably as I work with other counsel to schedule the depositions of my clients and other witnesses. Accordingly, I respectfully submit that your intervention is not necessary with respect to scheduling those depositions.

Although all counsel agreed at our July 21, 2005, discovery meeting with you to not notice depositions arbitrarily (please see page 2, item No. 1 in Exhibit "1"), Plaintiffs' counsel have noticed two depositions of important witnesses without any consultation with any of their colleagues in this lawsuit. My office received these notices, attached as Exhibits "3" and "4" hereto, subsequent to my departure from Honolulu on my current trip.

I have asked my associate, Leighton Hara, to communicate directly with Mr. del Castillo and Ms. Jouxson-Meyers to ask if they would kindly take these deposition off calendar until I am available to participate in person. If by

---

[2] I did not tell Mr. del Castillo that I would propose specific dates for depositions of my clients.

the time you receive this letter Mr. del Castillo and Ms. Jouxson-Meyers have not so agreed, I would ask that you kindly order that those depositions and any depositions which Plaintiffs' counsel notice during my physical absence from the state of Hawaii be removed from the calendar.[3] As I suggested to Mr. del Castillo in Exhibit "2", I urge that you encourage all counsel to meet and confer to craft a deposition schedule for these and all other depositions.

In the letter I transmitted to Plaintiffs' counsel following the previous discovery conference which you conducted, attached hereto as Exhibit "1," I confirmed that we had agreed during that discovery conference that all counsel would treat each other in a civil and accommodating manner. As I am out of the country and do not have that letter in front of me, I may not be quoting it exactly, but I recall that we had agreed that all counsel would work together in scheduling depositions. I ask that all counsel reaffirm our commitment to work together in a collegial and cooperative manner as we work through our deposition schedule.[4]

With respect to deadlines in the federal case, we have discussed with Judge Ayabe the fact that the state case contains all parties and all issues, while the federal case contains only some of the parties and some of the issues. Accordingly, in a recent status conference which we conducted with Judge Ayabe, Judge Ayabe advised us the state court trial in this case, which is scheduled for June 6, 2006, is the only trial which Judge Ayabe has scheduled at that time. Judge Ayabe told us if another case is scheduled for that time frame, he will, in all likelihood, give priority to the trial of this lawsuit. Because civil cases in federal court are frequently bumped in favor of criminal trials, there is a high likelihood that the federal court trial, which is scheduled for May 23, 2006, will probably not go forward as scheduled. As we told Judge Ayabe and all counsel we would, our firm is now in the process of drafting a motion to dismiss or, in the alternative, stay, or in the

---

[3] It should be borne in mind that the discovery cut-off in this case is early April 2006.

[4] I have included a second, newly dated, copy of my July 26, 2005, letter signed by defense counsel and ask that you enter an Order imposing all conditions set forth in my July 26, 2005, letter.

alternative, to continue the trial of the federal court case, pending the trial of all issues and all parties in the state court action. If we file that motion prior to our Friday hearing, I will include a copy of that motion for your review to confirm our earnestness in proceeding as we have advised Judge Ayabe and all other counsel in this case, including Plaintiffs' counsel.[5]

I apologize for the length of this letter and for the number of pages of attachments, but I wish to set the record as straight as I possibly can with respect to the background and context within which Mr. del Castillo's requests and mine are pending before you.

As always, I appreciate and thank you for your assistance with respect to these issues.

Very truly yours,

for
Kenneth S. Robbins

KSR\05-0531
Enclosures

cc w/ encls. (Exhibits "1"-"4"):
Arleen D. Jouxson-Meyers, M.D., M.P.H., Esq.
Rafael G. del Castillo, Esq.
John T. Komeiji, Esq.
John S. Nishimoto, Esq.

[5] It should be noted that you are the Discovery Master in the state court case. Thus, any consideration of deadlines in the federal court case is outside the scope of your jurisdiction as our Discovery Master in the state court litigation. Plaintiffs' counsel have another tribunal to which they can turn to address deadlines in the federal litigation.

July 26, 2005

VIA FACSIMILE AND HAND DELIVERY

The Honorable Patrick K.S.L. Yim
DISCOVERY MASTER
c/o Dispute Prevention & Resolution, Inc.
Attn: Evelyn Johnson
Suite 1155, Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813

Re: 04-0051-DM: Discovery Master of: Woodruff, et al. – and – Hawai`i Pacific Health, et al.

Dear Judge Yim:

The instant letter sets forth the Parties' agreement concerning discovery and trial deadlines following the discovery conference which your Honor presided over on June 21, 2005 concerning the HPH Defendants' Motion for Protective Order and Plaintiffs' Motion for Protective Order concerning the depositions of Drs. Woodruff and Wilkinson. Subsequent to our meeting with your Honor on June 21, 2005, we engaged in extensive discussions which ultimately resulted in the Parties' agreement to postpone the current discovery deadlines and ultimately, to postpone the trial date, subject to approval by Judge Ayabe and Plaintiffs.

During our discussions, I agreed to draft a letter to your Honor detailing the specific agreements and concessions made on behalf of counsel for all Parties, who have reviewed and approved this final version. As all of the parties have agreed to the terms and conditions set forth below, we hereby request that your Honor recommend to Judge Ayabe that the trial be postponed to a reasonable date subject to the availability and mutual convenience of Judge Ayabe and the Parties to be discussed in further detail at the July 26, 2005 status conference with Judge Ayabe.

EXHIBIT 1

1) The parties agree that depositions will no longer be arbitrarily noticed. Pursuant to the agreement entered into on July 21, the parties shall henceforth contact and make reasonable efforts to coordinate all depositions noticed in the instant case for dates and times mutually convenient for all Parties.

2) The Parties agree to postpone all depositions of the Defendants and their current and former employees, agents, or representatives as presently noticed. Specifically, the depositions of Neal Winn, M.D., Roger Drue, Frances Hallonquist, Sherrel Hammar, M.D., Charles Sted, Dianne Fochtman, Sharon ON Leng, Rodney Boychuk, Lawrence O'Brien, and Dew-Anne Langcaon, as noticed in Plaintiffs' July 13, 2005 deposition notices. The depositions of Plaintiff Kelley Woodruff, M.D. and Robert Wilkinson, M.D. have also been postponed to dates and times which will be scheduled by the Parties.

3) The Parties agree to use reasonable efforts in securing the depositions of those individual parties and non-parties who reside outside the jurisdiction of this court.

4) Plaintiffs agree to withdraw the following discovery motions:

a) Plaintiffs' Motion in Limine to Preclude Defendants From Referring to, Eliciting Testimony on, or Offering Evidence Or Exhibits Drawing Upon Anything They Produce or Have Produced After June 5, 2005, filed July 11, 2005;

b) Plaintiffs' Motion to Strike Defendants Hawaii Pacific Health, Kapiolani Medical Specialists, Kapiolani Medical Center for Women and Children, Roger Drue, Frances A.

Hallonquist, Neal Winn, M.D. and Sherrel Hammar, M.D.'s Final Naming of Witnesses filed July 5, 2005, and To Exclude Their Witnesses' Testimony, filed July 11, 2005; and

c) Plaintiffs' Motion in Limine to Preclude Defendant Dennis Warren, Esq. From Calling Witnesses On His Final Naming of Witnesses Filed July 5, 2005, filed July 11, 2005.

5) Plaintiffs agree to determine whether they will seek to postpone the hearing on or withdraw Plaintiffs' First Motion for Partial Summary Judgment filed July 11, 2005 set for hearing on August 9, 2005 at 10:00 a.m.

6) HPH Defendants agree to produce all documents responsive to Plaintiffs' pending discovery requests by August 5, 2005.

7) The Parties agree that production of documents responsive to pending discovery requests will be completed by the August 31, 2005.

8) Depositions of Parties and their current and former employees, agents, or representatives will begin on October 3, 2005 and end on November 4, 2005. No depositions of the parties, their current and former employees, agents, or representatives will occur prior to October 3, 2005, subject to any exceptions described in section 11 infra.

9) Due to scheduling difficulties, the Parties agree to continue with the 30(b)(6) depositions of non-party deponents as currently scheduled.

10) The depositions of Plaintiff Kelley Woodruff, M.D., and Robert Wilkinson, M.D. will be taken after they have had sufficient time to review the documents produced by Defendants and prior to the

depositions of any of the Defendants or their former and current agents, employees, or representatives.

11) Plaintiffs will provide Defendants with a short list of witnesses, i.e. nurses working in the PAU unit, who may be deposed prior to Drs. Woodruff and Wilkinson upon approval by counsel for HPH Defendants. Additionally, the depositions of Pam Courtney and Kathleen Correia, employees of HPH Defendants, may be taken prior to the depositions of Drs. Woodruff and Wilkinson, at a time agreeable to counsel for HPH Defendants.

12) Plaintiffs will file a First Amended Pretrial Statement by August 12, 2005.

13) Defendants will file Responsive Pretrial Statements by September 12, 2005.

Very truly yours,

Kenneth S. Robbins

Agreed and approved:

______________________________
Arleen Jouxson-Meyers
Rafael del Castillo
Attorneys for Plaintiffs

______________________________
John S. Nishimoto
Michael J. Van Dyke
Attorneys for Defendant Dennis Warren

_______________________________

John T. Komeiji
Michael A. Lorusso
Karen Y. Arikawa
Attorneys for Defendant Deloitte & Touche, LLP

KSR\05-0335

cc: Arleen Jouxson-Meyers, Esq. (via fax)
Michael Van Dyke, Esq. (via fax)
Michael Lorusso, Esq. (via fax)

KENNETH S. ROBBINS
LEIGHTON M. HARA
WENDY M. YAMAMOTO

John-Anderson L. Meyer, Law Clerk
Rose M.P. Carter, Paralegal
Sandra H. Hishinuma, Legal Assistant

ROBBINS & ASSOCIATES
ATTORNEYS AT LAW, A LAW CORPORATION
SUITE 2200, DAVIES PACIFIC CENTER
841 BISHOP STREET
HONOLULU, HAWAII 96813

TELEPHONE: (808) 524-2355
FACSIMILE: (808) 526-0290
defend@robbinsandassociates.net
FED. I.D. NO. 99-0175383

November 4, 2005

Arleen D. Jouxson-Meyers, Esq.
Rafael G. del Castillo, Esq.
Jouxson-Meyers & del Castillo
Attorneys at Law, A Limited Liability Law Company
309 California Ave., Suite 209
Wahiawa, Hawaii 96786

John T. Komeiji, Esq.
Karen Y. Arikawa, Esq.
Watanabe, Ing & Komeiji
First Hawaiian Center
999 Bishop Street, Suite 23rd Floor
Honolulu, Hawaii 96813

John S. Nishimoto, Esq.
Michael J. Van Dyke, Esq.
Ayabe, Chong, Nishimoto, Sia & Nakamura
1001 Bishop Street
Pauahi Tower, Suite 2500
Honolulu, Hawaii 96813

Re: Kelley Woodruff, M.D. v. Hawaii Pacific Health, et al.; Civil No. 02-1-0090-01, First Circuit Court (BIA)

Dear Counsel:

Now that we have concluded our first round of depositions (13 in all with multiple sessions for Drs. Woodruff and Wilkinson), I think we should look ahead to identify additional days to continue our deposition schedule.

Rafael and I agree that we should conclude those depositions which we have started but have not concluded. Rafael has said he will contact Ryan Akamine to schedule the conclusion of the depositions of Robert Cooney, Ph.D., and Carl Vogel, M.D. Following the conclusion of those depositions, we can then take the depositions of other persons whom we wish to include on our deposition schedule.

My availability for depositions in the foreseeable future is as follows: Wednesday, November 30; Thursday, December 1; Monday, December 5; Tuesday, December 6; Friday, December 9; Monday, December 12 (after 10:00 a.m.); Tuesday,

EXHIBIT 2

December 13; Wednesday, December 14; Thursday, December 15; Monday, December 19; Tuesday, December 20 (after 10:30 a.m.); Wednesday, December 21 (in the morning); Thursday, December 22; Wednesday, December 28; and Thursday, December 29.

I suggest that we set up another calendar grid as we did for the month of October.

I enclose our Responses to Requests for Admissions. Please note that Request No. 43 has not been filled in totally as I have not yet been able to ascertain from all of my clients their individual responses to that request. I have, however, admitted No. 43 on behalf of Dr. Winn and KMS. We will update that response as soon as we have received feedback from the remainder of our individual clients.

As we have discussed in our conferences with Judge Yim, there was a lengthy hiatus with respect to all discovery which was stayed during the protracted mediation process and having to break down each response for each of our clients has necessitated a lengthier response period than would ordinarily be the case. Additionally, our mainland clients have been difficult to reach, particularly when one of them has been sailing on the high seas.

I apologize for the delay in responding to the requests, but inasmuch as we have not begun the depositions of any HPH defendants, there has been no prejudice to any of the parties.

I have been in touch with Roger Drue who advised me some weeks ago that he can probably be available during the first week of December in Honolulu for his deposition. I will see whether our other mainland clients can come to Hawaii in that approximate time period. Needless to say, we will require more lead time in scheduling the depositions of our clients who are now on the mainland than we will with clients and employees who are in Honolulu. I suggest that we attempt to schedule my mainland clients first (Roger Drue, Fran Hallonquist and Larry

O'Brien), and then fill in remaining dates with my Honolulu-based clients or with other defendants, such as Dennis Warren and Deloitte & Touche employees/former employees.

John Nishimoto and I begin a trial on January 9, which will probably end in early February. I cannot participate in depositions in this case during that trial. I have another trial starting in federal court on February 14 which has a 50/50 chance of settling. If that case is settled, I suggest that we resume depositions in mid-February through mid-March, when I begin another trial. Hopefully, we will be able to conclude all depositions in this case by the beginning of the third week of March, as our discovery cut-off in the state court case is April 6, 2006.

As I have advised you, I leave for the mainland this weekend and cannot be in touch with you again until Thanksgiving week. We have agreed that we will not notice any depositions until I am available to be present for them.

I look forward to hearing from Rafael and Arleen with respect to their meeting with David Fairbanks. As we have discussed among ourselves and with Judge Ayabe, I think it is a good idea for us to pencil in some mediation dates now to make certain that they are available at the conclusion of the most important depositions in this case.

Thank you.

Very truly yours,

Kenneth S. Robbins

KSR\05-0503
Enclosure

ARLEEN D. JOUXSON-MEYERS 7223-0
ajouxson@physicianslawfirm.com
RAFAEL G. DEL CASTILLO 6909-0
rdelcastillo@physicianslawfirm.com
JOUXSON-MEYERS-MEYERS & DEL CASTILLO
Jouxson-Meyers & del Castillo
A Limited Liability Law Company
302 California Ave., Suite 209
Wahiawa, Hawai`i 96786
Telephone: (808)621-8806; Fax: (808)422-8772

Attorneys for Plaintiffs
Kelley Woodruff, M.D. and
Hawaii Children's Blood and Cancer Group

1ST CIRCUIT COURT
STATE OF HAWAII
FILED

2005 NOV 10 AM 9:22

M.N. TANAKA
CLERK

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| KELLEY WOODRUFF, M.D. and HAWAII CHILDREN'S BLOOD AND CANCER GROUP,<br><br>Plaintiffs,<br><br>vs.<br><br>HAWAI`I PACIFIC HEALTH; KAPI`OLANI MEDICAL SPECIALISTS; KAPI`OLANI MEDICAL CENTER FOR WOMEN AND CHILDREN; ROGER DRUE; FRANCES A. HALLONQUIST; NEAL WINN, M.D.; SHERREL HAMMAR, M.D.; DELOITTE & TOUCHE LLP; DENNIS M. WARREN, ESQ.; JOHN DOES 1-99; JANE DOES 1-99; DOE ENTITIES 1-20; AND DOE GOVERNMENTAL UNITS 1-10,<br><br>Defendants. | Civil No. 02-1-0090-01 (BIA)<br>(Other Civil Action)<br><br>PLAINTIFFS' NOTICE OF DEPOSITION; NOTICE TO PRESERVE AND RETAIN EVIDENCE; SCHEDULE 1; CERTIFICATE OF SERVICE<br><br>[Deponent: Jeri Leong] |

PLAINTIFFS' NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that, pursuant to H.R.C.P. Rules 30(b)(6) and 45, Plaintiffs Kelley Woodruff, M.D. and Hawaii Children's Blood and Cancer Group will take the deposition(s) upon oral examination of Jeri Leong, to be recorded by stenographic



means and videotape, at the offices of Ralph Rosenberg Court Reporting, Inc., 1001 Bishop Street, Suite 2460, Honolulu, Hawaii 96813 (telephone (808) 524-2090), on **November 21, 2005 at 9:00 a.m.** Said deposition may be used for all purposes permitted under the Hawaii Rules of Civil Procedure and the Federal Rules of Civil Procedure.

Deponent Jeri Leong is requested to designate one or more 30(b)(6) witnesses who is(are) knowledgeable and fully prepared to testify on behalf of Plaintiffs on the matters and topics identified in Schedule 1 attached hereto. You are advised that, upon receipt of proof of service of this Notice, the Clerk of the First Circuit Court shall issue a Subpoena Duces Tecum, which Plaintiffs will duly serve upon you with the fees for one day's attendance and the mileage allowed by law, pursuant to Rule 45 of the Hawai`i Rules of Civil Procedure. Your designated witness(es) shall thus be required to bring with him/her/them and produce at his/her/their deposition(s) the records and/or documents more particularly described in said Subpoena Duces Tecum.

Dated: Honolulu, Hawai`i, November 9, 2005

ARLEEN D. JOUXSON
RAFAEL G. DEL CASTILLO

Attorneys for Plaintiff
Kelley Woodruff, M.D. and
Hawaii Children's Blood and Cancer Group

ARLEEN D. JOUXSON-MEYERS 7223-0
ajouxson@physicianslawfirm.com
RAFAEL G. DEL CASTILLO 6909-0
rdelcastillo@physicianslawfirm.com
JOUXSON-MEYERS-MEYERS & DEL CASTILLO
Jouxson-Meyers & del Castillo
A Limited Liability Law Company
302 California Ave., Suite 209
Wahiawa, Hawai`i 96786
Telephone: (808)621-8806; Fax: (808)422-8772

Attorneys for Plaintiffs
Kelley Woodruff, M.D. and
Hawaii Children's Blood and Cancer Group

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| KELLEY WOODRUFF, M.D. and HAWAII CHILDREN'S BLOOD AND CANCER GROUP, | Civil No. 02-1-0090-01 (BIA) (Other Civil Action) |
| Plaintiffs, | NOTICE TO PRESERVE AND RETAIN EVIDENCE |
| vs. | [To: Rule 30(b)(6) Deponent Jeri Leong] |
| HAWAI`I PACIFIC HEALTH; KAPI`OLANI MEDICAL SPECIALISTS; KAPI`OLANI MEDICAL CENTER FOR WOMEN AND CHILDREN; ROGER DRUE; FRANCES A. HALLONQUIST; NEAL WINN, M.D.; SHERREL HAMMAR, M.D.; DELOITTE & TOUCHE LLP; DENNIS M. WARREN, ESQ.; JOHN DOES 1-99; JANE DOES 1-99; DOE ENTITIES 1-20; AND DOE GOVERNMENTAL UNITS 1-10, | |
| Defendants. | |

NOTICE TO PRESERVE AND RETAIN EVIDENCE

Please take Notice that Plaintiffs Kelley Woodruff, M.D. and Hawaii Children's Blood and Cancer Group are requesting pursuant to H.R.C.P. Rule 45 that the Clerk of the First Circuit Court, State of Hawai`i issue a Subpoena Duces Tecum to Jeri

Leong for evidence generally pertaining to the following matters and topics in the above-captioned pending litigation, to be produced at the oral deposition(s) of Jeri Leong's designated witness(es):

1. **Pediatric hematology-oncology.**

2. **Hawai`i Pacific Health or any of its subsidiaries or affiliates, including Kapi`olani Medical Specialists and Kapi`olani Medical Center for Women & Children, or any of their respective employees.**

3. **Hawaii Children's Blood and Cancer Group**

4. **Robert W. Wilkinson, M.D.**

5. **Kelley A. Woodruff, M.D.**

6. **Competition in health care services.**

7. **Comparative rates.**

8. **Compensability of services provided by advanced practice nurse practitioners.**

Please take notice that any inadvertent or intentional destruction of any evidence pertaining to the foregoing may prejudice or Plaintiffs' ability to prove their case. Plaintiffs thus request that you 1) temporarily suspend routine document retention/destruction policies immediately, and instruct employees and any affected agents or independent contractors potentially possessing or having any access to or any contact with materials containing the information Plaintiffs are seeking, that they are not to destroy or delete potentially relevant material and are to segregate such material into separate files; and 2) arrange for the segregation and safeguarding of any archival media (e.g., backup tapes) that may contain any such evidence. You are further requested to periodically remind employees and any affected agents or independent contractors of the

continuing duty to preserve and retain the requested materials until such time as they are advised otherwise.

You are requested to insure that your preservation efforts include, but are not limited to:

1. All media of any kind containing electronic or print communications or documents, including any drafts of documents, and records of any kind pertaining to any meetings, including communications about such meetings, presently in existence or archived or otherwise stored on any media, including media containing an annual backup of the 2003 and 2004 calendar years, as well as daily, weekly, bi-weekly, semimonthly, monthly, and quarterly backups, or any special or non-routine back-ups containing such electronic information, records, or data (special or non-routine backups include any back-ups made other than in the ordinary course of business whether due to system upgrade, transition planning, system migration, disaster recovery planning, Y2K testing, or any other reason), and all media that potentially contains electronic information or records or data pertaining to the matters and topics listed above.

2. All current or legacy software and hardware necessary to access, manipulate, print, etc., potentially discoverable electronic information, records, or data set forth in the foregoing paragraph 1, that either is "live" or has been archived or backed up.

In addition to preserving and retaining documents, you are requested to preserve and retain intact all of the potentially discoverable electronic data. "Preservation" is to be interpreted broadly to accomplish the goal of maintaining the integrity of electronic records, information, data, and the media and hardware containing upon which such records, information, and data are stored or are accessed. Preservation shall include taking reasonable steps to prevent the partial or full destruction, alteration, testing, deletion, shredding, incineration, wiping, relocation, migration, theft, or mutation of such material,

as well as negligent or intentional handling that would make material incomplete or inaccessible.

Dated: Honolulu, Hawai`i, November 9, 2005

ARLEEN D. JOUXSON
RAFAEL G. DEL CASTILLO

Attorneys for Plaintiffs
Kelley Woodruff, M.D. and
Hawaii Children's Blood and Cancer Group