IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII CHILDREN'S BLOOD AND CANCER GROUP, | ) CIVIL NO. CV03-00708 SOM-LEK<br>) (Other Civil Action)<br>)<br>) DECLARATION OF JOHN T.<br>) KOMEIJI |
| Plaintiff, | |
| vs. | |
| HAWAI`I PACIFIC HEALTH; KAPI`OLANI MEDICAL SPECIALISTS; KAPI`OLANI MEDICAL CENTER FOR WOMEN AND CHILDREN, | |
| Defendants. | |

DECLARATION OF JOHN T. KOMEIJI

I, JOHN T. KOMEIJI, make the following declaration on personal knowledge and am competent to testify to the matters stated therein.

1. I am an attorney licensed to practice before all courts in the State of Hawaii.

2. I make this Declaration on personal knowledge of the facts set forth in this Declaration and am competent to testify to the matters stated therein.

3. I am the principal attorney for Deloitte & Touche LLP ("Deloitte"), a named Defendant in a pending State Circuit Court lawsuit before the Honorable Bert I. Ayabe entitled Kelley Woodruff, M.D. and Hawaii

<u>Children's Blood and Cancer Group v. Hawaii Pacific Health; Kapiolani Medical Specialists; Kapiolani Medical Center for Women and Children; Roger Drue; Frances A. Hallonquist; Neal Winn, M.D.; Sherrel Hammar, M.D.; Deloitte & Touche LLP; Dennis M. Warren, Esq., et al.</u>; Civil No. 02-1-0090-01 (BIA) ("State Court Lawsuit").

4. Deloitte was not originally a party to the State Court Lawsuit and was only named after the State Court granted Plaintiffs' Motion to Certify Deloitte & Touche and Dennis Warren as Doe Defendants as reflected by that Minute Order dated July 17, 2003.

5. On September 10, 2003, Kelley A. Woodruff, M.D. ("Dr. Woodruff") filed a First Amended Complaint naming Deloitte as a Defendant in the State Court Lawsuit.

6. On February 17, 2005, Dr. Woodruff filed a Second Amended Complaint in the State Court Lawsuit, again naming my client as a Defendant, but also adding the Hawaii Children's Blood and Cancer Group ("HCBCG") as a Plaintiff and including additional claims against Deloitte including conspiracy to commit anti-trust violations with the HPH Defendants.

7. Robert Wilkinson, M.D. and Dr. Woodruff have alleged during their depositions, noticed in the State Court Lawsuit, that Deloitte's former employees, Kenneth Blickenstaff and Carmen Wolf, were inaccurate in their

2

investigation of the Pediatric Ambulatory Unit ("PAU") physician billing practices at Kapiolani Medical Center for Women and Children.

8. Plaintiffs thus allege that Deloitte participated in certain defamatory acts related to the Voluntary Disclosure Statement ("VDS"), the apparent basis for HCBCG's antitrust claims.

9. I, or someone from my firm, have actively participated in the depositions of various party and non-party witnesses, all of which have been noticed in the State Court Lawsuit.

10. Neither Deloitte, nor any of its current or former employees, have been named as parties to the instant Federal Court Action involving HCBCG and the HPH Defendants.

11. Mr. Blickenstaff and Ms. Wolf currently reside in the Midwestern region of the continental United States.

12. Mr. Blickenstaff and Ms. Wolf are currently self-employed as consultants and conduct a majority of their consulting business in the eastern half of the continental United States.

13. It is likely that Mr. Blickenstaff and Ms. Wolf will be required to travel to Hawaii for their depositions and for the trial in the State Court Lawsuit.

14. In fact, the depositions of Mr. Blickenstaff and Ms. Wolf have been tentatively scheduled for January 23 and 24, 2006, subject to scheduling confirmation.

15. I am informed and of the belief that if the Federal Court Action proceeds to trial, Mr. Blickenstaff and Ms. Wolf will be called to testify therein.

16. If forced to return to the State of Hawaii for further depositions and/or multiple appearances in both State and Federal Court, Mr. Blickenstaff and Ms. Wolf will suffer significant personal, professional and financial hardship for each day that they are unable to tend to their client matters on the mainland.

17. If the Federal Court Action proceeds, it is also likely that someone from my firm will need to participate and/or observe the entire action since there is such duplicity of claims in the State and Federal actions that any substantive ruling in the Federal Court Action may adversely affect Deloitte and/or expose Deloitte to civil liability in the concurrent State Court Lawsuit.

18. Moreover, since neither Deloitte, Mr. Blickenstaff, nor Ms. Wolf are parties to the Federal Court Action where the antitrust issues will be adjudicated, none of them will have the opportunity to present evidence or defend against Plaintiffs' allegations in the federal forum, and will therefore suffer extreme prejudice as a result.

19.   On October 27, 2005 and December 8, 2005, I participated in status conferences with Judge Ayabe and all counsel wherein the Federal Court stay and State Court Lawsuit trial deadlines were discussed.

20.   At said status conferences, Judge Ayabe noted that the May 23, 2006 Federal Court trial date is only two weeks before the June 5, 2006 trial date in the State Court Lawsuit and therefore it would make sense to proceed with only one trial in either State or Federal Court.

21.   Judge Ayabe also said that there is a high likelihood that the State Court Lawsuit will proceed to trial as scheduled because it is the only case scheduled for trial during the time period in question.

I declare under penalty of law that the foregoing statements are true and correct.

DATED: Honolulu, Hawaii, _____JAN 10 2006_____.


_____
JOHN T. KOMEIJI


Civil No. CV03-00708 SOM-LEK; Hawaii Children's Blood and Cancer Group v. Hawai`i Pacific Health, et al.; DECLARATION OF JOHN T. KOMEIJI

5