

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII CHILDREN'S BLOOD AND CANCER GROUP, | CIVIL NO. CV03-00708 SOM-LEK (Other Civil Action) |
| Plaintiff, | DECLARATION OF JOHN S. NISHIMOTO |
| vs. | |
| HAWAI`I PACIFIC HEALTH; KAPI`OLANI MEDICAL SPECIALISTS; KAPI`OLANI MEDICAL CENTER FOR WOMEN AND CHILDREN, | |
| Defendants. | |

## DECLARATION OF JOHN S. NISHIMOTO

I, JOHN S. NISHIMOTO, make the following declaration on personal knowledge and am competent to testify to the matters stated therein.

1. I am an attorney licensed to practice in all courts in the state of Hawaii.

2. I make this declaration on personal knowledge of the facts set forth in this declaration and am competent to testify to the matters stated therein.

3. I am the principal attorney for Dennis M. Warren, Esq. ("Mr. Warren") who is a named Defendant in a pending Circuit Court lawsuit before the Honorable Bert I. Ayabe, entitled <u>Kelley Woodruff, M.D. and Hawaii</u>

<u>Children's Blood and Cancer Group v. Hawaii Pacific Health; Kapiolani Medical Specialists; Kapiolani Medical Center for Women and Children; Roger Drue; Frances A. Hallonquist; Neal Winn, M.D.; Sherrel Hammar, M.D.; Deloitte & Touche LLP; Dennis M. Warren, Esq., et al.</u>; Civil No. 02-1-0090-01 (BIA).

   4. My client, Mr. Warren, was not originally a party to the State court action and was named after the court granted Plaintiffs' Motion to Certify Deloite & Touche and Dennis Warren as Doe Defendants as reflected by that Minute Order dated July 17, 2003.

   5. On September 10, 2003, Kelley A. Woodruff, M.D. ("Dr. Woodruff") filed a First Amended Complaint naming my client as a Defendant in state court.

   6. On February 17, 2005, Dr. Woodruff filed a Second Amended Complaint in state court, in which my client was included as a Defendant and added HCBCG as a Plaintiff and included numerous additional claims against my client, such as conspiracy to commit anti-trust violations with the HPH Defendants.

   7. Plaintiff Robert Wilkinson, M.D. has testified in his deposition, noticed in the State Court lawsuit, that my client allegedly participated in defamatory acts which forms the basis of HCBCG's antitrust claims.

2

8. I, or someone from my firm, have actively participated in the depositions of various party and non-party witnesses, all of which have been noticed in the State Court Lawsuit.

9. Mr. Warren is not, and has not been, a party to the Federal Court action involving HCBCG and the HPH Defendants.

10. Mr. Warren is a resident of the State of California and is a licensed attorney practicing in the State of California.

11. Mr. Warren is the principal of his law practice, whose name is Law Offices of Dennis M. Warren, A Professional Corporation.

12. It is likely that Mr. Warren will travel to Hawaii for his deposition as well as for the trial in the State Court action.

13. The deposition of my client in the State Court lawsuit is tentatively scheduled for March 3, 2006, pending scheduling confirmation.

14. Mr. Warren will suffer personal and professional hardship for each day he cannot tend to his law practice in California.

15. If forced to return to the State of Hawaii for further depositions and/or multiple appearances in both the State and Federal Court, Mr. Warren will suffer further personal and professional hardship for each day he cannot tend to his law practice in California.

16. If the federal action proceeds, it is likely that someone from my firm will need to participate and/or observe during its duration since there is such duplication of claims in both the State and Federal actions that any substantive ruling in the federal action may adversely affect Mr. Warren and/or expose him to civil liability in the concurrent State Court Lawsuit.

17. As Mr. Warren is not a party to the federal action, where antitrust issues will be adjudicated, Mr. Warren, as a non-party, will not have an opportunity to present evidence or defend against Plaintiffs' allegations in the federal forum and will therefore suffer extreme prejudice as a result.

18. On October 27, 2005 and December 8, 2005, I participated in status conferences with Judge Ayabe and all counsel, wherein the Federal Court stay and subsequent State Court lawsuit trial deadlines were discussed.

19. At the October 27, 2005 and December 8, 2005 status conferences, Judge Ayabe noted that the May 23, 2006 Federal Court trial date is only two weeks prior to the June 5, 2006 trial date in the State Court lawsuit and that it would make sense to have only one trial in either State or Federal Court.

20. Judge Ayabe also said that there is a high likelihood that the State Court Lawsuit will proceed to trial as scheduled because it is the only case he has scheduled for trial during the time period in question.

I declare under perjury of law that the foregoing statements are true and correct.

DATED: Honolulu, Hawaii, _____JAN 10 2006_____.

_____
JOHN S. NISHIMOTO

Civil No. CV03-00708 SOM-LEK; <u>Hawaii Children's Blood and Cancer Group v. Hawai`i Pacific Health, et al.</u>; DECLARATION OF JOHN S. NISHIMOTO