THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII CHILDREN'S BLOOD AND CANCER GROUP,<br><br>Plaintiff,<br><br>vs.<br><br>HAWAI`I PACIFIC HEALTH; KAPI`OLANI MEDICAL SPECIALISTS; KAPI`OLANI MEDICAL CENTER FOR WOMEN AND CHILDREN,<br><br>Defendants. | CIVIL NO. CV03-00708 SOM-LEK<br>(Other Civil Action)<br><br>DECLARATION OF KENNETH S. ROBBINS |

## DECLARATION OF KENNETH S. ROBBINS

I, KENNETH S. ROBBINS, make the following declaration on personal knowledge and am competent to testify to the matters stated therein.

1. I am an attorney licensed to practice in all courts in the state of Hawaii.

2. I make this declaration on personal knowledge of the facts set forth in this declaration and am competent to testify to the matters stated therein.

3.  I am the principal attorney for Defendants Hawai`i Pacific Health, Kapi`olani Medical Specialists, and Kapi`olani Medical Center for Women and Children ("HPH Defendants") in the above-captioned matter.

4.  Good cause exists in which to grant the instant ex parte motion to shorten time, as expert witness reports in this action are due on February 6, 2006 for Plaintiff HCBCG and thirty (30) days thereafter for HPH Defendants.

5.  The issues presented in HPH Defendants' Renewed Motion to Dismiss, or In the Alternative, to Stay Proceedings Pending Resolution of the Concurrent State of Hawaii Circuit Court Case, or to Continue Trial ("Motion to Dismiss") are dispositive of Plaintiff HCBCG's federal lawsuit, which is subsumed by a concurrent action involving HCBCG and additional parties in the Circuit Court of the First Circuit, State of Hawaii.

6.  Counsel for Plaintiff, Rafael del Castillo, Esq., has been on notice that HPH Defendants intended to renew their motion premised upon the duplicate state court proceeding.

7.  During an October 27, 2005 status conference with Judge Ayabe and the parties in the state case, I informed Mr. del Castillo that the HPH Defendants intended to renew their motion to dismiss in the federal action.

8. On November 18, 2005, I spoke with Mr. del Castillo immediately following a hearing on discovery issues in the state case, where I again told him that I would be filing a motion to dismiss, stay or continue the federal trial.

9. During a December 8, 2005 status conference with Judge Ayabe, I again informed the parties, including Mr. del Castillo, that the HPH Defendants would be renewing their motion to dismiss the federal claim.

10. As Plaintiffs' counsel have been aware of HPH Defendants' intention to file the instant motion for at least two months, they will not suffer prejudice as a result of an expedited hearing.

11. Presently with two concurrent proceedings in state and federal court, the parties to the federal action are subject to competing and conflicting discovery schedules as there are no deadlines for expert reports in the state action.

12. Plaintiff's counsel has expressed concern about the federal expert report deadlines and has already sought my agreement to extend the federal expert report deadlines. See also Second Stipulation and Order Extending Time for the Parties to Submit the Written Reports of Their Experts filed herein on October 28, 2005.

13. A ruling on the motion will alleviate the parties' concerns about conflicting federal discovery deadlines which are inapplicable to the state court action.

14. Deloitte & Touche ("Deloitte") and Dennis Warren, Esq. ("Warren") are non-parties in this action but are named defendants in the state court action.

15. In the concurrent state court action, plaintiffs have alleged that the Deloitte and Warren defendants have participated in anti-trust activity which harmed Plaintiff HCBCG.

16. As counsel for Plaintiff HCBCG has been placed on notice that HPH Defendants intended to file a dispositive motion based on the federal court abstention, Plaintiff will not be unduly prejudiced by an advanced hearing date.

17. As the issues presented in the instant federal action are identical to those before the state tribunal, the Deloitte and Warren parties will likely have to participate in two concurrent trials.

18. HPH Defendants, and non-parties Deloitte and Warren, would be prejudiced by being forced to participate in a concurrent federal jury trial on the merits of the case premised upon HCBCG's anti-trust claims and Dr. Woodruff's alleged injuries.

19. On behalf of my clients, I respectfully request that this Court set Defendants Hawai`i Pacific Health, Kapi`olani Medical Specialists and Kapi`olani Medical Center for Women and Children's Renewed Motion to Dismiss, or In the Alternative, to Stay Proceedings Pending Resolution of the Concurrent State of Hawaii Circuit Court Case, or to Continue Trial for hearing at the earliest practicable date.

I declare under penalty of law that the foregoing statements are true and correct.

DATED: Honolulu, Hawaii,    JAN 10 2006

_____
KENNETH S. ROBBINS

Civil No. CV03-00708 ACK LEK; <u>Hawaii Children's Blood and Cancer Group v. Hawai`i Pacific Health, et al.</u>; DECLARATION OF KENNETH S. ROBBINS