IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Hawaii Children's Blood and Cancer Group,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Hawai`i Pacific Health; Kapi`olani Medical Specialists; Kapi`olani Medical Center for Women and Children,<br><br>　　　　Defendants. | ) Civil No. CV 03-00708 SOM/LEK<br>)<br>) MEMORANDUM OF POINTS AND<br>) AUTHORITIES<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) TRIAL:　May 23, 2006<br>)　　　　　　9:00 a.m. |

MEMORANDUM OF POINTS AND AUTHORITIES

　　This Motion is before this Court in response to Defendants' untimely attempt to renew their Motion to Dismiss or Stay this case pending the outcome of the trial in the Honorable Bert I. Ayabe's courtroom in the First Circuit Court of the State of Hawai`i. This Court imposed December 21, 2005 as the deadline for dispositive motions in its Amended Rule 16 Scheduling Order dated July 19, 2005. *See* Exhibit 1. Defendants expressly acknowledged Exhibit 1 at page 7 of the Memorandum in Support of their Renewed Motion, but they failed to move for an order amending the schedule before submitting their Renewed Motion, or to otherwise request leave to file a dispositive motion three weeks after the deadline. The Renewed Motion should be stricken because Defendants failed to offer any

cause—let alone "good cause"—for failing to comply with the deadline before or contemporaneous with filing their Renewed Motion; and because they cannot make the required showing that they could not meet the deadline despite reasonable diligence as all of the facts and circumstances Defendants cite in the Renewed Motion were within their knowledge or at least their ability to ascertain before the dispositive motion deadline. The deadline stands unless amended by this Court for good cause:

> Rule 16(b), Federal Rules of Civil Procedure, provides that a Scheduling Order "shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." The "good cause" standard is an exacting one, for it demands a demonstration that the existing schedule "cannot reasonably be met despite the diligence of the party seeking the extension." Rule 16(b), Federal Rules of Civil Procedure, Advisory Committee Notes - 1983 Amendment; *see also, Julian v. Equifax Check Services, Inc.*, 178 F.R.D. 10, 16 (D. Conn. 1998). It hardly bears mention, therefore, that "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Nor does the question of good cause turn on the existence or absence of prejudice to the non-moving party. *Luigino's, Inc. v. Pezrow Cos.*, 178 F.R.D. at 525.
>
> In sum, Rule 16(b) assures that "[a] judge's scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985). As unwieldy caseloads, and congested Court calendars, continue to plague the practical utility of Federal Court litigation, "scheduling orders have become increasingly critical to the district court's case management responsibilities," *Luigino's, Inc. v. Pezrow Cos.*, 178 F.R.D. at 525, and the capacity of such Orders to sensibly advance litigation to the point of Trial must be responsibly preserved. The accessibility of the Courts would have no

2

> particular societal benefit if the actions so filed were not able to be timely brought to Trial. This fundamental truth, clearly articulated in HN3Rule 1, Federal Rules of Civil Procedure, underscores the focus of Rule 16(b) on the diligence of the party seeking to modify a Scheduling Order, as opposed to the litany of lame excuses, inclusive of inadvertence and neglect, which commonly undergird an untimely Motion to Amend. *See, Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418-19 (10th Cir. 1998); *Johnson v. Mammoth Recreations*, 975 F.2d at 609.

*Archer Daniels Midland Co. v. Aon Risk Servs.*, 187 F.R.D. 578, 582 (D. Minn. 1999).

The circumstances presented by Defendants' Renewed Motion are similar to those presented by the untimely counter-motion for summary judgment in Judge Kay dismissed *Doe v Haw. Dep't of Educ.*, 351 F. Supp 2d 998, 1006-07 (D. Haw. 2004), reconsideration den, request den. 351 F Supp 2d 1021, (D. Haw. 2004), costs/fees proceeding, motion gr, request den, motion to strike den 2005 US Dist LEXIS 4657(D.C. Haw. 2005). The plaintiffs in *Doe v. Hawaii* filed a counter-motion for summary judgment, after the deadline for dispositive motions, along with their opposition in response to the defendants' motion for summary judgment. *Id.* Defendants moved to dismiss the counter-motion. The defendants in *Doe v. Hawaii* had filed their motion for summary judgment on the original dispositive motion deadline of June 12, 2002. *Id.* The case was stayed, however, in order for the Ninth Circuit to review the District Court's decision on one defendant's qualified immunity. *Id.* at 1007. The court subsequently filed an Amended scheduling order establishing July 9, 2003 as the deadline for dispositive

3

motions. The plaintiffs subsequently filed their counter-motion on December 18, 2003, without explanation for their untimely filing. *Id.* at 1007.[1]

Judge Kay cited *Johnson*, 975 F.2d 604, 608 (the case cited multiple times in *Archer Daniels Midland Co.*), in which the appellate court had observed that the scheduling order controls the subsequent course of the litigation unless modified by the court. *Doe v. Hawaii*, 351 F. Supp 2d at 1007. Judge Kay quoted *Johnson*: "Orders entered before the final pretrial conference may be modified upon a showing of 'good cause.'" *Id.* Judge Kay found that the plaintiffs had not shown the diligence required to meet the good cause standard of Rule 16 because they already knew the arguments they used in their counter-motion before the new dispositive motion deadline of July 9, 2003 was set, were aware of the dispositive motions deadline, and failed to seek an amendment of the scheduling order. *Id.*

Noting that the plaintiffs had not explained their untimely filing, Emphasizing the point, Judge Kay further quoted the warning stated in *Johnson*:

> A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." . . . Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier. Rule 16 was drafted to prevent this

---

[1] The plaintiffs relied on Local Rule 7.9, which allows a party to file a counter-motion along with an opposition. The court in *Doe v. Hawaii* noted that counter-motions filed pursuant to Local Rule 7.9 were still subject to the Rule 16 deadline. *Id.* at 1007.

4

situation and its standards may not be short-circuited. . . .

*Doe v. Hawaii*, 351 F. Supp 2d at 1007.

The arguments and exhibits on which Defendants in this matter have based their Renewed Motion show that they were aware of all the facts prior to December 21, 2005, like the plaintiffs in *Doe v. Hawaii*. All of the exhibits to the Renewed Motion are dated prior to December 21, 2005. Accordingly, Defendants cannot show that they were unable to comply with the deadline through reasonable diligence, as the facts were known to them before December 21, 2005. Likewise, Defendants in this matter expressly referenced the Amended Scheduling Order as they referenced it on page 7 of the Motion in Support of the Renewed Motion, so they were on notice as to the dispositve motions deadline.

Lastly, Defendants failed to seek an amendment of the dispositive motions deadline or to request leave to file the Renewed Motion after the date. In *Hodge by Skiff v. Hodge*, the defendant filed a motion to dismiss approximately three weeks after deadline. 66 F. Supp. 2d 342, 343-344 (D.N.Y. 1998). The court in *Hodge* denied defendant's motion :

> Fatal to defendant's motion is that the Scheduling Order was not amended, and defendant did not seek leave of court to raise issues regarding personal jurisdiction after the time permitted under the Scheduling Order. Thus, defendant's motion to dismiss plaintiff's complaint for lack of personal jurisdiction is denied.

*Id.*

Lastly, Defendants failed to seek an amendment of the dispositive motions deadline or to request leave to file the Renewed Motion after the date, and thus are due no further consideration. Judge Ezra also cited *Johnson* in dismissing an untimely-filed counter-motion for summary judgment:

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension" . . . the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.

*United States ex rel. IBM v. Hartford Fire Ins. Co.*, 112 F. Supp. 2d 1023, 1028 (D. Haw. 2000)(*citing Johnson*, 975 F.2d at 609). Defendants in this case cannot possibly meet the standard set by the court in *Johnson*. Accordingly, this Court should issue an order striking or dismissing Defendants' Renewed Motion.

## CONCLUSION AND RELIEF REQUESTED

For all of the foregoing reasons, Plaintiff requests an order striking or dismissing Defendants Hawai`i Pacific Health, Kapi`olani Medical Specialists, and Kapi`olani Medical Center for Women and Children's Renewed Motion To Dismiss, Or In The Alternative, To Stay Proceedings Pending Resolution Of The Concurrent State Of Hawaii Circuit Court Case, Or To Continue Trial, filed January 11, 2006 (hereinafter, the "Renewed Motion"), as untimely filed pursuant

to the Amended Rule 16 Scheduling Order establishing December 21, 2005 dispositive motions deadline.

    Dated: Honolulu, Hawai`i, January 16, 2006

                              */s/*

                ARLEEN D. JOUXSON
                RAFAEL G. DEL CASTILLO
                (808) 621-8806 or (808) 782-1262
                e-mail: rdelcastillo@physicianslawfirm.com

                Attorneys for Plaintiff Hawaii Children's Blood and Cancer Group