memo in opp pls mtn strike or dismiss

Of Counsel:
ROBBINS & ASSOCIATES
Attorneys at Law
A Law Corporation

| | |
|---|---|
| KENNETH S. ROBBINS | 1000-0 |
| LEIGHTON M. HARA | 7826-0 |
| WENDY M. YAMAMOTO | 8049-0 |

2200 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 524-2355
Facsimile: (808) 526-0290
Email: krobbins@robbinsandassociates.net

DAVIS WRIGHT TREMAINE

DOUGLAS ROSS
2600 Century Square
1501 Fourth Avenue
Seattle, Washington 98101
Telephone: (206) 628-7754
Facsimile: (206) 628-7699
Email: douglasross@dwt.com

Attorneys for Defendants
HAWAI`I PACIFIC HEALTH;
KAPI`OLANI MEDICAL SPECIALISTS;
AND KAPI`OLANI MEDICAL CENTER
FOR WOMEN AND CHILDREN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

HAWAII CHILDREN'S BLOOD AND ) CIVIL NO. CV03-00708 SOM-LEK
CANCER GROUP, ) (Other Civil Action)
 )

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 18 2006

at ___ o'clock and ___ min ___ M
SUE BEITIA, CLERK

|  |  |
|---|---|
| Plaintiff, | ) DEFENDANTS HAWAI`I PACIFIC |
|  | ) HEALTH, KAPI`OLANI MEDICAL |
| vs. | ) SPECIALISTS AND KAPI`OLANI |
|  | ) MEDICAL CENTER FOR WOMEN |
| HAWAI`I PACIFIC HEALTH; | ) AND CHILDREN'S |
| KAPI`OLANI MEDICAL | ) MEMORANDUM IN OPPOSITION |
| SPECIALISTS; KAPI`OLANI | ) TO PLAINTIFF'S MOTION TO |
| MEDICAL CENTER FOR | ) STRIKE OR DISMISS |
| WOMEN AND CHILDREN, | ) DEFENDANTS' RENEWED |
|  | ) MOTION TO DISMISS, OR IN THE |
| Defendants. | ) ALTERNATIVE, TO STAY |
|  | ) PROCEEDINGS PENDING |
|  | ) RESOLUTION OF THE |
|  | ) CONCURRENT STATE OF HAWAII |
|  | ) CIRCUIT COURT CASE, OR TO |
|  | ) CONTINUE TRIAL, FILED |
|  | ) JANUARY 11, 2006, WITHOUT |
|  | ) LEAVE TO FILE AFTER THE |
|  | ) DECEMBER 21, 2005 DISPOSITIVE |
|  | ) MOTIONS DEADLINE, FILED |
|  | ) JANUARY 18, 2006; |
|  | ) DECLARATION OF KENNETH S. |
|  | ) ROBBINS; EXHIBITS "A"-"B"; |
|  | ) CERTIFICATE OF SERVICE |
|  | ) |
|  | ) HEARING |
|  | ) DATE: January 19, 2006 |
|  | ) TIME: 2:15 p.m. |
|  | ) JUDGE: Hon. Susan Oki Mollway |
|  | ) |
|  | ) JUDGE: SUSAN OKI MOLLWAY |
|  | )          U.S. District Judge |
|  | ) |
|  | )          LESLIE E. KOBAYASHI |
|  | )          U.S. Magistrate |
|  | ) |
|  | ) TRIAL: 5/23/06 |

2

**DEFENDANTS HAWAI`I PACIFIC HEALTH, KAPI`OLANI MEDICAL SPECIALISTS AND KAPI`OLANI MEDICAL CENTER FOR WOMEN AND CHILDREN'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE OR DISMISS DEFENDANTS' RENEWED MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO STAY PROCEEDINGS PENDING RESOLUTION OF THE CONCURRENT STATE OF HAWAII CIRCUIT COURT CASE, OR TO CONTINUE TRIAL, FILED JANUARY 11, 2006, WITHOUT LEAVE TO FILE AFTER THE DECEMBER 21, 2005 <u>DISPOSITIVE MOTIONS DEADLINE, FILED JANUARY 18, 2006</u>**

COME NOW Defendants Hawai`i Pacific Health, Kapi`olani Medical Specialists and Kapi`olani Medical Center for Women and Children (collectively "HPH Defendants"), by and through their attorneys, Robbins & Associates, and file this memorandum in opposition to Plaintiff's Motion to Strike or Dismiss Defendant's Renewed Motion to Dismiss, or in the Alternative, to Stay Proceedings Pending Resolution of the Concurrent State of Hawaii Circuit Court Case, or to Continue Trial Filed January 11, 2006 Without Leave to File After the December 21, 2005 Dispositive Motions Deadline, filed January 18, 2006.

I. <u>INTRODUCTION</u>

Plaintiff's motion must be denied as good cause exists to extend the dispositive motion deadline of December 21, 2005. Plaintiff's motion attempts to advance form over substance, and fails to provide the court with a complete factual predicate as to the parties' multiple stipulations to extend the pretrial deadlines. As is discussed more fully in HPH Defendants' Motion to Modify Amended Rule 16

3

Scheduling Order, when defense counsel agreed to accommodate Plaintiffs' counsels' request to extend the deadline to submit reports of expert witnesses, counsel overlooked the logic and necessity to extend the deadline for dispositive motions. After several stipulations modifying the Court's Rule 16 Scheduling Order and moving various pretrial deadlines, it is apparent that the parties committed an oversight by not moving the corresponding dispositive motion deadline concurrently therewith.

Presently, the deadlines for Plaintiff to submit its expert reports is February 6, 2006, almost two months after the scheduled dispositive motion deadline of December 21, 2005. Thus, according to the discovery and pretrial schedule as amended by the parties and the court, if this Honorable Court does not order a modification of the court's pretrial order, the parties would be precluded from filing any dispositive motions, while not having an opportunity to discover the opinions, if any, of the opposing parties' experts. Furthermore, if the court does not deny the instant motion, the court would be precluded from making any dispositive rulings in this action and cannot summarily adjudicate in whole or in part either parties' claims or defenses. This is irrational and stands contrary to this Court's encouraged use of summary adjudication as a procedure to weed out unmeritorious claims. <u>Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit</u>,

507 U.S. 163, 168-169 (1993) (holding that generally "federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later.")

A dispositive motion deadline, three months prior to the discovery cut-off of March 31, 2006, is likewise unmanageable and will preclude the parties from filing any meaningful dispositive motions as only the depositions of some of the non-expert witnesses have been taken thus far.

Therefore, HPH Defendants acknowledge that although the filing of their motion to dismiss on January 10, 2006, was two weeks beyond the dispositive motion deadline of December 21, 2005, the deadline should have been continued by the parties in their Second Stipulation and Order Extending Time For the Parties to Submit the Written Reports of their Experts entered on October 31, 2005. See Stipulation, attached hereto as Exhibit "A".

II. <u>DISCUSSION</u>

    A.    HPH Defendants Have Demonstrated "Good Cause" and "Excusable Neglect", Therefore an Extension of the December 21, 2005, <u>Dispositive Motion Cut-Off is Warranted</u>

Plaintiff's motion must be denied as HPH Defendants demonstrated "good cause" pursuant to Fed. R. Civ. P. Rule 16(b), and/or "excusable neglect" pursuant to FRCP Rule 6(b), for inadvertently not suggesting an extension of the

December 21, 2005 deadline in which to file dispositive motions.[1] The Supreme Court has defined "excusable neglect" as a "somewhat elastic concept," which demands an equitable determination that encompasses "situations in which the failure to comply with a filing deadline is attributable to negligence." See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 391, 394 (1993). The relevant factors to consider include "the danger of prejudice to the defendant, the length of the delay and its potential impact on the judicial proceedings, the reasons for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted [with] good faith." Pioneer, 507 U.S. at 395.

In the instant case, it is clear that the requisite good cause and excusable neglect exist in which to allow HPH Defendants to file their motion to dismiss subsequent to the December 21, 2005 dispositive motion deadline because both parties inadvertently did not address extending the dispositive motion deadline concurrently with the expert disclosure deadlines. Such an oversight should not be the basis for dismissal of HPH Defendants' motion as suggested by Plaintiff. Instead, this Court should find that good cause exists to extend the dispositive

---

[1] If Plaintiff's counsel is candid with the court, there is little question they would have agreed to extend the December 21, 2005 deadline, considering all the circumstances existant at that time.

6

motion deadline in conformity to the extensions previously granted to the parties (an almost two-month extension for Plaintiff to submit its expert reports). If a two-month extension were granted, the dispositive motion deadline would similarly be February 21, 2006, wherein HPH Defendants' Motion to Dismiss is undisputedly timely.

Additionally, Plaintiff has failed to establish any prejudice by Defendants' "untimely" filing of its motion to dismiss. Presently, the discovery cut-off in the instant case is set for March 31, 2006. See Exhibit "A". Plaintiff still has additional time in which to take depositions to further develop its case. The decision whether to dismiss or stay the instant federal action, the subject of HPH Defendants' motion, is almost entirely based on law and the procedural posture of both the concurrent federal and state cases involving Dr. Woodruff and HCBCG.

In fact, if any parties will be prejudiced by the denial of HPH Defendants' motion to dismiss based on a procedural defect -- for which good cause exists to set aside or extend -- it will be the additional party defendants in the state action: Deloitte & Touche and Dennis Warren. Although Deloitte & Touche and Dennis Warren are not parties to the federal action, they will likely be required to participate in the federal trial and will suffer prejudice as set forth in HPH Defendants' initial moving papers. As Plaintiff is unable to establish any prejudice

in responding to HPH Defendants' motion, and because good cause exists to extend the dispositive motion deadline, Plaintiff's motion should be denied.

    B.    The Numerous Amendments to the Existing Pretrial Deadlines and the Parties' Inadvertence to Include the Dispositive Motion Deadline in Their Second Stipulation and Order Extending Time for the Parties to Submit the Written Reports of Their Experts, Provide Good Cause to Modify the Existing Rule 16 Scheduling Order

At the outset, it should be noted that the pretrial deadlines established in Magistrate Leslie E. Kobayashi's Rule 16 Scheduling Order filed on March 24, 2004, have been postponed or continued by mutual agreement of the parties. On July 16, 2004, the parties first stipulated to extend the time in which to disclose the identity and written reports of their experts for approximately one month. See First Stipulation and Order filed on July 29, 2004, attached hereto as Exhibit "B". Despite the fact that Plaintiff HCBCG failed to file its expert disclosure on the due date of July 26, 2005, as set forth in the order, HPH Defendants agreed to extend the deadline for Plaintiff to file its expert disclosures. HPH Defendants stipulated and agreed to extend the deadline as a courtesy to Plaintiff and Plaintiff's counsel, rather than proceed as Plaintiff has in this action by moving to strike or dismiss. HPH Defendants would have been entirely within its right to have moved to strike Plaintiff's expert witnesses for Plaintiff's failure to timely disclose the expert

opinions prior to the initial deadline of July 26, 2005, rather than to agree -- as was the case -- to the continuance.

In the instant case, upon learning of Plaintiff's motion to strike, counsel for HPH Defendants contacted Rafael del Castillo, Esq., to inquire whether Plaintiff would be willing to stipulate to amend the Rule 16 Scheduling Order to extend the dispositive motion deadline in conformity with the expert report and discovery deadlines which have been previously continued. See Declaration of Kenneth S. Robbins. Mr. del Castillo responded that he would be unable to stipulate to the continuance of the dispositive motion deadline absent his client's consent. See Declaration of Kenneth S. Robbins. In an abundance of caution, HPH Defendants filed this memorandum in opposition to the instant motion and respectfully request that the instant motion be denied.

Good cause exists in which to extend the dispositive motion deadline of December 21, 2005 to allow the filing of HPH Defendants' motion, as the parties have continuously agreed to extend various pretrial deadlines, and inadvertently failed to extend the corresponding dispositive motion deadline. HPH Defendants request that the Court deny the instant motion as there is no quid pro quo with respect to HPH Defendants' previous concessions as set forth in the First Stipulation and Order Extending Time for the Parties to Disclose the Identity and

Written Report of their Experts. As it was the parties' previous agreement, understanding, and practice, to allow for liberal continuances of the pretrial deadlines, HPH Defendants are disappointed that Plaintiff's counsel chose to file the instant motion, which is clearly based on a procedural oversight rather than a substantive error. Despite HPH Defendants' customary practice and agreeability to continue the discovery deadlines to accommodate Plaintiff, Plaintiff has failed to extend this same courtesy; Plaintiff's counsel never contacted counsel for HPH Defendants to discuss this obvious oversight.

Inasmuch as counsel for HPH Defendants has been discussing the motion with all parties, including Plaintiff, since October 27, 2005, Plaintiff's counsel should have been advised that HPH Defendants intended to file its Motion to Dismiss. It is clear that Plaintiff's counsel was keenly aware of the parties' mutual mistake of failing to also amend the dispositive motion deadline, and attempted to capitalize on this mistake to the detriment of HPH Defendants, without first consulting counsel.

Extending the dispositive motion deadline to accommodate HPH Defendants' renewed motion to dismiss is also warranted to advance the logical progression of this case. The Court's July 19, 2005 Minute Order sets forth a rational schedule of events following the disclosure of the experts opinions. Following the publication

10

of Plaintiff's experts' opinions on November 21, 2005, the dispositive Motion deadline was scheduled for December 21, 2005, which would have provided HPH Defendants an ample opportunity to evaluate the opinions and complete the depositions of Plaintiff's experts with a view toward summary adjudication, if warranted. As the experts' opinions deadlines were postponed without the December 21, 2005 dispositive motion deadline, this logical and rational schedule of events has been inadvertently thrown into disarray as Plaintiff's counsel now moves to preclude the parties from filing dispositive motions after the completion of expert depositions. HPH Defendants submit that the continuance of the dispositive deadline of December 21, 2005 (one month after Plaintiff's original expert witness disclosure deadline of November 21, 2005) to March 6, 2006 (one month after Plaintiff's expert witness report disclosure deadline of February 6, 2006) is warranted in this action.

    It should be noted that the motion which Plaintiff seeks to strike or dismiss is a three part motion, only one part of which is a Motion to Dismiss. The alternative relief sought is a stay or a continuance of trial. Those alternatives are not dispositive of the instant lawsuit. Therefore, even if this Honorable Court should grant Plaintiff's Motion to Strike or Dismiss as to Defendants' Motion to Dismiss,

Defendants' Motion to Stay or Continue Trial should remain to be heard as scheduled.

III.   CONCLUSION

As set forth above and in HPH Defendants' motion to Amend Rule 16 Scheduling Order filed concurrently herewith, Plaintiff's motion must be denied, and the February 13, 2006 hearing on Defendant's Renewed Motion to Dismiss filed January 11, 2006 should proceed as currently scheduled. As it is unmistakably clear, HPH Defendants have demonstrated good cause to amend the Rule 16 Order and have diligently defended against Dr. Woodruff's and HCBCG's claims in the state action. Additionally, HPH Defendants have diligently worked with Plaintiff in crafting a pretrial schedule that is amenable to the parties. Despite HPH Defendants' prior concessions and the parties' mutual agreements, Plaintiff moves this Court to dismiss or strike the pending Renewed Motion to Dismiss. Plaintiff's actions are disingenuous and bespeak of gamesmanship, which is becoming characteristic of their federal action — a duplication of the pending state circuit court case. Accordingly, it is respectfully requested that the instant motion be denied.

DATED: Honolulu, Hawaii, _____JAN 18 2006_____.

_____
KENNETH S. ROBBINS
LEIGHTON M. HARA
WENDY M. YAMAMOTO

Attorneys for Defendants
HAWAI`I PACIFIC HEALTH,
KAPI`OLANI MEDICAL SPECIALISTS
AND KAPI`OLANI MEDICAL CENTER
FOR WOMEN AND CHILDREN

Civil No. CV03-00708 SOM-LEK; <u>Hawaii Children's Blood and Cancer Group v. Hawai`i Pacific Health, et al.</u>; DEFENDANTS HAWAI`I PACIFIC HEALTH, KAPI`OLANI MEDICAL SPECIALISTS AND KAPI`OLANI MEDICAL CENTER FOR WOMEN AND CHILDREN'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE OR DISMISS DEFENDANTS' RENEWED MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO STAY PROCEEDINGS PENDING RESOLUTION OF THE CONCURRENT STATE OF HAWAII CIRCUIT COURT CASE, OR TO CONTINUE TRIAL, FILED JANUARY 11, 2006, WITHOUT LEAVE TO FILE AFTER THE DECEMBER 21, 2005 DISPOSITIVE MOTIONS DEADLINE, FILED JANUARY 18, 2006

THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII CHILDREN'S BLOOD AND CANCER GROUP,<br><br>Plaintiff,<br><br>vs.<br><br>HAWAI`I PACIFIC HEALTH; KAPI`OLANI MEDICAL SPECIALISTS; KAPI`OLANI MEDICAL CENTER FOR WOMEN AND CHILDREN,<br><br>Defendants. | CIVIL NO. CV03-00708 SOM-LEK<br>(Other Civil Action)<br><br>CERTIFICATE OF SERVICE<br><br><br>JUDGE: SUSAN OKI MOLLWAY<br>U. S. District Judge<br><br>LESLIE E. KOBAYASHI<br>U.S. Magistrate<br><br>TRIAL:    NOT YET SCHEDULED |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was duly served on the following persons, at their last known address, as follows:

ARLEEN D. JOUXSON, ESQ.                    Via e-mail
RAFAEL G. DEL CASTILLO, ESQ.           & Fax
Jouxson-Meyers & Del Castillo
309 California Avenue, Suite 209
Wahiawa, Hawaii 96786
Email: rdelcastillo@physicianslawfirm.com
Fax: 422-8772

Attorneys for Plaintiff

DATED: Honolulu, Hawaii, _____JAN 18 2006_____.

_____
KENNETH S. ROBBINS
LEIGHTON M. HARA
WENDY M. YAMAMOTO

Attorneys for Defendants
HAWAI`I PACIFIC HEALTH,
KAPI`OLANI MEDICAL SPECIALISTS
AND KAPI`OLANI MEDICAL CENTER
FOR WOMEN AND CHILDREN

Civil No. CV03-00708 SOM-LEK; Hawaii Children's Blood and Cancer Group v. Hawai`i Pacific Health, et al.; CERTIFICATE OF SERVICE (RE: DEFENDANTS HAWAI`I PACIFIC HEALTH, KAPI`OLANI MEDICAL SPECIALISTS AND KAPI`OLANI MEDICAL CENTER FOR WOMEN AND CHILDREN'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE OR DISMISS DEFENDANTS' RENEWED MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO STAY PROCEEDINGS PENDING RESOLUTION OF THE CONCURRENT STATE OF HAWAII CIRCUIT COURT CASE, OR TO CONTINUE TRIAL, FILED JANUARY 11, 2006, WITHOUT LEAVE TO FILE AFTER THE DECEMBER 21, 2005 DISPOSITIVE MOTIONS DEADLINE, FILED JANUARY 18, 2006)