IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII CHILDREN'S BLOOD AND CANCER GROUP, | CIVIL NO. CV03-00708 SOM LEK (Other Civil Action) |
| Plaintiff, | MEMORANDUM IN SUPPORT OF MOTION |
| vs. | |
| HAWAI`I PACIFIC HEALTH; KAPI`OLANI MEDICAL SPECIALISTS; KAPI`OLANI MEDICAL CENTER FOR WOMEN AND CHILDREN, | |
| Defendants. | |

## MEMORANDUM IN SUPPORT OF MOTION

HPH Defendants move pursuant to Fed. R. Civ. P. Rules 6 and 16 to extend the time within which it may file a dispositive motion and for modification of the existing Rule 16 Pretrial Order. HPH Defendants also adopt and incorporate by reference the arguments made in their Memorandum in Opposition to Plaintiff's Motion to Strike or Dismiss Defendants' Renewed Motion to Dismiss, or in the Alternative, to Stay Proceedings Pending Resolution of the Concurrent State of Hawaii Circuit Court Case, or to Continue Trial, filed January 11, 2006 Without Leave to File After the December 21, 2005 Dispositive Motions Deadline, filed concurrently herewith.

Federal Rules of Civil Procedure Rule 6(b) provides that the court may at any time in its discretion "upon motion made after the expiration of the specified period **permit the act to be done where the failure to act was the result of excusable neglect."** Fed. R. Civ. P. Rule 6(b)(2)(2005) (emphasis added).

Similarly, Fed. R. Civ. P. Rule 16(b) governing pretrial scheduling orders, allows for said orders to be modified "upon a showing of good cause and by leave of the district judge ..." Fed. R. Civ. P. Rule 16 (b) (2005).

Pursuant to the Second Stipulation and Order Extending Time for the Parties to Submit the Written Reports of their Experts filed October 28, 2005 (hereinafter, "Amended Schedule"), dispositive motions were due on December 21, 2005.  In the instant case, there is considerable good cause and excusable neglect, which warrant the extension of the dispositive motion deadline of December 21, 2005 and modification of the Rule 16 Pretrial order as set forth below.

After considerable discussion between counsel for Plaintiff and HPH Defendants, it was agreed that the Amended Rule 16 Scheduling Order did not correspond to the order of events set forth in the corresponding state court case, including orders entered therein by Discovery Master retired Circuit Court Judge Patrick K.S.L. Yim with regard to the order of depositions, counsel herein agreed to enter into a stipulation to extend time for the parties to submit the written reports of

their experts, including deadlines within which to conclude depositions of expert witnesses.  See Declaration of Kenneth S. Robbins.

Although the parties agreed to amend the Rule 16 scheduling deadlines to correspond with the duplicate state court proceeding, it is now clear that the parties overlooked other deadlines set forth in the Amended Rule 16 Scheduling Order, including the December 21, 2005, deadline within which to file dispositive motions. Id.

In the instant case, Judge Kobayashi's Amended Rule 16 Scheduling Order, attached hereto as Exhibit "A", sets forth a deadline for Plaintiff's expert disclosures of November 21, 2005 and December 21, 2005 for HPH Defendants. Subsequently, counsel for the parties agreed to extend the discovery deadlines with respect to expert disclosures from November to February 2006 for Plaintiff and 30 days thereafter for HPH Defendants. Id.  The parties, however, inadvertently failed to include an extension of the corresponding dispositive motion deadline.  See Declaration of Kenneth S. Robbins.  Clearly, a dispositive motions cutoff of December 21, 2005 does not logically correspond to an orderly pretrial agenda. Id.

Good cause exists in which to grant the instant motion as discovery in the state action is still proceeding and the parties have not had an opportunity to learn the opinions of the opposing parties' experts.  Additionally, a discovery cutoff that significantly precedes the expert disclosure deadlines, such as the December 21,

2005 cutoff in question, creates an untenable situation wherein the parties and court are precluded from dispositively adjudicating any issues in this case via dispositive motions.

HPH Defendants have been diligently defending against Plaintiff's claims in both the federal and state forum, and cannot be said to have purposefully or contumaciously impeded the progress of this case or delayed in filing its motion to dismiss. Instead, the record is clear that the HPH Defendants and the parties, relied upon the prior stipulations and extensions of various pretrial deadlines and inadvertently filed their motion to dismiss two weeks subsequent to the December 21, 2005 dispositive motion deadline.

Counsel for HPH Defendants have entered into good faith discussions with counsel for Plaintiff to resolve the modification of the pretrial deadlines to include an enlargement of time in which to file dispositive motions in the instant case. On January 18, 2006, counsel for HPH Defendants contacted Mr. del Castillo, to discuss whether he would be amenable to withdrawing Plaintiff's motion to strike, as it was clear that the parties mistakenly failed to include the dispositive motion deadline in the Second Stipulation and Order Extending Time for the Parties to Submit the Written Reports of their Experts filed October 28, 2005. See Declaration of Kenneth S. Robbins. Mr. del Castillo responded that he needed to confer with his clients prior to providing a definitive answer. Id. As of the filing of

4

this motion, counsel for HPH Defendants has not heard from Mr. del Castillo, and it is assumed that he is not agreeable to stipulating to the extension of the dispositive motion deadline.

Because of various stipulations extending the pretrial deadlines, the continued pace of discovery in the state action, and the fact that the parties excusably failed to include the dispositive motion deadline in the Second Stipulation, HPH Defendants require an extension of time to file dispositive motions from December 21, 2005 to a time mutually agreeable to the parties and court. HPH Defendants anticipate that they will need until and including March 6, 2006, to file dispositive motions. Accordingly, a proposed Second Amended Rule 16 Scheduling Order is attached hereto as Exhibit "B".

Accordingly, HPH Defendants respectfully move this Honorable Court to modify the Rule 16 Scheduling Order and for an extension of time to file dispositive motions per the attached proposed Second Amended Rule 16 Scheduling Order, until and including March 6, 2006, or as this Honorable Court sees fit.

DATED:  Honolulu, Hawaii, _____.

_____
KENNETH S. ROBBINS
LEIGHTON M. HARA
WENDY M. YAMAMOTO

Attorneys for Defendants
HAWAI`I PACIFIC HEALTH,
KAPI`OLANI MEDICAL SPECIALISTS
AND KAPI`OLANI MEDICAL CENTER
FOR WOMEN AND CHILDREN

Civil No. CV03-00708 ACK LEK; Hawaii Children's Blood and Cancer Group v. Hawai`i Pacific Health, et al.; MEMORANDUM IN SUPPORT OF MOTION

6