THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII CHILDREN'S BLOOD AND CANCER GROUP,<br><br>Plaintiff,<br><br>vs.<br><br>HAWAI'I PACIFIC HEALTH; KAPI'OLANI MEDICAL SPECIALISTS; KAPI'OLANI MEDICAL CENTER FOR WOMEN AND CHILDREN,<br><br>Defendants. | CIVIL NO. CV03-00708 SOM-LEK<br>(Other Civil Action)<br><br>DECLARATION OF KENNETH S. ROBBINS |

## DECLARATION OF KENNETH S. ROBBINS

I, KENNETH S. ROBBINS, make the following declaration on personal knowledge and am competent to testify to the matters stated therein.

1. I am an attorney licensed to practice in all courts in the state of Hawaii.

2. I make this declaration on personal knowledge of the facts set forth in this declaration and am competent to testify to the matters stated herein.

3. I am the principal attorney for Defendants Hawai`i Pacific Health, Kapi`olani Medical Specialists, and Kapi`olani Medical Center for Women and Children ("HPH Defendants") in the above-captioned matter.

4. On the morning of January 18, 2006, I received the order of the Honorable Susan Oki Mollway granting Plaintiff's Ex Parte Motion to Shorten Time for Hearing on Plaintiff's Motion to Strike or Dismiss Defendants' Motion.

5. At that time, I had not yet received a copy of Plaintiff's motions which led to Judge Mollway's order described above.

6. I thereupon telephoned Rafael del Castillo, Esq., one of Plaintiff's attorneys, to ask that he kindly transmit a copy of Plaintiff's Motion to Strike or Dismiss Defendants' Motion. Mr. del Castillo said that he would do so.

7. During that same telephone conversation, I asked Mr. del Castillo if he could advise me of the basis for Plaintiff's Motion to Strike or Dismiss Defendants' Motion ("Plaintiff's Motion") to which he responded that Defendants' Motion to Dismiss, Stay or Continue, filed herein on January 11, 2006, was filed beyond the dispositive motions cutoff, as set forth in Judge Kobayashi's Amended Rule 16 Scheduling Order filed on July 21, 2005, a courtesy copy of which is attached hereto for the Court's reference as Exhibit "A".

8. Immediately following my telephone conversation with Mr. del Castillo, I reviewed Exhibit "A" and as Mr. del Castillo and I had spent some time working out together a Second Stipulation and Order Extending Time for the Parties to Submit the Written Reports of Their Experts ("Stipulation"), which was filed in this action on October 28, 2005, a copy of which is attached for the Court's convenience as Exhibit "B", I reviewed that stipulation and noted that there was an obvious oversight in that stipulation.

9. While counsel for the parties herein agreed to extend the deadlines for their respective experts to submit written reports and to extend the deadlines for the oral depositions of experts in this case to February 18, 2006 and February 26, 2006, for the depositions of Plaintiff's and Defendants' expert witness depositions respectively, it was clearly an oversight to have not extended other pretrial deadlines, including the deadline for the filing of dispositive motions for the reason that many, if not most, dispositive motions cannot be filed until discovery has been concluded, including depositions of expert witnesses.

10. Upon noting this oversight, I telephoned Mr. del Castillo again and discussed this oversight with him and asked him whether he would be agreeable to entering into a stipulation to modify the Amended Rule 16 Scheduling Order to include adjusting other pretrial deadlines, including the deadline within

which to file dispositive motions. Mr. del Castillo advised me that he would have to discuss this matter with his client and would get back to me. In that conversation, I advised Mr. del Castillo that in view of the deadline within which to respond to his motion is 9:00 a.m. tomorrow morning and as my only other alternative is to seek a court-ordered modification of the pretrial order to correspond with Exhibit "B", I would commence the preparation of a Motion to Modify the Amended Rule 16 Scheduling Order to correspond to the said Exhibit "B".

11.  In view of the foregoing, and the illogic of having a dispositive motions cutoff on December 21, 2005 within the context of the deadlines set forth in the Stipulation of the parties and inasmuch as this Honorable Court will be considering Plaintiff's Motion to Strike or Dismiss Defendants' Motion to Dismiss on January 19, 2006, at 2:15 p.m., it is respectfully submitted that the oversight of the parties should be considered at the same hearing, and prior to, Plaintiff's Motion to Strike or Dismiss Defendants' Motion to Dismiss.

12.  Accordingly, it is respectfully requested that the Court grant this <u>ex parte</u> motion to shorten time to allow the Court and the parties to discuss all of these issues on January 19, 2006, at 2:15 p.m. and to hear Defendants' Motion to Modify the Amended Rule 16 Scheduling Order prior to hearing Plaintiff's Motion

4

to Strike or Dismiss Defendants' Motion to Dismiss. For the Court to not grant this ex parte motion would result in an inability for the Court and counsel for all parties to discuss all issues related to pretrial deadlines within the context of the parties' Stipulation and their oversight in not adjusting all pretrial deadlines in the said Stipulation.

13. Granting this ex parte motion would expedite discussions of these critical issues and would allow the Court to entertain modification of pretrial deadlines to correspond to all other pretrial deadlines.

I declare under penalty of law that the foregoing statements are true and correct.

DATED: Honolulu, Hawaii, _____ JAN 1 9 2006 _____.

_____
KENNETH S. ROBBINS

Civil No. CV03-00708 ACK LEK; Hawaii Children's Blood and Cancer Group v. Hawai`i Pacific Health, et al.; DECLARATION OF KENNETH S. ROBBINS