
*Jouxson-Meyers & del Castillo*
Attorneys at Law
a Limited Liability Law Company

LEFT SIDE

July 12, 2006

Via hand delivery

Honorable Susan Oki Mollway
U.S. District Court Judge
District of Hawaii
300 Ala Moana Blvd.
Honolulu, Hawaii 96850-0338

Re:   Hawaii Children's Blood and Cancer Group vs. Hawai`i Pacific Health, et al.,
      Civil No. CV 03-00708 SOM-LEK

Dear Judge Mollway:

      Pursuant to your order of June 16, 2006, we write to advise you that the July 5, 2006 status conference in *Woodruff, et al., vs. Hawai`i Pacific Health, et al.*, Civil No. 02-1-0090-01 (BIA), presently pending in the Circuit Court of the First Circuit, State of Hawai`i, was continued until a hearing can be held upon the pending motions for summary judgment in that matter. We have been advised that the hearing is scheduled for September 21, 2006. The October 1, 2007 trial date Judge Ayabe set as an outside date is unchanged. It is our understanding from Judge Ayabe's comments at the status conference that his schedule could accommodate an earlier trial, but counsel for the defendants which are nonparties in this case (Civil No. CV 03-00708 SOM-LEK) continued to maintain that they have no openings on their respective calendars of sufficient duration to schedule a trial. John Nishimoto, Esq., representing Dennis Warren, Esq., advised the Court that he is certain the trial will occupy more than 15 days due to the number of claims and parties involved as a result of the consolidation of the two cases, and it was our understanding that Judge Ayabe was skeptical that the length of the trial could be shortened appreciably. Mr. Nishimoto suggested that trial may be shortened if some of the claims are decided by the pending motions involving Dr. Woodruff's defamation claims, and we believe that was the basis on which the Court continued the status conference until the hearing of the motions.

      Under the current stay, this Court invited Plaintiff HCBCG to return to court in the event of changed circumstances: "HCBCG may reopen these proceedings once the state case is completed, <u>or if changes in circumstances render</u>

302 California Ave.
Suite 209
Wahiawa, Hawai`i 96786
Phone: (808) 621-8806
Fax:   (808) 422-8772

Email Arleen: *ajouxson@physicianslawfirm.com*
Email Rafael: *rdelcastillo@physicianslawfirm.com*

Rafael G. del Castillo, Member

JUL 1 2 2006

Honorable Susan Oki Mollway
U.S. District Court Judge
July 12, 2006
Re:   <u>HCBCG vs. HPH, et al.</u>Civil No. CV 03-00708 SOM-LEK
Page 2

<u>the state proceedings inadequate to protect HCBCG's interests</u>. . . ." (Emphasis added). Plaintiff HCBCG is anxious to cooperate with this Court in conserving resources, but we have strong reservations that a stipulated dismissal cannot adequately address changed circumstances. Plaintiff HCBCG's access to the judicial system has been marginalized sufficiently to suggest that the State proceedings could prove inadequate to protect its interests, and to raise constitutional concerns. As Mr. Robbins conceded at the June 16 status conference, the consolidated antitrust and unfair competition claims kept the State case from going to trial on June 5, 2006. The HPH Defendants withheld—and are still withholding—detailed market data for the relevant period which was necessary for our antitrust expert's opinion regarding the components of Plaintiff HCBCG's damages. Plaintiffs' antitrust expert was able to estimate only one of several identified components of damages at the deposition the State Discovery Master ordered him to give on his preliminary opinions.[1]

      Also of concern with respect to prosecuting the competition claims in State court is the fact that HCBCG's adversary is the largest player in a major segment of this State's economy; the delay of trial in the State case, and the length of the trial which has been held up as an obstacle, is due to the consolidation; and Judge Ayabe was unable on July 5 to set an earlier trial date than October 1, 2007 because the attorneys for the nonparties to this case have indicated that they have no openings in their schedules. Accordingly, HCBCG respectfully requests further guidance from this Court and, as appropriate, Judge Ayabe in resolving the issues the proposed stipulations presents regarding potential changed circumstances.

Very truly yours,

Rafael G. del Castillo

cc:   Honorable Bert I. Ayabe (via hand delivery)
      Kenneth S. Robbins, Esq.; John S. Nishimoto, Esq.; John T. Komeiji, Esq.

---

[1] Despite numerous requests by Plaintiffs in the State case, the Discovery Master has never entered any orders compelling the HPH Defendants to produce requested documents or information. Most of Plaintiffs' numerous motions to compel discovery have had to do with the competition claims (Plaintiffs' motions relating to the Woodruff claims were largely resolved after the DHHS turned over documents the HPH Defendants denied possessing or simply withheld in Plaintiff Woodruff's Freedom of Information Act lawsuit in District Court against DHHS). The need for the withheld data in the resolution of the competition claims has been unquestioned, but it has not been produced.

*Jouxson-Meyers*
*& del Castillo*

Rafael G. del Castillo, Member