

*Jouxson-Meyers & del Castillo*
Attorneys at Law
a Limited Liability Law Company

CORRESPONDENCE

April 2, 2007

Via hand delivery

Honorable Susan Oki Mollway
U.S. District Court Judge
District of Hawaii
300 Ala Moana Blvd.
Honolulu, Hawaii 96850-0338

Re:  Hawaii Children's Blood and Cancer Group vs. Hawai`i Pacific Health, et al., Civil No. CV 03-00708 SOM-LEK

Dear Judge Mollway:

Pursuant to your order of March 13, 2007, we write to advise you of the status of *Woodruff, et al., vs. Hawai`i Pacific Health, et al.*, Civil No. 02-1-0090-01 (BIA), in the Circuit Court of the First Circuit, State of Hawai`i.
The case is presently set for trial beginning October 1, 2007.[i] We regret that, due to the circumstances that exist in the First Circuit case, it is still unclear whether Plaintiff HCBCG's claims will be fairly and fully adjudicated in the October 2007 trial. Substantial unresolved problems with discovery relating to Plaintiff HCBCG's claims remain in the First Circuit case.

- Plaintiffs have had to resort to extraordinary means to obtain discovery in the First Circuit case. Plaintiffs filed a FOIA action on September 8, 2005 in District Court against the Office of Inspector General to obtain documents Defendants failed to produce in response to requests. Plaintiffs dismissed the case on April 3, 2006 after when the Government agreed to turn over the documents. Plaintiffs incurred costs in excess of $3,000 in that action.
- Plaintiffs have taken several depositions of lay witnesses which indicate that there will be substantial evidence at trial of conduct by Defendants and their agents which is solely or primarily purposed with eliminating Plaintiffs as a competitor and re-establishing their monopoly power in pediatric hematology-oncology. Many discovery disputes that affect the matter before this Court remain unresolved, however:
- The HPH Defendants have never produced the information

302 California Ave.
Suite 209
Wahiawa, Hawai`i 96786
Phone: (808) 621-8806
Fax:   (808) 422-8772

Email Arleen:  ajouxson@physicianslawfirm.com
Email Rafael:  rdelcastillo@physicianslawfirm.com

Rafael G. del Castillo, Member

APR 0 2 2007

Honorable Susan Oki Mollway
U.S. District Court Judge
April 2, 2007
Re:   HCBCG vs. HPH, et al. Civil No. CV 03-00708 SOM-LEK
Page 2

Plaintiffs' economics expert, Dr. David Eisenstadt, requires to decode the information on charges and the description of charges Defendants have produced up through the second month of 2006. The transactions are not meaningful without the key to the codes.
- Documents disclosing inpatient transactions prior to February 2002 (which comprise more than half of the transaction information requested) were produced only in Adobe Acrobat files numbering more than 10,000 pages of alphanumeric information.
  - In the form produced, various discrete columns of data require a two-part transaction identifier in order to aggregate, and much of the information produced involves codes for which the key was not provided.
  - Defendants declined to produce the information in a usable electronic spreadsheet. The discovery master was not persuaded that Defendants should be compelled to produce the transaction information in a usable form.
  - The HPH Defendants are able to produce the information in spreadsheet form because they produced a second round of information involving later transactions in spreadsheet form on September 19, 2006, but still have not produced the requested keys.
- Defendants have also failed to supplement the information with later data, so Plaintiffs have no information on transactions after the second quarter of 2006 (the data are inconclusive as to whether the information provided for June 2006 could be complete).

- Plaintiffs appealed discovery master's decisions involving the deficiencies in production on June 6, 2006 and August 21, 2006. Both motions are non-hearing motions pursuant to the court's order appointing the discovery master. Both motions were taken under advisement, but no decision has ever been announced.[ii]
- The discovery master compelled Plaintiffs to make Dr. Eisenstadt available for deposition on May 13, 2006, overruling Plaintiffs' objections that Dr. Eisenstadt could not provide a final opinion due to the belated and incomplete information provided, and his inability to decode the Acrobat files. Plaintiffs incurred fees totaling $29,255 for Dr. Eisenstadt's preparation to give a preliminary opinion report and his deposition. Defendants conceded that Dr. Eisenstadt's report was preliminary only because delayed production had deprived him of the necessary time to prepare but went forward with his examination.

The need for the withheld data in the resolution of the competition claims has been unquestioned, but it has not been produced. As a result of the continuing deficiencies and the uncertainties involving the Plaintiffs'

*Jouxson-Meyers*
*& del Castillo*                                                    Arleen D. Jouxson-Meyers, MD, MPH,
                                                                                        Member

Honorable Susan Oki Mollway
U.S. District Court Judge
April 2, 2007
Re:   HCBCG vs. HPH, et al. Civil No. CV 03-00708 SOM-LEK
Page 3

discovery motions which remain in limbo, neither party's economics expert has rendered a final opinion in the First Circuit case. Plaintiffs are disinclined to incur additional fees to afford Defendants the opportunity to obtain another preliminary opinion.

Defendants' anticompetitive conduct, and the resulting harm—which includes preventing Plaintiffs from finding a home for a much-needed adolescent/young adult specialty oncology program, and interfering with their efforts to improve Hawaii's very limited capabilities in pediatric bone/stem cell transplants—continues.

Please contact the undersigned if you have any further questions.

Very truly yours,

Arleen D. Jouxson-Meyers, M.D.

cc:   Kenneth S. Robbins, Esq.

---

[i] The court held hearings on Plaintiffs' Motion for Partial Summary Judgment re: defamation, and the motions for summary judgment of Defendants Deloitte & Touche LLP and Dennis M. Warren, Esq., on September 25, 2006. The parties' respective papers were all received by the court by April 13, 2006. On December 19, 2006, the court entered a minute order granting the Defendants' motions on the grounds that they enjoyed a qualified privilege which they did not abuse. The court denied Plaintiffs' motion. The court denied Plaintiffs' motions for interlocutory appeal on February 27, 2007, and declined to enter final judgment as to either Defendant.

[ii] We advise the Court that Plaintiffs have provided detailed analyses of Defendants' production and the deficiencies with their numerous discovery motions in the First Circuit Court action.