# Jouxson-Meyers
# & del Castillo

Attorneys at Law
A Limited Liability Law Company

July 9, 2007

The Honorable Susan Oki Mollway
U.S. District Court Judge
District of Hawaii
300 Ala Moana Blvd.
Honolulu, Hawaii 96850-0338

Re:   Hawaii Children's Blood and Cancer Group vs. Hawai`i Pacific Health, et al.,
      Civil No. CV 03-00708 SOM-LEK

Dear Judge Mollway:

  We write to advise you of the status of *Woodruff, et al., vs. Hawai`i Pacific Health, et al.*, Civil No. 02-1-0090-01 (BIA), in the Circuit Court of the First Circuit, State of Hawai`i, which we previously advised you was set for trial on October 1, 2007, having been continued twice before. On Friday, July 6, 2007, Judge Ayabe entered a minute order granting Defendants' motion for summary judgment as to the claims Dr. Woodruff made in her First Amended Complaint before the consolidation with HCBCG's Sherman Act and Lanham Act claims first filed in Federal District Court. Defendants' motion for summary judgment was supported by the declaration of counsel and a few documents which counsel could not authenticate or certify without becoming a witness. Plaintiffs' opposition was based upon the declarations of percipient witnesses, transcripts of Defendants' personnel, and nearly 2,000 pages of documentary evidence.

  Judge Ayabe denied Defendants' motion without prejudice with regards to a three points they simply forgot to address, and it thus appears he is inviting a motion by Defendants for summary judgment on those points. Those points do not include the defamation claims that this Court paralleled with HCBCG's Lanham Act claims, which the court simply did not address at all in dismissing Dr. Woodruff's defamation count. Likewise, the injunctive relief Dr. Woodruff' sought to restore patients to her practice ceased to be viable because she would have transferred those patients to HCBCG in April 2002, where thereafter they would have received team care from Drs. Woodruff and Wilkinson and, at some point, a hoped-for associate. The trial consolidating Dr. Woodruff's claims with

302 California Ave.
Suite 209
Wahiawa, Hawai`i 96786
Phone: (808) 621-8806
Fax:   (808) 422-8772
Email Arleen:   *ajouxson@physicianslawfirm.com*
Email Rafael:   *rdelcastillo@physicianslawfirm.com*

Rafael G. del Castillo, Member

The Honorable Susan Oki Mollway
U.S. District Court Judge
July 9, 2007
Re:   Hawaii Children's Blood and Cancer Group vs. Hawai`i Pacific Health, et al.,
      Civil No. CV 03-00708 SOM-LEK
Page 2

HCBCG's claims, which was the basis for this Court's stay order, will not take place as expected, and HCBCG's claims are presently undecided. There is no impediment to the case being tried in Federal court, and we believe Plaintiff will have less trouble obtaining Defendants' complaince with HCBCG's requests for discovery in Federal court.

   Defendants are presently seeking an order from the discovery master in the State case compelling Plaintiff's antitrust expert to submit to a deposition and to produce an additional report at Plaintiff's expense, but Defendants have not complied with the Plaintiff's discovery requests for the data the antitrust expert requires for his analysis. Defendants have produced thousands of pages of pdf-format documents comprising various columns of reports of coded data which cannot be subjected to analysis until they are pieced together and matched line-by-line, and which are partially obscured by legends overlaid on top of the data. Plaintiff has invested hundreds of hours and tens of thousands in attempting to decipher these reports because their repeated requests for an order compelling Defendants to produce the full reports in electronic format suitable for analysis have been denied. The State court case has failed to provide an adequate vehicle for either the complete or prompt resolution of HCBCG's issues, nor will HCBCG's interests be fully protected in the State court.

   Defendants have indicated that they plan to submit a motion in State court for summary judgment on HCBCG's claims because, although they represented to this Court that "[t]he facts and issues to be determined in the state proceedings and those to be decided in this court are identical. . . ." they did not think so when it came to filing a motion for summary judgment. In fact, Defendants have delayed and withheld production of requested financial data going to the heart of HCBCG's damages, and are only now turning their attention to the defense of those claims as Dr. Woodruff's claims will not be tried.

   HCBCG has been in competition with Defendants for over five years. During that time, Defendants repeatedly interfered with HCBCG's call schedule, disrupted hospital rounds on pediatric oncology patients, co-opted HCBCG's patient referrals, prevented HCBCG's attempted alliance with the Cancer Research Center of Hawaii, interfered with HCBCG's attempt to form a much-needed adolescent/young adult cancer center at The Queen's Medical Center, attempted to exclude HCBCG from providing Thalassemia screening, and is presently engaged in a two-year long struggle to exclude HCBCG from performing bone marrow and stem cell transplants even though Defendants' own consultant has warned that their

*Jouxson-Meyers*
*& del Castillo*

Rafael G. del Castillo, Member

The Honorable Susan Oki Mollway
U.S. District Court Judge
July 9, 2007
Re:   Hawaii Children's Blood and Cancer Group vs. Hawai`i Pacific Health, et al.,
      Civil No. CV 03-00708 SOM-LEK
Page 3

conduct will destroy the hope of having a viable transplant program in Hawaii.  The circumstances have thus substantially, although predictably, changed.

It would be inappropriate for the State court to decide HCBCG's claims, given this Court's virtually unflagging obligation to exercise its exclusive jurisdiction over Sherman Act and Lanham Act claims, the change in circumstances due in part to Defendants' post 2002 efforts to eliminate Plaintiff as a competitor, and the demonstrated inadequacy of the State forum to ensure Defendants' compliance with reasonably straightforward discovery requests.  Furthermore, Dr. Woodruff has numerous substantial grounds for an appeal, which she would be delayed in pursuing without just cause if the stay is not lifted so that HCBCG's case can proceed in Federal court.   Accordingly, we will be submitting a motion in the next few days asking you to lift the stay and restore the case to active status on the calendar.

Please contact the undersigned if you have any questions.

Very truly yours,

/s/  Rafael del Castillo
Rafael G. del Castillo

cc:   Kenneth S. Robbins, Esq.