IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Hawaii Children's Blood and Cancer Group, | ) Civil No. 03-00708 SOM/LEK ) |
| Plaintiff, vs. | ) DECLARATION OF RAFAEL DEL ) CASTILLO ) [Dissolve stay] ) |
| Hawai`i Pacific Health; Kapi`olani Medical Specialists; Kapi`olani Medical Center for Women and Children, | ) ) ) ) ) |
| Defendants. | ) ) ) |

DECLARATION OF RAFAEL DEL CASTILLO

I, RAFAEL DEL CASTILLO, state:

    1.    I am an attorney licensed to practice law and admitted before the courts of the State of Hawaii, the United States District Court for the District of Hawaii, the Ninth Circuit, and the United States Supreme Court, and I am counsel for Plaintiff Hawaii Children's Blood and Cancer Group in the above-entitled matter.

    2.    I have personal knowledge of the matters set forth herein and, if called upon to do so, could and would testify competently about them.

    3.    I make this declaration in support of Plaintiff Hawaii Children's Blood And Cancer Group's Motion to Dissolve Stay.

4. Attached hereto is a true and correct copy of the Declaration of Robert W. Wilkinson, M.D., with Dr. Wilkinson's facsimile signature received at my firm's offices on July 13, 2007. Dr. Wilkinson's original signature will be submitted pursuant to Local Rule 10.2.

5. Attached hereto as **Exhibit 1** is a true and correct copy of the May 13, 2006 Preliminary Opinion of David M. Eisenstadt, produced for his deposition testimony.

6. Dr. Eisenstadt was not able to give a final opinion in May 2006 because Defendants had been allowed to fulfill their obligation to produce data by submitting thousands of pages of disjointed and coded data in PDF file format, partially obscured by confidentiality legends they persuaded the state court to allow them to affix to all documents, instead of in a format that could be subjected to analysis. Defendants have never been compelled to produce the data in a usable format, and Plaintiff HCBCG is still waiting for usable data to provide to Dr. Eisenstadt for his final opinion.

7. We received the state court's minute order on July 9, 2007, granting Defendants' Motion for Summary Judgment on Dr. Woodruff's claims. Defendants' motion was supported by the declaration of counsel and a few documents which counsel could not authenticate or certify without becoming a witness. Plaintiffs' opposition was based upon the declarations of percipient

witnesses, transcripts of Defendants' personnel, and nearly 2,000 pages of documentary evidence.

8. In granting Defendants summary judgment on Dr. Woodruff's defamation *per se* claims, which included Defendants' defamatory words and acts directed at Dr. Woodruff in January through March of 2002, the state court addressed only the Voluntary Disclosure Statement made to the DHHS Office of Inspector General on September 4, 2001, which the court held that no genuine issue of material fact existed and that the VDS was "true," precluding Dr. Woodruff from having a jury consider Defendants' words and conduct.

9. We believe that the state court committed manifest errors of law in concluding that the extensive evidence Plaintiffs provided, including the pretext evidence, and evidence that Defendants only followed the advice of their "expert" when it suited their purposes and ignored his warnings that they should be diligent in conducting a further inquiry if his "investigation" raised concerns about invalid claims.

10. The pretext evidence the state court ignored, which Defendants contended to this Court is a "narrow issue," is the basis for a false claims action in Federal District Court in which the Honorable J. Michael Seabright has held that Plaintiff-Relators have stated claims under 31 U.S.C. §§3729(a)(1),(2) and (3) and H.R.S. §§ 661-21(a)(1), (2) and (3), against Defendants for submitting hundreds of

3

facially false hospital claims using physician codes and the names of physicians who were not present when the services billed for were performed by unlicensed hospital employees, and facially false cost reports, plus a million-dollar claim under 31 U.S.C. §3730(h).

        11.    The state court's further remarks in the minute order invite Defendants to submit motions for Dr. Woodruff's remaining claims, which would completely sever her claims from the HCBCG claims originally instituted in Federal court.

I, Rafael del Castillo, do declare under penalty of law that the foregoing is true and correct.

Dated: Honolulu, Hawai`i, July 13, 2007

   /s/ Rafael del Castillo
RAFAEL DEL CASTILLO