IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Hawaii Children's Blood and Cancer Group, | ) Civil No. CV 03-00708 SOM/LEK<br>)<br>) DECLARATION OF RAFAEL G. DEL |
| Plaintiff, | ) CASTILLO<br>) |
| vs. | )<br>) |
| Hawai`i Pacific Health; Kapi`olani Medical Specialists; Kapi`olani Medical Center for Women and Children, | )<br>)<br>)<br>)<br>) |
| Defendants.<br>_____ | ) TRIAL:    January 29, 2008<br>)               9:00 a.m. |

DECLARATION OF RAFAEL G. DEL CASTILLO

I, RAFAEL DEL CASTILLO, hereby declare:

1. I am an attorney licensed to practice law and admitted before the courts of the State of Hawaii, the United States District Court for the District of Hawaii, the Ninth Circuit, and the United States Supreme Court, and I am counsel for Plaintiff Hawaii Children's Blood and Cancer Group in the above-entitled matter.

2. I have personal knowledge of the matters set forth herein and, if called upon to do so, could and would testify competently about them.

3. I am one of the attorneys for Hawaii Children's Blood and Cancer Group, and I make this declaration in support of Plaintiff's Ex Parte

Motion to Shorten Time for Hearing on Plaintiff's Motion to Dissolve Stay, filed July 14, 2007.

   4. Pursuant to Local Rule 6.2(e), I hereby certify that on July 16, 2007, I contacted Defendants' lead counsel, Kenneth S. Robbins, Esq., and requested that Defendants stipulate to shortening the time for hearing on Plaintiff's Motion to Dissolve Stay.  Mr. Robbins declined to so stipulate late this afternoon.

   5. When a question of changed circumstances arises, it is ultimately Defendants' burden to demonstrate that the state court proceeding remains adequate to protect Plaintiff HCBCG's rights.  *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25-26 (U.S. 1983) (the "task in cases such as this is not to find some substantial reason for the exercise of federal jurisdiction by the district court; rather, the task is to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under Colorado River to justify the surrender of that jurisdiction.")

   6. Defendants should not be aided in any way by delaying the hearing on dissolving the stay, or heard to complain about a short date because the change in circumstances is of their own making.  The threats to competition and the involvement of interstate commerce which have arisen since this Court ordered the stay are the results of actions Defendants chose to undertake.  The changed circumstances in the state court eliminating Dr. Woodruff's claims which were the

basis for Defendants' consolidation argument are the results of actions Defendants chose to undertake.

       7.     Good cause exists for shortening the time for hearing on Plaintiff's Motion to Dissolve Stay because the determination will affect Plaintiff's planning and allocation of resources. Scheduled deadlines are also imminent based on the new trial date of January 29, 2008, the sixth after five continuances. (Prior trial dates: January 25, 2005, July 26, 2005, May 23, 2006, October 3, 2006, and February 6, 2007.)

       8.     The presently scheduled hearing date of August 27, 2007 is four weeks after Plaintiff's expert disclosures are due and only two days before the dispositive motions deadline of August 29, 2007, and the due date for Defendants' expert disclosures.

       9.     Delaying the hearing on Plaintiff HCBCG's Motion to Dissolve Stay until August 27, 2007 will unduly prejudice Plaintiff HCBCG and the interests protected by Plaintiff's Complaint. When a question arises regarding the adequacy of the state proceeding to protect Plaintiff's interests, delaying the decision on whether Plaintiff's case will proceed in the Federal court may further exacerbate the problem of protecting Plaintiff's interests, particularly when trial date and other scheduled deadlines are imminent.

4

10. Plaintiff knows of no prejudice to Defendants from an order shortening the time for hearing on Plaintiff's Motion to Dissolve Stay, and Plaintiff believes that Mr. Robbins, Defendants' lead counsel, will be in Honolulu to participate instead of participating in the hearing by telephone, and will not.

I, RAFAEL DEL CASTILLO, do declare under penalty of law that the forgoing is true and correct.

Dated: Honolulu, Hawai`i, July 16, 2007

    /s/ Rafael del Castillo
RAFAEL G. DEL CASTILLO

4