opp Pltf Mn dissolve stay.doc

Of Counsel:
ROBBINS & ASSOCIATES
Attorneys at Law
A Law Corporation

| | |
|---|---|
| KENNETH S. ROBBINS | 1000-0 |
| JOHN-ANDERSON L. MEYER | 8541-0 |
| SERGIO RUFO | 8211-0 |

2200 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii  96813
Telephone:  (808) 524-2355
Facsimile:  (808) 526-0290
Email: krobbins@robbinsandassociates.net


DAVIS WRIGHT TREMAINE LLP

DOUGLAS ROSS
1201 Third Avenue, Suite 2200
Seattle, Washington 98101-3045
Telephone: (206) 757-8135
Facsimile: (206) 757-7135
Email: douglasross@dwt.com

Attorneys for Defendants
HAWAI`I PACIFIC HEALTH;
KAPI`OLANI MEDICAL SPECIALISTS;
AND KAPI`OLANI MEDICAL CENTER
FOR WOMEN AND CHILDREN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII CHILDREN'S BLOOD AND CANCER GROUP,<br><br>Plaintiff,<br><br>vs.<br><br>HAWAI`I PACIFIC HEALTH; KAPI`OLANI MEDICAL SPECIALISTS; KAPI`OLANI MEDICAL CENTER FOR WOMEN AND CHILDREN,<br><br>Defendants. | CIVIL NO. CV03-00708 SOM-LEK<br>(Other Civil Action)<br><br>DEFENDANTS HAWAI`I PACIFIC HEALTH, KAPI`OLANI MEDICAL SPECIALISTS AND KAPI`OLANI MEDICAL CENTER FOR WOMEN AND CHILDREN'S OPPOSITION TO PLAINTIFF'S MOTION TO DISSOLVE STAY, FILED JULY 14, 2007; DECLARATION OF KENNETH S. ROBBINS; EXHIBITS "A" – "G"; CERTIFICATE OF SERVICE<br><br>HEARING<br>DATE: July 26, 2007<br>TIME: 2:15 p.m.<br><br>JUDGE:  SUSAN OKI MOLLWAY<br>         U.S. District Judge<br><br>         LESLIE E. KOBAYASHI<br>         U.S. Magistrate<br><br>TRIAL:  January 29, 2008 |

DEFENDANTS HAWAI`I PACIFIC HEALTH, KAPI`OLANI MEDICAL
SPECIALISTS AND KAPI`OLANI MEDICAL CENTER FOR WOMEN AND
CHILDREN'S OPPOSITION TO PLAINTIFF'S
MOTION TO DISSOLVE STAY, FILED JULY 14, 2007

COME NOW Defendants Hawai`i Pacific Health, Kapi`olani Medical

Specialists and Kapi`olani Medical Center for Women and Children (collectively

2

"Defendants"), by and through their attorneys, Robbins & Associates, and file this their OPPOSITION TO PLAINTIFF'S MOTION TO DISSOLVE STAY, FILED JULY 14, 2007.

I.    INTRODUCTION

Plaintiff's instant motion is inappropriate. As can be seen from the procedural history of both the instant Federal matter and the parallel state case, there is nothing to warrant this Court's lifting the stay it determined was appropriate in 2004. Contrary to Plaintiff's assertions in its Motion to Dissolve Stay, there are no changed circumstances in the state case that would justify lifting the stay in the instant Federal action. Although Judge Ayabe has recently granted summary judgment to Defendants as to most of the non-antitrust claims in the state action, (See Minute Order, dated July 7, 2007, attached hereto as Exhibit "A"), there has been no adjudication to date of the antitrust-related counts by Dr. Woodruff and the Hawaii Children's Blood and Cancer Group ("HCBCG") as plead in the Second Amended Complaint in the state action. Defendants are, therefore, at a loss to understand Plaintiff's contention at page 3 of its memorandum in support of the instant motion that Judge Ayabe has a "tenuous hold" on the remaining claims in the state case. As none of the antitrust counts in the state action have yet been addressed, Plaintiff's assertion that the state court no longer can sufficiently protect HCBCG's interest is disingenuous.

As Hawaii's anti-trust laws mirror the federal statutes, HCBCG's federal anti-trust claims have been consolidated in the state action under Hawaii law. See Robert's Hawaii School Bus. Inc. v. Laupahoehoe Transp. Co., Inc., 91 Hawaii 224, 227 (1999) (noting that the Legislature followed the federal paradigm in fashioning Hawaii anti-trust law and that the language of HRS §§ 480-4 and 480-9 traces the language of Section 1 and Section 2 of the Sherman Act). Accordingly, and as this Court has previously found, "[t]he facts and issues to be determined in the state proceedings and those to be decided in this Court are identical. To permit this case to go forward at this point, therefore, would result in duplicative and wasteful litigation." (October 22, 2004 Order granting Defendants' Motion to Stay the Federal Court proceedings pending resolution of the concurrent State Action, attached hereto as Exhibit "B," at 4). Nothing whatsoever has happened in the state court that should alter this Court's previous ruling.

II.     RELEVANT PROCEDURAL BACKGROUND

It is perhaps best to first briefly outline the substantial similarities between Counts II through VII in the Woodruff vs. Hawai`i Pacific Health, et al. case currently before Judge Ayabe in the First Circuit ("State Action") and the Hawaii Children's Blood and Cancer Group vs. Hawaii Pacific Health, et al. case currently before this Court ("Federal Action"), and to explain why Plaintiff's instant motion

should be denied, and the stay of the Federal Action should remain in effect pending resolution of the State Action.

For ease of reference, attached hereto are copies of Plaintiff HCBCG's First Amended Complaint in the instant Federal Action; Plaintiffs Woodruff and HCBCG's Second Amended Complaint in the State Action; and this Court's October 22, 2004 Order granting Defendants' Motion to Stay the Federal Court proceedings pending resolution of the concurrent State Action. (Exhibits "C," "D," and "A," respectively).

In Plaintiff HCBCG's First Amended Complaint in the instant Federal Action, filed June 21, 2004, there are four counts pled:

      I.      Monopolization;
      II.     Refusal to Deal;
      III.    Attempt to Monopolize; and
      IV.    False and Misleading Advertising

(See Exhibit "C," at 16-23). Count III of Plaintiff Woodruff's First Amended Complaint in the State Action, filed September 10, 2003, was substantially similar to both Counts I and III of her First Amended Complaint in the Federal Action. (See Exhibit "E," excerpt from Plaintiff Woodruff's First Amended Complaint in the State Action, filed September 10, 2003 at 28-30). Similarly, the Defamation claim in the First Amended Complaint in the State Action (i.e., Count V) required

proof of the same matters in issue in the Lanham Act claim in the Federal Action (i.e., Federal Action, First Amended Complaint, Count IV). (See Exhibit "A" at 7).

Indeed, in its October 22, 2004 Order Granting Defendants' Motion to Stay the Federal Action, this Court agreed that the Federal Action was "substantially duplicative" of the State Action, and that HCBCG's interests would be fully protected by the State Action despite its not (yet) being a named party to that case. (See Exhibit "A" at 1, 9-10).

Subsequent to this Court's October, 2004 Order, Plaintiffs again amended the State Action Complaint, filing a Second Amended Complaint on February 17, 2005. In this Second Amended Complaint, HCBCG was added as a named Plaintiff, and multiple individuals were added as named Defendants. In addition to adding these parties to the case, Plaintiffs' Second Amended Complaint in the State Action also added claims for Restraint of Trade and Price-Fixing; Attempt to Control Prices and Refusal to Deal; Unfair Competition; two Counts of Monopolization/Attempt to Monopolize; and Publication of Misleading/Confusing Information. (See Exhibit "D" at 34-47). Many of these added Counts are substantially similar to Counts I through IV of the currently stayed instant Federal Action. The following chart demonstrates the similarities of the federal and state court complaints:

6

| First Amended Complaint [Federal] | Second Amended Complaint [State] |
|---|---|
| <u>Count I</u>: Monopolization (Continuing) (15 U.S.C. §2) | <u>Count II</u>: Unlawful Price Fixing (HRS §480-4(a)); and <u>Count VI</u>: Monopolization/Attempt to Monopolize Practice of Ped Hem/Onc (HRS §480-9) |
| <u>Count II</u>: Refusal to Deal (15 U.S.C. §1) | <u>Count III</u>: Unlawful Attempt to Control Prices and Refusal to Deal (HRS §480-4(b)) |
| <u>Count III</u>: Attempt to Monopolize (15 U.S.C. §2) | <u>Count IV</u>: Unfair competition; (HRS §480-2); and <u>Count V</u>: Monopolization/Attempt to Monopolize Hospital Care (HRS §480-9) |
| <u>Count IV</u>: False and Misleading Advertising (Lanham Act, 14 U.S.C. §1125) | <u>Count VII</u>: Unlawful Publication of Misleading/Confusing Information (HRS §481A-3) |

The parties and the claims have been consolidated; the parties and claims in the Federal Action are included in the State Action.

  III.   ARGUMENT

   A. Nothing has Changed in the Relevant Circumstances to Lessen the "Substantially Duplicative" Nature of the Parallel State and Federal Actions

Plaintiff HCBCG has admitted that the Second Amended Complaint in the State Action is a consolidation of Dr. Woodruff's state court claim and the complaint filed by HCBCG in the federal court. (<u>See</u> Exhibit "D," at 2, ¶ 1). Therefore, the State Action now incorporates HCBCG as Plaintiff and includes all of HCBCG's anti-trust claims, which were hitherto set forth only in the Federal Action. Presently, the parties, counsel, and claims before this Court are subsumed by the State Action.

Comparing the state Second Amended Complaint with the federal First Amended Complaint, it is clear that counts I, II, and IV of the federal complaint (Monopolization 15 U.S.C. §2, Refusal to Deal 15 U.S.C. §1, Attempt to Monopolize 15 U.S.C. §2 and False and Misleading Advertising per the Lanham Act 15 U.S.C §1125 respectively), correspond to counts II, III, IV, V, and VII of the Second Amended Complaint. (See Exhibits "C" and "D," and the comparison chart, supra).

Surely, if the First Amended Complaint in the State Action was sufficient in October, 2004 for a stay on the instant Federal Action to have been warranted, as this Court determined in October, 2004, then the Second Amended Complaint in the State Action —which contains not two, but four Counts substantially similar to the First Amended Complaint in the instant Federal Action, plus two additional antitrust-related Counts— must militate against dissolving the stay. In its October, 2004 Order granting the stay, this Court found that "[t]o proceed in the federal case at this time would result in duplicative, piecemeal litigation" (Exhibit "A" at 11); such a finding is just as —if not more— warranted now as it was in 2004.

Citing Nakash v. Marciano, 882 F.2d 1411, 1415 (9th Cir. 1989), this Court pointed out in its October 22, 2004 Order that

> [t]he need for both forums to address similar issues, however, does not alone prove piecemeal litigation. The Ninth Circuit has held that concerns about piecemeal litigation will outweigh a federal court's obligation to exercise its jurisdiction only when the state court case has significantly progressed.

8

Exhibit "A" at 7. At the time of its October, 2004 Order, this Court felt that the appointment of a Discovery Master, and the attempts at Mediation that had taken place up to that time were sufficient "progress" such that "proceeding in the federal court at [that] time would [have] result[ed] in duplicative efforts and a waste of judicial resources." Exhibit "A" at 8. What was true in October of 2004, is even more so today.

    Since October, 2004, the Parties have been involved —with the continued aid of Discovery Master, retired Judge Patrick Yim— in extensive continued discovery: both through paper discovery and by way of multiple depositions of parties, as well as both percipient and 30(b)(6) witnesses. At present, the State Action's discovery is closed, with the exception of the parties' respective economic experts' depositions, which are yet to be completed. The State Action has clearly progressed much further than it had in October, 2004, at which time this Court had found the progress to that date as already sufficiently significant to warrant a stay of the Federal Action. Plaintiff presents no reason based upon which this Court could reasonably justify a reversal of its earlier determination —as set forth in its October, 2004 Order— that a stay of the instant Federal Action pending resolution of the State Action is appropriate.

    Plaintiff further alleges in its instant motion that "interstate commerce" is somehow implicated by events which have taken place since this Court's last

ruling. (See Plaintiff's memorandum in support of the instant motion at 3 and 7-9.) However, there is nothing in either Plaintiff's memorandum, the declaration of Dr. Wilkinson, or the preliminary opinions of Plaintiff's economics expert, Dr. Eisenstadt that indicates the implication of interstate commerce such that this Court should reverse its earlier ruling and lift the stay on the instant Federal Action. Indeed, plaintiff has presented no evidence whatsoever that the State Action — wherein the claims brought by Plaintiff HCBCG have yet even to be addressed by that Court— has changed such that the interests of HCBCG are not being adequately protected so as to necessitate this Court's lifting the stay, which has been in place since October, 2004. Defendants respectfully submit that interstate commerce is no more implicated now than it was in October, 2004. Accordingly, Plaintiff's reference to interstate commerce in its memorandum in support of the instant motion cannot avail it.

> B. This Court Has Repeatedly Indicated its Desire to have the State Action Resolved Prior to the Federal Action Going Forward.

This Court has been abundantly clear in both its October, 2004 order and at several hearings in this matter, that it is "not at all inclined to put this federal court case ahead of the state court trial." (Transcript of January 19, 2006 proceedings, attached hereto as Exhibit "F," at 9:4-8). See also, transcript of June 16, 2006 proceedings, attached hereto as Exhibit "G," at 30:22-24 ("I've stayed this case, and I am committed to not proceeding until the state court matter is done."), and 6:10-

11 ("I am committed to not going forward in this case until the state court case has been resolved.").  At this latter, June, 2006 hearing, the Court went so far as to invite Plaintiff to dismiss the instant Federal Action without prejudice pending the outcome of the parallel State Action. Though Defendants were willing, at the Court's suggestion, to agree not to raise statute of limitations issues, Plaintiff HCBCG refused to dismiss the instant Federal action.

    As the court stated on the record during the January 19, 2006 hearing, "I don't understand why I should let my trial go before the state court trial. I mean, I would have to think I was wrong in October 2004. And you know what, sometimes I'll admit I was wrong, but I just don't see that I was wrong."  (Exhibit "F," at 7:7-11).  Defendants respectfully submit that, just as this Court was not wrong in issuing the October 2004 stay; just as this Court was correct in not lifting the stay up to this point; and, further, as Plaintiff has offered no reasonable justification based upon which this Court could question its October 2004 order or it's inclination since that date, Plaintiff's instant motion should be denied.

    IV.    <u>CONCLUSION</u>

    For the reasons stated above; based upon the argument to be presented at the hearing on this matter; and to avoid the certainty of duplicative and piecemeal litigation in two courts, Defendants hereby request that Plaintiff's instant Motion be denied.

DATED: Honolulu, Hawaii, July 23, 2007.

/s/ Kenneth S. Robbins
KENNETH S. ROBBINS
JOHN-ANDERSON L. MEYER
SERGIO RUFO

Attorneys for Defendants
HAWAI`I PACIFIC HEALTH,
KAPI`OLANI MEDICAL SPECIALISTS
AND KAPI`OLANI MEDICAL CENTER
FOR WOMEN AND CHILDREN

Civil No. CV03-00708 SOM-LEK; Hawaii Children's Blood and Cancer Group v. Hawai`i Pacific Health, et al.; DEFENDANTS HAWAI`I PACIFIC HEALTH, KAPI`OLANI MEDICAL SPECIALISTS, AND KAPI`OLANI MEDICAL CENTER FOR WOMEN AND CHILDREN'S OPPOSITION TO PLAINTIFF'S MOTION TO DISSOLVE STAY, FILED JULY 14, 2007