ARLEEN D. JOUXSON          7223-0
RAFAEL G. DEL CASTILLO     6909-0
JOUXSON-MEYERS & DEL CASTILLO
A Limited Liability Law Company
1188 Bishop Street, Suite 2304
Honolulu, Hawai`i 96813
Telephone: (808) 621-8806; Fax: (808) 422-8772

Attorneys for Plaintiff
Kelley Woodruff, M.D.

1ST CIRCUIT COURT
STATE OF HAWAII
FILED

2003 SEP 10 PM 12: 17

N. ANAYA
CLERK

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| Kelley Woodruff, M.D. | ) Civil No. 02-1-0090-01 DDD |
| | ) (Other Civil Action) |
| Plaintiff, | ) |
| | ) FIRST AMENDED COMPLAINT; DEMAND |
| vs. | ) FOR JURY TRIAL; DECLARATION OF |
| | ) RAFAEL G. DEL CASTILLO; |
| Hawai`i Pacific Health; Kapi`olani Medical | ) DECLARATION OF KELLEY WOODRUFF, |
| Specialists; Kapi`olani Medical Center for | ) M.D.; EXHIBITS A-G; SUMMONS |
| Women and Children; Deloitte & Touche | ) |
| LLP; Dennis M. Warren, Esq.; John Does | ) |
| 1-98; Jane Does 1-99; DOE Entities 1-19; | ) |
| and DOE Governmental Units 1-10, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## FIRST AMENDED COMPLAINT

Kelley Woodruff ("Dr. Woodruff"), by and through her attorneys, Jouxson-Meyers & del Castillo LLLC, hereby complains against Hawai`i Pacific Health ("HPH"), formerly known as Kapi`olani Health, Kapi`olani Medical Center for Women and Children ("KMCWC"), Kapi`olani Medical Specialists ("KMS") (collectively, "HPH Defendants"), Deloitte & Touche LLP ("D&T"), Dennis M. Warren, Esq. ("Warren"), (all parties complained against are sometimes collectively referred to as "Defendants") and alleges as follows:

1.    HPH Defendants willfully acquired and preserved a monopoly in the care of pediatric cancer patients in the State of Hawai`i through the conduct set forth herein. HPH

I do hereby certify that this is a full, true, and correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit

Exhibit "E"

termination from employment with KMS will prevent Dr. Woodruff from practicing her medical

specialties in Hawaii, causing Dr. Woodruff and the public injuries and damages for which there

is no adequate remedy at law.

126.    The balance of equities favors Dr. Woodruff.

127.    The injuries and damages that Dr. Woodruff and the public will suffer if

HPH Defendants are not required to restore her to the position she was in before accepting

employment with KMS far outweighs the harm that Defendants will suffer if the Court grants Dr.

Woodruff such relief.

128.    The public interest will be served by an order requiring HPH Defendants

to restore Dr. Woodruff to her former position because her essential skills will be accessible to

her present and future patients.

129.    Dr. Woodruff is thus entitled to an order enjoining HPH Defendants to

restore her to the position she enjoyed before accepting employment with KMS; and awarding

Dr. Woodruff reasonable attorneys' fees and costs.

### COUNT III
(Monopolization of /Attempt To Monopolize the Practice of Pediatric Hematology/Oncology In
Violation Of H.R.S. § 480-9)

130.    Dr. Woodruff repeats, realleges and incorporates by reference the

allegations contained in paragraphs 1 through 129 above as though fully set forth herein.

131.    HPH and KMCWC acquired a monopoly in providing hospital facilities

and services for pediatric hematology/oncology patients, as set forth above.

132.    HPH created KMS in 1995 to operate a group medical practice, to provide

health care to HPH patients and compete for patients needing outpatient care.

133.    HPH Defendants hired Dr. Medeiros in January 1997 to compete for

patients needing pediatric hematological and oncological outpatient services.

28

134.    HPH Defendants acquired the Wilkinson-Woodruff practice, as set forth more fully above, which gave them a monopoly over pediatric hematology/oncology, and implemented and marketed the faculty practice and multidisciplinary team approach concepts to private practice pediatricians to integrate their monopoly power into other pediatric specialties increasing the probability that they would succeed in excluding any competition by individual specialists.

135.    HPH Defendants wrongfully terminated Dr. Woodruff as set forth herein, excluding her from the faculty practice and multidisciplinary team, and excluding her from competition because she cannot realistically compete with HPH Defendants' integrated monopoly power as an individual, un-integrated specialist-practitioner.

136.    Defendants' offenses against Dr. Woodruff were calculated to prevent her from competing with them and to preserve HPH Defendants' monopoly in pediatric hematology/oncology.

137.    Defendants D&T and Warren conspired with HPH Defendants to maintain HPH Defendants' monopoly constituting a violation of H.R.S. §480-9.

138.    Defendants' conduct constitutes monopolization of the medical specialty of pediatric hematology/oncology and overt acts undertaken to preserve that monopoly and exclude Dr. Woodruff from competition, as a result of which Dr. Woodruff has sustained special and general damages in amounts to be proven at trial, including past and future lost income, entitling her to have her damages trebled, and receive an award of reasonable attorneys' fees and costs of suit.

139.    Defendants' conduct constitutes an attempt to monopolize the medical specialty of pediatric hematology/oncology and pediatric acute care over which they have a high

probability of success due to the HPH Defendants' monopoly in the market for pediatric in-patient care, as a result of which Dr. Woodruff has sustained special and general damages in amounts to be proven at trial, including past and future lost income, entitling her to have her damages trebled, and receive an award of reasonable attorneys' fees and costs of suit.

### COUNT IV
(Violation Of Right Of Due Process)

140.    Dr. Woodruff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 139 above as though fully set forth herein.

141.    Defendants' acts, as set forth above, wrongfully deprived Dr. Woodruff of her rights to due process, and were arbitrary, capricious, unreasonable, discriminatory and unlawful and deprived Dr. Woodruff of, or interfered with, her rights as protected by the Due Process clause of Article 1, § 5 of the Constitution of the State of Hawai`i, Chap. 671D of the Hawaii Revised Statutes, Dr. Woodruff's contract rights set forth in the KMCWC Bylaws, the KH Standards of Conduct, and common law.

142.    Pursuant to Chap. 671D, Haw. Rev. Stat., Defendants' acts in depriving Dr. Woodruff of her due process rights were arbitrary as a matter of law, and violated their fiduciary duty as a Hawai`i health care entity, and they are thus not entitled to the limited defenses provided in the statute.

143.    HPH, KMCWC, and KMS are liable, as health care entities under Chap. 671D, for depriving Dr. Woodruff of her due process rights.  Defendants D&T and Warren are liable for assisting the HPH Defendants in depriving Dr. Woodruff of her due process rights.

144.    As a direct, proximate and foreseeable result of Defendant's actions as set forth above, Dr. Woodruff will be hindered and prevented by Defendants from pursuing her medical specialties, has suffered embarrassment and humiliation and injury to her professional