```
 1                IN THE UNITED STATES DISTRICT COURT

 2                  FOR THE DISTRICT OF HAWAII

 3                              )
     HAWAII CHILDREN'S BLOOD AND ) CV 03-00708 SOM-LEK
 4   CANCER GROUP,              )
                                ) Honolulu, Hawaii
 5            Plaintiff,        ) January 19, 2006
           vs.                  ) 2:15 P.M.
 6                              )
     HAWAII PACIFIC HEALTH, et al., ) Various Motions
 7                              )
               Defendants.      )
 8   _____)

 9              TRANSCRIPT OF PROCEEDINGS
         BEFORE THE HONORABLE SUSAN OKI MOLLWAY
10            UNITED STATES DISTRICT JUDGE

11   APPEARANCES:

12   For the Plaintiff:       RAFAEL G. DEL CASTILLO
                              ARLEEN D. JOUXSON-MEYERS
13                            Jouxson-Meyers & del Castillo
                              302 California Ave., Ste. 209
14                            Honolulu, HI 96786

15   For the Defendants:      KENNETH S. ROBBINS
                              LEIGHTON M. HARA
16                            Robbins & Associates
                              Davies Pacific Ctr.
17                            841 Bishop St., Ste. 2200
                              Honolulu, HI 96813
18
     Official Court Reporter: Debra Kekuna Chun, RPR, CRR
19                            United States District Court
                              300 Ala Moana Blvd. Ste. C285
20                            Honolulu, HI 96850
                              (808) 534-0667
21

22

23

24
     Proceedings recorded by machine shorthand, transcript
25   produced with computer-aided transcription (CAT).
```

```
 1   THURSDAY, JANUARY 19, 2006          2:19 O'CLOCK P.M.

 2          THE CLERK:  Civil 03-708 SOM-LEK, Hawai'i

 3   Children's Blood and Cancer Group versus Hawai'i Pacific

 4   Health, et al.  This case has been called for a Motion to

 5   Strike or Dismiss Defendant's Renewed Motion to Dismiss,

 6   et cetera, and a Motion to Modify Amended Rule 16

 7   Scheduling Order.

 8          Counsel, please make your appearances for the

 9   record.

10          MR. DEL CASTILLO:  Good afternoon, Your Honor.

11   Rafael Del Castillo on behalf of Hawai'i Children's Blood

12   and Cancer Group.  To my right is my law partner Arleen

13   Jouxson-Meyers.  Also in court today we have our legal

14   assistant in training Chris Osaki.

15          THE COURT:  Okay.

16          MR. ROBBINS:  Good afternoon, Your Honor.

17   Kenneth Robbins and Leighton Hara, my associate, on behalf

18   of all defendants.  Since we're mentioning folks behind

19   the bar our marvelous legal secretary.

20          THE COURT:  Order a transcript.

21          MR. ROBBINS:  I couldn't agree more.  I'll order

22   it right now.  Anyway, Sandy Yasushima, who worked so hard

23   with Leighton yesterday to meet this morning's nine

24   o'clock deadline, to whom I'm extremely grateful.

25          THE COURT:  I wouldn't want anybody to be left
```

1    out, but, fortunately, I only have two people sitting in

2    the gallery; so I guess that's it.  You can all be seat.

3    Thank you.

4              MR. ROBBINS:  Thank you, Your Honor.

5              MR. DEL CASTILLO:  Thank you, Your Honor.

6              THE COURT:  Now, what happened was I had to go

7    back and pull out the files and try to figure out what

8    happened here.  But one of the things that happened isn't

9    in any of the papers, and I just wanted to remind you

10   folks about this.

11             Okay.  So you all remember that in October 2004

12   I relied on the Colorado River case, and I stayed the

13   proceedings here.  And then, you know, nine months later

14   or something like that I issued an order asking for

15   correspondence from the parties, updating me on the status

16   of the state case.  And back came correspondence from the

17   attorneys, informing me that in the state court the trial

18   of the companion case was scheduled for October 2005.

19             Relying on the October 2005 state court trial

20   date I set a trial date for this federal case for May of

21   2006, thinking that waiting eight months after the

22   scheduled state court trial date would avoid your having

23   parallel deadlines, would avoid duplicative litigation,

24   if, in fact, everything was resolved in the state court

25   case, and would be consistent with the earlier stay I had

1    entered of this action.

2         I put in those deadlines with the May 2006 trial

3    date here in this court so that we wouldn't forget about

4    this case and lose track of it and something would be on

5    the calendar, but I put it what I thought was sufficiently

6    beyond the state court trial date to avoid a conflict.

7    And then, of course, I guess, the state court trial date

8    got moved. But nobody told me about that, and now we have

9    all these things happening.

10        Okay. Well, I think the first thing that I

11   ought to do is handle the motion to extend or to modify

12   the Rule 16 because that may well determine whether the

13   motion to dismiss or extend the stay is stricken or not.

14   So they filed a motion to modify the Rule 16 order, and do

15   plaintiff's want to say anything about that? I do have

16   your response on the motion to strike, which probably has

17   most of what you want to say here.

18        MR. DEL CASTILLO: Your Honor, our reply does,

19   essentially, advance our position on that. And I'm

20   prepared to discuss it, if you wish, if you would like me

21   to go over the points, but I think that it does address

22   their motion to amend as far as the substance and as far

23   as the reasons on which an order might be based.

24        THE COURT: Okay. Well, I'll say this: I think

25   that the standard that I use on their motion to modify the

1    Rule 16 scheduling order is Rule 16's standard and not the

2    excusable neglect standard that is cited in defendant's

3    papers.  I think the Ninth Circuit case law makes it clear

4    that I look at Rule 16, which requires good cause, not at

5    Rule 6 on excusable neglect, in deciding whether to modify

6    a Rule 16 order.

7         And I actually don't think that there's good

8    cause to extend the Rule 16 dispositive motion.  I mean,

9    you know, good cause may exist, given how the schedules

10   worked out here, but I don't think it's stated in the

11   motion.  But that still only goes to the dispositive

12   portion of the motion, not to the motion to stay.

13        But let me put aside the motions for a minute.

14   I mean, do plaintiff's really want this case to continue,

15   and, if so -- this federal case, and, if so, why?  I mean

16   it does sound to me as if there are no claims that you

17   would need to come back to me for on.  And, if I'm right,

18   why do you even want this with the headache of me, you

19   know, putting things on the calendar so we don't forget

20   this case; although, my intent had been to put them on the

21   calendar sufficiently beyond the state court trial date so

22   as not to run into conflicts.  Do you really want this

23   case around now?

24        MR. DEL CASTILLO:  We didn't think -- we do,

25   Your Honor.  And we didn't think that it ill-suited us to

1    have the state case go after the federal case.  The

2    federal case begins in January 2002.  The state case

3    essentially ends in 2002 at the time the federal case

4    begins, when the parties become competitors instead of

5    employer/employee.  And to a certain extent keeping the

6    cases -- to a great extent keeping the cases together we

7    expect is going to be confusing and require a much

8    lengthier trial if they're all tried in the same court.

9          You also have the factor of two defendants that

10   are not related to the federal case, Deloitte & Touche and

11   Dennis Warren, who would be required to sit through a

12   lengthy proceeding like that.  And the only way to avoid

13   that would be for Judge Ayabe to bifurcate the case, which

14   I believe he's indicated he's not willing to do, as did

15   Judge Del Rosario before him.

16         THE COURT:  Wait, now.  Let me -- I'm not

17   certain I'm following you so far.  You want my trial to go

18   to trial in May before the state court case; is that what

19   you're saying?

20         MR. DEL CASTILLO:  That suits us, Your Honor.

21         THE COURT:  Well, that's inconsistent with the

22   intent that I expressed earlier, and I don't know that --

23   I mean, nothing's really happened substantively in my

24   case, and so I don't see why I should change my mind that

25   now my case should go before the state court case when

1    over a year ago I said, "Look, the state court case is

2    father along than mine; the state court case should go

3    first."  I don't know what should change my mind on the

4    trial, which is a separate issue from whether the motions

5    cutoff and everything else should be changed, which I know

6    is the subject immediately before me.

7         But I don't understand why I should let my trial

8    go before the state court trial.  I mean, I would have to

9    think I was wrong in October 2004.  And you know what,

10   sometimes I'll admit I was wrong, but I just don't see

11   that I was wrong.  What makes that wrong what I did in

12   October 2004?

13        MR. DEL CASTILLO:  Well, Your Honor, the parties

14   have -- the parties agreed a long time ago that the

15   depositions in discovery in the state case and the federal

16   case would be combined because we had witnesses coming

17   from out of state; that we'd be able to take the

18   deposition testimony for the federal case at the same time

19   as the state case.

20        We have taken the deposition testimony of a

21   number of 30(b)(6) witnesses, which primarily concern the

22   federal case, and we have taken the deposition of a number

23   of percipient witnesses, who have testimony to offer both

24   in the federal and the state case.  So we've been moving

25   both cases along at the same time.  As for -- as we would

1    have to if they were combined in the state court anyway,

2    taking the evidence that we need to for both cases.

3            The difference --

4            THE COURT:  Okay.  Well, I'm going to tell you

5    right now I'm not at all inclined to put this federal

6    court case ahead of the state court trial.  I'm in no way

7    inclined to do that.  And I still don't understand why you

8    need to have this case still around now.

9            MR. DEL CASTILLO:  The federal case you mean?

10    Well, we need the federal case -- we filed the federal

11    case because it's an antitrust case and because we

12    believed that it was a very separate case from the state

13    case because Hawai'i Children's Blood and Cancer Group is

14    a competitor to defendants, and it was to our mind

15    confusing and difficult to understand the whole enterprise

16    and interaction as a continuum.

17            We felt the best thing to do would be to file in

18    federal court.  We were also having a great deal of

19    difficulty in state court, to be quite frank, because

20    Judge Del Rosario told us he did not want the case to come

21    to trial.  And the reason he gave us for not wanting the

22    case to come to trial was because he felt that the gallery

23    would be filled with malpractice attorneys, and they'd all

24    be there listening for possible cases to bring against the

25    hospital and the physicians in the future.  And so he, as

1     you know, or may recall, forced us into mediation at

2     several points in the case.

3          Enough time has gone by and enough water has

4     gone over the bridge that Judge Ayabe in the state court,

5     who has the case now, is not similarly persuaded and has

6     actually triple set this case for June 5th in 2006.

7          As for -- and I don't want to be misunderstood

8     here.  As for whether or not this case should go before

9     the state case, what I meant to say, Your Honor, is that

10    it suits us to do so, but that is because we're mindful of

11    the need on your calendar to move cases along.  If it is

12    the court's disposition to continue this case until after

13    the state case is fully adjudicated, as you indicated

14    previously that was your intent, then we're not taking the

15    position that this case should go first before the state

16    case.  To us they are separate cases, separate issues,

17    separate parties, and they need to be heard by a separate

18    court.

19          THE COURT:  Okay.  Well, it kind of sounds to me

20    as if what you're offering is this:  That from your point

21    of view it's fine for me to refuse to modify the

22    Rule 16 -- I don't know that that makes any sense, but

23    even if it does -- but to grant the motion to stay, which

24    is not a dispositive motion that was subject to the

25    dispositive motion cutoff and then, even though it's not

1  on my calendar today, to go ahead and stay the case beyond

2  the state court trial date.

3          MR. DEL CASTILLO:  If that's our choice, Your

4  Honor.

5          THE COURT:  Well, no, I mean you can fight it

6  out.  You'll have to come back for another hearing and so

7  forth on the, you know, at least a motion to stay, but I

8  don't know you want to do that.

9          MR. DEL CASTILLO:  Well, we're not inclined to

10  dismiss this case.  If the choice is to continue it beyond

11  the state court case until it's finally adjudicated, we'll

12  take item B.

13          THE COURT:  Okay.  Mr. Robbins.

14          MR. ROBBINS:  So will we, Your Honor.

15          THE COURT:  Whatever that means.  What are we

16  going to do about dispositive motions?  There will be

17  none, then; is that what you're --

18          MR. ROBBINS:  Well, Your Honor, if --

19          THE COURT:  See, this motion that you filed to

20  dismiss, I mean, even though in your motion to amend the

21  Rule 16 you say, well, there are expert reports and, you

22  know, we agreed to extend those deadlines; so, of course,

23  why should we have to file dispositive motions.  Okay.

24  That kind of makes sense that you don't have to file a

25  dispositive motion based on an expert report filed after

1    the dispositive motion cutoff, but your motion to dismiss

2    isn't based on any expert.  It's just based on the

3    existing state court case.

4            MR. ROBBINS:  Exactly.

5            THE COURT:  And that has nothing to do with

6    whatever expert reports there may be or not be in terms of

7    your just wanting not to have to have this case around or

8    going anyway while you're waiting for the state court

9    trial.  So, you know, I'm kind of inclined to say, no, I'm

10   not going to modify the Rule 16 on the record in front of

11   me, but that doesn't affect whether the stay should be

12   extended.  I'm kind of inclined to say I'll strike the

13   motion to dismiss portion of the pending motion but not

14   the motion to stay portion, even though the motion to

15   dismiss or motion to stay is really not on my calendar.

16   If you guys don't mind, I'm just going to go ahead and

17   stay the case until after the state court trial.

18           And then, if there are dispositive motions that

19   someone wants to bring, then they have to move again to

20   amend the Rule 16, and at that time we'll see whether

21   there's good cause to move the Rule 16 for some motion to

22   dismiss other than the one that's in front of me now,

23   which, you know, is based on an existing state court trial

24   date, which, although it wasn't known to me to be in June

25   2006, seems to have been known to the parties; so that

1    could have been taken care of earlier.

2            So that's what I'm thinking I should do.  I

3    mean, otherwise, you folks can just withdraw all these

4    motions, and I'll just extend the stay.  I mean, that's

5    another way to do.

6            MR. ROBBINS:  Well, Your Honor, I think Your

7    Honor is making a great deal of sense.  And, if I may be

8    very candid with the court, frankly, I didn't expect you

9    to dismiss the federal court case.  I expected you, based

10   on the rationale that you expressed on the record and in

11   your written order, to either stay the case or continue

12   the trial.  And I thought it was more likely -- excuse me.

13           THE COURT:  Well, the only reason that you got

14   this weird thing was because I'm the one who set the trial

15   date and I was doing so -- setting it in May 2006 with the

16   now outdated information that your trial was to be in

17   October 2005.  I had no intention of kind of nullifying my

18   earlier stay by setting the trial in this case ahead of

19   the trial in the state court case; so it was, you know,

20   ignorance of the new trial date on my part that now puts

21   us all in this -- the present situation.  But I had no

22   intent of, you know, in effect, nullifying my earlier

23   order, and that's why I set it for May 2006 --

24           MR. ROBBINS:  Right.

25           THE COURT:  -- thinking that was so far away

1   from your October 2005 date that I was not in danger of

2   nullifying my earlier stay order.

3            MR. ROBBINS:  Your Honor, we should have done --

4            MR. DEL CASTILLO:  We certainly apologize.

5            MR. ROBBINS:  -- we should have come to Judge

6   Kobayashi at the time the state court case was put over

7   from October of last year to May 23d of this year, and we

8   should have advised Judge Kobayashi in the spirit of

9   collegiality and candor with this court and had suggested

10  to her or asked her if that fact, moving of that trial,

11  would have any impact upon the lifting of the stay and the

12  setting of the trial date in this case.

13           THE COURT:  She would have sent you to me

14  because she knew that I had put out an order saying the

15  trial date could only be moved by me.  That's not because

16  I didn't think she was perfectly capable of doing it.

17  Certainly, she's more than capable of doing that.  It's

18  just that, when a case is several years old, it's just

19  right on the front of my radar screen, and I'm monitoring

20  it all the time.  And yours is one of those; so I just,

21  you know, kind of grab control of the old cases when I'm

22  worried about them.  But I had no intent to make a nullity

23  out of my earlier stay order, and so it was the

24  continuance of the state court trial beyond my assigned

25  date that now puts us in this bizarre situation.

1            So what do you folks want to do?  You want to

2    withdraw these motions?  One is the motion to modify.  One

3    is the motion to strike.  If you both withdraw those,

4    that's great.

5            MR. ROBBINS:  What we will do, Your Honor, if

6    Your Honor is going to at this juncture with Mr. Del

7    Castillo's concurrence, as he's already indicated, if

8    you're going to reimpose the stay, pending the outcome of

9    the state court case, I would then withdraw our motion to

10   extend the dispositive motions cutoff pending the outcome

11   of the state court case, and I think that we --

12           THE COURT:  Without prejudice to your filing a

13   new one later.

14           MR. ROBBINS:  Yes, Your Honor.  That's what I

15   intend.  Thank you.

16           THE COURT:  And then you can withdraw your

17   motion to strike.

18           MR. DEL CASTILLO:  There won't be a motion to

19   strike if he withdraws; so I will withdraw.

20           THE COURT:  Well, he's actually withdrawing his

21   amendment of the Rule 16, and in doing that you're also

22   withdrawing the motion to dismiss and to stay.

23           MR. ROBBINS:  Yes.

24           THE COURT:  But I'm going to talk about a stay

25   in any event.

1          MR. ROBBINS:  Yes.  We will withdraw that

2     portion of our motion to dismiss the case, but we would

3     keep on the record the motion to stay and to continue

4     trial.

5          THE COURT:  Maybe you can withdraw the motion to

6     stay if I just go ahead and order a stay and we work out

7     the dates.

8          MR. ROBBINS:  If you do that, Your Honor, I

9     would do so.

10          THE COURT:  Then I'll put the cart before the

11     horse here.  Okay.  So my thought is -- what are the

12     chances you're going to trial in June?

13          MR. ROBBINS:  Mr. Del Castillo said that -- and

14     this was news to me -- that we were triple set in the

15     state court case.  That is not true.  We have -- we are

16     the only setting in Judge Ayabe's court on May 23d.

17          MR. DEL CASTILLO:  June 5th.

18          MR. ROBBINS:  I'm sorry.  June 6th.  June 6th.

19     I'm sorry.  May 23d is this case.

20          THE COURT:  That's my date.

21          MR. DEL CASTILLO:  I said June 5th.

22          MR. ROBBINS:  June 5th.  We're both wrong.

23          MR. DEL CASTILLO:  I said June 5th.

24          MR. ROBBINS:  In any event Judge Ayabe has told

25     us that we are the only case set; that our case -- even if

1    another case is to be set during that time, we will take

2    priority.  Therefore, it appears, Your Honor, that, if

3    mediation efforts with David Fairbanks -- and that's set

4    to begin in the state court case on February 7th.  He's

5    serving as our mediator.  If those efforts do not prove

6    fruitful, Judge, I asked Judge Ayabe if I could represent

7    to you the fact that we are as firm set in state court as

8    we can possibly be.  He said in front of all counsel,

9    including plaintiff's counsel, I may make that

10   representation to you.

11           THE COURT:  Okay.  Because my proposal is to

12   continue the trial in this case.  I'll do it till October.

13           MR. DEL CASTILLO:  October of 2006.

14           THE COURT:  Yes.

15           MR. DEL CASTILLO:  Very good, Your Honor.

16           MR. ROBBINS:  Thank you, Your Honor.

17           THE COURT:  Is that agreeable?

18           MR. ROBBINS:  Thank you.  That's fine.

19           THE COURT:  So that's what I'm going to do.  I'm

20   going to continue the stay until October -- I'll set a

21   trial date.  Okay.  On October 3d.  And that would mean

22   that sometime in September certain deadlines would kick

23   in.  But that's still three months beyond your state court

24   trial date, and the case will be stayed until those

25   deadlines kick in.

1           MR. ROBBINS:  I should think plaintiff's will

2     have concluded putting their case on by then, Your Honor.

3           THE COURT:  I would think so, too.  And maybe

4     even your defense case might be at least almost done,

5     wouldn't you think?

6           MR. DEL CASTILLO:  If I may, Your Honor, we are

7     facing because we've stipulated to expert deadlines in

8     anticipation of a May trial date we've set deadlines for

9     our experts to produce their reports.  We've yet to

10    complete the depositions that we promised them, and it's

11    unlikely that we will.

12          THE COURT:  Don't you need those for your state

13    court case anyway?

14          MR. DEL CASTILLO:  I beg your pardon?

15          THE COURT:  Aren't you going to need experts for

16    your state court case anyway?  So I'll just leave you to

17    your state court deadlines and remove the federal court

18    deadlines.

19          MR. DEL CASTILLO:  That's fine.

20          THE COURT:  Okay.  So this is what I'm going to

21    do.  The trial, which is now set for May, is moved to

22    October 3d, which is a Tuesday, 2006, nine o'clock, for

23    jury selection.  So Tuesday, October 3d, 2006, is the new

24    trial date.

25          And now what happens, Toni?  I have to give them

1   a pretrial statement due date?

2          THE CLERK:  I'll generate the macro.

3          THE COURT:  Okay.  She's going to mail you stuff

4   with all these new deadlines for pretrial statement, jury

5   instructions, and all that.  But -- okay.  Now, hold on.

6          I'm going to instruct the courtroom manager to

7   give you deadlines from -- starting with the pretrial

8   statement and going from there to trial.  The dispositive

9   motions cutoff is deemed to have passed but subject to

10  reopening upon a motion to modify, based on events that

11  may occur from today on.  Okay.

12         And with respect to any discovery cutoff,

13  whatever the state court discovery cutoff is, which

14  presumably is before June 5th, that's your cutoff in this

15  case, since you folks are doing sort of concurrent

16  discovery.

17         MR. DEL CASTILLO:  Very good.

18         THE COURT:  Okay?  I think that will work.  In

19  the meantime everything else is stayed until the final

20  pretrial statement is due or until the parties get a

21  modification of the Rule 16 order.

22         Now, if, in fact, this case is going to go to

23  trial -- see, I mean, I think we're all thinking maybe

24  either you'll settle it, or you'll determine that after

25  the state court case is resolved by trial that maybe you

1    aren't going to go to trial here.  But, if, in fact, you

2    are going to go to trial in October, then I urge you to

3    take action promptly so that you can get a hearing on

4    dispositive motions before October 3d, which would make

5    sense if you were going to kick out any claims.

6         So maybe I better put this into the order.

7         Okay.  Any motion to modify any Rule 16 deadline

8    is due by July 10.  Let's do that.

9         MR. ROBBINS:  Your Honor, if I may -- and maybe

10   this is out of a sense of paranoia.  If it is, please

11   excuse me.  And that is, if we're to move to modify the

12   dispositive motions deadline only on the basis of expert

13   testimony, that may -- you're shaking your head no.

14        THE COURT:  It wouldn't have to be only that.  I

15   mean, you may have other things that occur.  I mean,

16   things might happen at trial, too, I suppose.

17        MR. ROBBINS:  Right.  What I'm thinking is, if

18   we try the other case and it resolves all the issues in

19   this case, yet plaintiffs do not dismiss this case, I may

20   have to bring a dispositive motion, saying, "Your Honor,

21   we've already disposed of all this."

22        THE COURT:  That's correct.  I wasn't intending

23   only the experts but anything that occurs between now and

24   some future date because, yes, you might have a res

25   judicata motion based on the state court judgment if -- or

1    he may.  Whatever it is.  And so is July 10 enough?  How

2    long is your trial in state court going to last, if it

3    goes?

4             MR. DEL CASTILLO:  We've booked it for three

5    weeks, Your Honor.

6             MR. ROBBINS:  I think it will probably be longer

7    than that.  I think three weeks, considering all the

8    claims that are there, I think -- I'll be delighted if it

9    ends in three weeks, but I have a hunch it's not going to.

10             THE COURT:  I'll give you July 17.  I'll change

11   July 10 to July 17, then.  Let me make sure my courtroom

12   manager --

13             MR. DEL CASTILLO:  I was going to finish up by

14   saying that Judge Ayabe scheduled that case with the

15   knowledge, which you didn't have, of the May 23d date in

16   this case and anticipating that the antitrust claims would

17   be adjudicated by the time the state court case went to

18   trial.

19             THE COURT:  By the time -- he thought I would

20   have done the trial before he did his trial?

21             MR. DEL CASTILLO:  Well, that was the

22   information Judge Ayabe had because he had benefit of your

23   July 19th order when he continued the trial in the state

24   case.

25             THE COURT:  Right.  But my July 19 order was

1    based on information I had that the trial of the state

2    court case would be in October.  See, what happened --

3              MR. DEL CASTILLO:  So we now understand.

4              THE COURT:  What happened was I issued an order

5    on -- sometime in July of 2005, which was, you know, nine

6    months or something after my order staying this case.

7              MR. DEL CASTILLO:  July 19th.

8              THE COURT:  Well, first on July 8, 2005, I

9    issued an order regarding report on related state court

10   case.  And in that order of July 8 I ordered each party to

11   submit by July 15, 2005, a letter to me reporting on the

12   status of the related state court action and on the

13   anticipated schedule for my case.  I then got

14   correspondence from the parties.

15             Immediately upon getting the report of the

16   parties in correspondence, that report telling me that the

17   state court case was set for trial in October of 2005, I

18   issued an order with new dates.  So, you know, something

19   like a day passed or two days passed between when you told

20   me you had a state court trial in October 2005 and my

21   issuance of a date -- an order that set a new trial date

22   in my case of May 23, 2006.

23             MR. DEL CASTILLO:  Yes, Your Honor.

24             THE COURT:  I never got information after that

25   telling me that the state court case was not occurring in

1   October 2005 and instead had been scheduled for after my

2   May 23d, 2006 date.  So that is why we are now in this odd

3   situation.  But it was never my intent in setting the

4   May 23, 2006 date that I precede the state court case

5   because it was not my intent to nullify my earlier order,

6   which stayed the federal court case pending resolution of

7   the state court proceeding.

8          So, as I say, it was ignorance of the change in

9   the trial date on my part that is creating this problem.

10  It was not a rethinking of the stay or a desire, you know,

11  to jump ahead of the state court that caused me to set

12  that May 23, 2006 date.

13         So if the state court judge is thinking that the

14  federal court now wants first dibs on your dispute, that's

15  a mistake.  Okay.  I don't.  I'm still with myself on the

16  October 2004 stay; and so --

17         MR. DEL CASTILLO:  We'll deal with it

18  accordingly, Your Honor.

19         THE COURT:  Okay.  So wait a minute, now.  So

20  this is what the courtroom manager has to do because I

21  know I've just kind of, like, given her a royal migraine

22  with what I'm doing.

23         Okay.  So the motion to modify the Rule 16 order

24  is withdrawn.  The motion to strike the motion to dismiss

25  or stay the case is withdrawn.  The motion to dismiss or

1    stay the case is withdrawn.  Nevertheless, the stay is

2    extended, and the new trial date is October 3 at nine

3    o'clock.  There will be a new order that you'll get in the

4    mail with the deadlines that begin about a month before

5    the trial date with when your final pretrial statement is

6    due and then, you know, all the many things between your

7    final pretrial statement and the trial date.

8         Other than that, the dispositive motions cutoff

9    has passed but is subject to being reopened upon a new

10   motion to modify the dispositive motions cutoff, but it

11   must be based on occurrences between today and the date of

12   filing of that new motion to modify.  Those are not

13   limited to expert witness issues.  Anything that happens

14   between now and when you seek to reopen the dispositive

15   motions cutoff can be the basis of such a motion to

16   modify.

17        The discovery cutoff in this case is congruent

18   with the discovery cutoff in your state case sometime

19   before June 5th.

20        Does all of that make -- I'm asking really my

21   courtroom manager if she can tell me that she's -- I'm

22   going to get a royal tongue lashing.

23        MR. ROBBINS:  That all makes sense, Your Honor.

24   Not the royal tongue lashing, but everything you said

25   before that makes sense.

1            THE COURT:  I'll get that anyway.

2            MR. ROBBINS:  Also for the record Judge Ayabe

3    has set aside six weeks for this trial.  24 trial days and

4    four trial days per week, that's equates to six weeks.

5            Also, Your Honor, we have a settlement

6    conference scheduled with Judge Kobayashi, and I trust

7    that your staff will advise her that that is off.

8            THE COURT:  Yes.  Everything else is vacated.

9    All the other dates are vacated, including your settlement

10   conference with Judge Kobayashi.  She won't be upset with

11   me about that.

12           And then, if it's six weeks, actually my July 17

13   date for seeking to modify the Rule 16 order is six weeks.

14   Should I give you an extra week, then, after that?

15           MR. ROBBINS:  Yes, please, Your Honor.  I think

16   we'd appreciate that.

17           THE COURT:  That will be seven weeks from when

18   you're supposed -- okay.  So the July 17 deadline for

19   moving to -- at least filing your motion to modify the

20   Rule 16 dispositive motions cutoff is changed to July 24.

21   That will be eight weeks from when your trial in state

22   court is scheduled to begin.

23           Most of the things that are likely to generate a

24   motion -- a dispositive motion in my case will probably

25   have occurred even before your trial in state court

1    begins, except for a res judicata motion.  But a res

2    judicata motion is not a big deal, and you can spit that

3    out in a matter of a day.  I'm certain you're going to

4    have a verdict form, and there's not a whole lot more

5    you're going to need.  So I suspect that would not be a

6    problem for you folks.

7          Okay.  So I think we've accomplished the goal

8    that we need here, which is that I want the state court

9    case to be resolved first, but at the same I don't want

10   this case to fall between the cracks on my calendar; so

11   I've set some things on my calendar, but my intent in

12   setting them is that they be set far enough into the

13   future so as not to interfere with the state court case

14   being resolved before I have to take action in this case.

15   Okay.

16          Anybody need me to take care of anything else?

17          MR. DEL CASTILLO:  Your Honor, with the court's

18   permission, if it should befall us that the state case is

19   continued for some reason because, as I told, Your Honor,

20   Judge Ayabe has told us he does triple set.  That is

21   correct.  And we may currently have priority, but, if

22   there's a case, for example, on which the insurance is

23   running out or some other factor or perhaps a witness may

24   not be available, then Judge Ayabe is going to bump us.

25   If that occurs --

1          THE COURT:  I bet he won't bump you if a witness

2     is not available.  I bet he won't bump for that.

3          MR. DEL CASTILLO:  If it should come to befall

4     us that the state court case is continued or any other

5     impact the case might have on the October 3d date, with

6     the court's permission the parties will write the court a

7     letter and advise you of that.

8          THE COURT:  Yes.  Can you please write me a

9     letter because I don't want to have another one of

10    these --

11         MR. DEL CASTILLO:  Right.

12         THE COURT:  -- round robins with you folks.  And

13    really my intent is to let the state court case be

14    resolved, and, yet, at the same time not to lose track of

15    this case on my calendar; so having something on the

16    calendar is just a great way not to let it fall through.

17    But I did not intend in setting my May 23 date to create

18    the impression in anybody's mind that I was somehow

19    rethinking my earlier stay and somehow now desirous of

20    jumping ahead of the state court.  I still haven't gotten

21    to that point.

22         But thank you all very much.

23         MR. DEL CASTILLO:  Thank you, Your Honor.

24         THE COURT:  You've cleared my calendar of all

25    kinds of things for now.  And I may see you in October,

1    but, you know, it would be really good if I saw you folks

2    in a different case and this case went away, but that's

3    not within my control at the moment.  Thank you very much.

4          MR. ROBBINS:  Thank you very much, Your Honor.

5       (Court recessed at 2:55 P.M.)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                  COURT REPORTER'S CERTIFICATE
 2              I, Debra Kekuna Chun, Official Court Reporter,
 3      United States District Court, District of Hawaii, do
 4      hereby certify that the foregoing is a correct transcript
 5      from the record of proceedings in the above-entitled
 6      matter.
 7              DATED at Honolulu, Hawaii, February 23, 2006.
 8
 9                                  /s/ Debra Chun
10                                  DEBRA KEKUNA CHUN
11                                  RPR, CRR
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```