IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| HAWAII CHILDREN'S BLOOD AND CANCER GROUP,<br><br>            Plaintiff,<br><br>     vs.<br><br>HAWAI`I PACIFIC HEALTH; KAPI`OLANI MEDICAL SPECIALISTS; KAPI`OLANI MEDICAL CENTER FOR WOMEN AND CHILDREN,<br><br>            Defendants. | CIVIL NO. CV03-00708 SOM-LEK<br>(Other Civil Action)<br><br>MEMORANDUM IN SUPPORT OF MOTION |

<u>MEMORANDUM IN SUPPORT OF MOTION</u>

I.   <u>INTRODUCTION</u>

Defendants move this Court, pursuant to Fed. R. Civ. P. Rule 16, to extend the time within which they may file a dispositive motion and for modification of the existing Rule 16 Pretrial Order. This Court has previously, and repeatedly stated that it would not allow this case to proceed until after the companion state case was concluded, and unless there were any issues remaining to be litigated here. The state case has now concluded.

Based on the foregoing, Defendants respectfully request that the Amended Rule 16 Scheduling Order, filed December 14, 2007 be amended to allow

Defendants to file their dispositive motion based on events in the state court proceeding.

  II.  PROCEDURAL BACKGROUND

   A. Federal Case

On October 22, 2004, this Federal Court stayed the instant federal action brought by Plaintiff Hawaii Children's Blood and Cancer Group ("HCBCG"), holding that the concurrent state and federal proceedings involving Dr. Woodruff and HCBCG are parallel and substantially duplicative, which warranted application of the federal abstention doctrine set forth in Colorado River Water Conservation Dist. V. United States, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976). As such, this federal court action was stayed pending resolution of the state case.

   B. State Case

In February 2005, four months after this Court's issuing the stay on the instant federal action, Dr. Woodruff amended her complaint in the state court proceeding to add HCBCG as a plaintiff. The very first paragraph of the amended complaint states as follows:

> This Second Amended Complaint consolidates a Complaint Dr. Woodruff filed in this Court on January 11, 2002, and a Complaint by Hawai`i Children's Blood and Cancer Group under sections 1 and 2 of the Sherman Act and the Lanham Act, 15, U.S.C. 1125, that Hawai`i Children's Blood and Cancer Group filed on December 29, 2003.

Second Amended Complaint (State Court) (Exhibit "A") at ¶ 1. (emphasis added).

Thus, HCBCG – the plaintiff in the instant federal court case – joined the state court action as a plaintiff and explicitly sought relief, in that action, for the very same conduct that it had placed at issue in this federal case.

In a series of rulings that culminated earlier this year, the Honorable Bert I. Ayabe entered summary judgment for defendants on all claims asserted in the state court proceeding.  See Declaration of Kenneth S. Robbins.  On March 18, 2008, Judge Ayabe issued the last of these orders, entering summary judgment in favor of Hawai`i Pacific Health ("HPH"), KMCWC and KMS on the only claims that then remained in the state court case.  See Order Granting HPH Defendants' Motion for Summary Judgment as to all Remaining Claims, filed April 18, 2008 (attached hereto as Exhibit "B").  Those claims included the four state-law antitrust claims and the claim under Hawaii's version of the Lanham Act.  Thereafter, plaintiffs moved to reconsider all of the state court's earlier summary judgment orders.  On July 1, 2008, Judge Ayabe field his order denying the motion for reconsideration.  See Declaration of Kenneth S. Robbins.  As a result, the state proceeding now has concluded at the trial court level.

The state court entered summary judgment on plaintiffs' claims thorough a series of orders that addressed, seriatim, specific portions of plaintiffs' case.  Altogether, six such orders were entered.  Id.  The first was entered in January 2007; the last – which dealt with the claims under the antitrust laws and for alleged

3

publication of misleading information – was issued in April and the motion for reconsideration of all orders was denied in July.  Id.  Under Hawai`i law, when a trial court's disposition of a case involving multiple claims is embodied in several orders, no one of which embraces the entire controversy, but all of which do so collectively, it is a "necessary inference" from Haw. R. Civ. P. 54(b) that the orders collectively constitute a final judgment; entry of the last in the series of orders gives finality to all.  See C&C of Honolulu v. Midkiff, 57 Haw. 273 (1976); Asada v. Sunn, 66 Haw. 454 (1983); and S. Utsunomiya Enters., 75 Haw. 480 (1994), recon. denied, 76 Hawai`i 247 (1994). Accordingly, a final judgment has been rendered by the state court.

III.    LEGAL STANDARD

Fed. R. Civ. P. Rule 16(b) governing pretrial scheduling orders, allows for said orders to be modified "upon a showing of good cause and by leave of the district judge …"  Fed. R. Civ. P., Rule 16(b).  Defendants have been diligently defending against Plaintiff's claims in both the federal and state fora, and cannot be said to have purposefully or contumaciously impeded the progress of this case or delayed in filing their dispositive motion.  Instead, the record is clear that the Defendants and the parties, upon the request of this Court, pursued the state action to its conclusion prior to filing any dispositive motion in the instant federal matter.

Accordingly, as is set forth in detail below, the "good cause" required by Rule 16 is satisfied here.

IV.   ARGUMENT

In the instant case, there is considerable good cause which warrants the extension of the dispositive motion deadline and modification of the Rule 16 Pretrial order as set forth below.

It is undisputed that HCBCG's amended complaint in this case sets out three antitrust claims.  These claims are clearly and completely encompassed within the antitrust claims plaintiffs pursued in the state court action – just as plaintiff represented in Paragraph 1 of the Second Amended Complaint when it said it had "consolidate[d]" the complaint filed "under sections 1 and 2 of the Sherman Act and the Lanham Act" with the claims already pending in state court.  Second Amended Complaint (State Court), Exhibit "A" at ¶ 1.

"[W]hen a claim concerns the same subject matter," as it does here, claim preclusion bars litigation in a subsequent action of all claims that "could have been raised in the earlier state court actions."  Albano v. Norwest Financial Hawaii, Inc., 244 F.3d at 1063-64 (citations omitted). Plaintiff could have raised the Lanham Act claim (i.e., Count IV herein) in state court; the Lanham Act does not fall within the exclusive jurisdiction of the federal courts.  28 U.S.C. § 1338(a) (granting federal and state courts concurrent jurisdiction over Lanham Act claims);

Aquatherm Indus., Inc. v. Florida Power & Light Co., 84 F.3d 1388, 1394-95 (11th Cir. 1996) (affirming dismissal of Lanham Act claims on res judicata grounds). Therefore, plaintiff is barred from pursuing Count IV of this federal action. Accordingly, Defendants respectfully submit that the Rule 16 Scheduling Order should be amended to permit Defendants to file a dispositive motion herein.

Further, even when a federal claim lies within the exclusive jurisdiction of the federal courts, issue preclusion can bar subsequent litigation in federal courts of such claims when they rest on the same issues as those that were adjudicated in the earlier state court proceedings. Becher v. Contoure Labs., Inc., 279 U.S. 288 (1929), cited with approval in Marrese, 470 U.S. at 381 and Matsushita Elec. Indus. Co. v. Epstein, 516 U.S. 367, 384 (1996).

Because the state court found for defendants on each of the claims in the state action, and made specific findings that defendants had not conspired or acted anticompetitively, (See generally, Exhibit "B") principles of issue preclusion apply to bar plaintiff HCBCG from relitigating its antitrust claims here. Defendants respectfully request, therefore, that the Rule 16 Scheduling Order be amended to permit them to file a dispostive motion herein.

Finally, in hearings in this case regarding the continuing stay of this federal matter pending resolution of the state case, this court has consistently stated that the Rule 16 Scheduling Order was subject to amendment based upon events in the

state court:

> I'm just going to go ahead and stay the case until after the state court trial. And then, if there are dispositive motions that someone wants to bring, then they have to move again to amend the Rule 16, and at that time we'll see whether there's good cause to move the Rule 16 for some motion to dismiss other than the one that's in front of me now....

Transcript of January 19, 2006 proceedings before Hon. Susan Oki Mollway (attached hereto as Exhibit "C") at 11:16-22.  In that regard, this Court further clarified that

> the dispositive motions cutoff has passed but is subject to being reopened upon a new motion to modify the dispositive motions cutoff, but it must be based on occurrences between today and the date of filing of that new motion to modify. .... Anything that happens between now and when you seek to reopen the dispositive motions cutoff can be the basis of such a motion to modify.

Id. at 23:8-16.

Further, at the most recent hearing in this matter, the Court reiterated that the parties had to "proceed to a final judgment in state court and then come back to [this Court], and we'll take a look at whether there is indeed anything that [this Court] need[s] to do or not in this case." Transcript of July 26, 2007 proceedings before Hon. Susan Oki Mollway (attached hereto as Exhibit "D") at 15:6-9. Finally, following the June 19, 2008 Status Conference before Judge Kobayashi regarding the status of the state case, the Court vacated the July 2008 trial date and all pretrial deadlines, and set a July 15, 2008 deadline for the filing of any "Motion to Dismiss". (See June 19, 2008 Minutes, Document No. 145 (attached hereto as

7

Exhibit "E"). Given the events that have transpired in the state case, Defendants respectfully request that the Rule 16 Scheduling Order be amended to permit them to file a dispostive motion herein.

V. CONCLUSION

For the reasons set forth above, Defendants respectfully submit that they have demonstrated good cause to amend the Rule 16 Order. Given the final resolution of the state case, and given this Court's indication in prior hearings in this matter to the effect that the Court would entertain a motion to amend the Rule 16 Order to allow the filing of a dispositive motion, Defendants respectfully request that this Honorable Court modify the current Rule 16 Scheduling Order and allow an extension of time to file dispositive motions, until and including July 15, 2008, or as this Honorable Court sees fit.

DATED: Honolulu, Hawai`i, July 3, 2008

/s/ Kenneth. S. Robbins
KENNETH S. ROBBINS
JOHN-ANDERSON L. MEYER
SERGIO RUFO

Attorneys for Defendants
HAWAI`I PACIFIC HEALTH,
KAPI`OLANI MEDICAL SPECIALISTS
AND KAPI`OLANI MEDICAL CENTER
FOR WOMEN AND CHILDREN

Civil No. CV03-00708 SOM-LEK; <u>Hawaii Children's Blood and Cancer Group v. Hawai`i Pacific Health, et al.</u>; MEMORANDUM IN SUPPORT OF MOTION