Arleen D. Jouxson-Meyers          7223-0
ajouxson@physicianslawfirm.com
Rafael G. del Castillo            6909-0
rafa@hawaii.rr.com
Jouxson-Meyers & del Castillo
A Limited Liability Law Company
302 California Ave., Suite 209
Wahiawa, Hawai`i 96786
Telephone: (808)621-8806; Fax: (808)422-8772

Attorneys for Plaintiff
Hawaii Children's Blood And Cancer Group

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Hawaii Children's Blood and Cancer Group,<br><br>       Plaintiff,<br>    vs.<br><br>Hawai`i Pacific Health; Kapi`olani Medical Specialists; Kapi`olani Medical Center for Women and Children,<br><br>       Defendants.<br>_____ | Civil No. CV 03-00708 SOM/LEK<br><br>PLAINTIFF HAWAII CHILDREN'S BLOOD AND CANCER GROUP'S OPPOSITION TO DEFENDANTS HAWAI`I PACIFIC HEALTH, KAPI`OLANI MEDICAL SPECIALISTS AND KAPI`OLANI MEDICAL CENTER FOR WOMEN AND CHILDREN'S MOTION TO AMEND AMENDED RULE 16 SCHEDULING ORDER, FILED DECEMBER 14, 2007; CERTIFICATE OF SERVICE<br><br>HEARING:<br>DATE:     July 15, 2008<br>TIME:     9:30 a.m.<br>Judge:    Hon. Leslie E. Kobayashi |

PLAINTIFF HAWAII CHILDREN'S BLOOD AND CANCER GROUP'S
OPPOSITION TO DEFENDANTS HAWAI`I PACIFIC HEALTH,
KAPI`OLANI MEDICAL SPECIALISTS AND KAPI`OLANI MEDICAL

CENTER FOR WOMEN AND CHILDREN'S MOTION TO AMEND
AMENDED RULE 16 SCHEDULING ORDER, FILED DECEMBER 14, 2007

Plaintiff Hawaii Children's Blood and Cancer Group, by and through its undersigned counsel, hereby respectfully submits its Opposition to Defendants Hawai`i Pacific Health, Kapi`olani Medical Specialists and Kapi`olani Medical Center For Women and Children's Motion to Amend Amended Rule 16 Scheduling Order, Filed December 14, 2007, filed July 3, 2008.  The Court has ordered Plaintiff Hawaii Children's Blood and Cancer Group ("HCBCG") to file its Opposition to Defendants Motion to Amend Amended Rule 16 Scheduling Order, filed July 3, 2008 ("Motion to Amend Rule 16"), by July 11, 2008, and we do not construe that to be an order to address Defendants' contentions and characterizations of the meaning of the State court's orders, as this Court is able to read the orders for itself and reach its own conclusions on the meaning therein.  Plaintiff HCBCG reserves its response to Defendants' self-serving contentions and characterizations for such time as their substance is before this Court.  Until that time, Plaintiff HCBCG categorically rejects Defendants' contentions and characterizations of the State court's orders.

Pursuant to the Court's prior orders regarding any motion for an amendment of the scheduling order, Plaintiff HCBCG opposes Defendants' Motion to Amend Amended Rule 16 Scheduling Order.  The most charitable thing

2

we can say about Defendants' Motion to Amend Rule 16 is that it is as premature because the State court case has not "proceeded to a final judgment." The Motion is based upon inapposite authority and does not reflect the Hawaii rule, as this Court no doubt knows.

Pursuant to the Hawaii Rules of Civil Procedure, as construed by the Hawaii Supreme Court more than a decade ago, the State court judge retains jurisdiction of the case and all orders issued therein until final judgment is entered. As Defendants themselves have admitted in their Memorandum at 7, on July 26, 2007, at the hearing of Plaintiff HCBCG's Motion to Lift Stay, the Court held:

> And you folks have to **proceed to a final judgment** in state court and then come back to me, and we'll take a look at whether there is indeed anything that I need to do or not in this case.

Tx of Hearing at 15:6-9 (emphasis added).[1] Plainly, this Court was concerned about finality in the State court, as Defendants' Memorandum admits, and with good reason. Nonetheless, Defendants have attempted to persuade this Court that the required finality has been achieved in the State case when, in fact, it simply has not. For the foregoing reason, Plaintiff HCBCG reserves its arguments on the merits of a motion to amend the Amended Rule 16 Scheduling Order until a proper motion, consistent with the Court's orders, has been filed herein.

---

[1] Excerpt filed as Exhibit D to Defendants' Motion to Amend Amended Rule 16 Scheduling Order, filed July 3, 2008.

The concerns this Court raised in the July 26, 2007 hearing (and before) are implicated until there is a final judgment in the State case. Under Hawaii law, orders granting the motions for summary judgment are not "judgments" as that word is used in H.R.C.P. Rules 54(a), 58, and 73(a). *Bank of Honolulu, N.A. v. Anderson*, 3 Haw. App. 545, 548, 654 P.2d 1370 (Haw. Ct. App. 1982). Rule 54(b), H.R.C.P., provides, "the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."[2] Rule 54(b) derives from, "Courts have inherent power to modify their interlocutory orders before entering a final judgment." *Marconi Wireless Telegraph Co. v. United States*, 320 U.S. 1, 47-48, 87 L. Ed. 1731, 63 S. Ct. 1393 (1943), cited in *Balla v. Idaho State Bd. of Corrections*, 869 F.2d 461, 464 (9th Cir. 1989). There is "no imperative duty to follow the earlier ruling - only the desirability that suitors shall, so far as possible, have reliable guidance how to conduct their affairs." *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996)(citations omitted). Accordingly, the Court's requirement of finality in the State case, pursuant to Hawaii State law, was in all

---

[2] H.R.C.P. Rule 54(b)(2007). Rule 54(b) is identical to F.R.C.P. Rule 54(b). Where the Rule is identical to the Federal rule, the Court looks to the discussions and interpretations in federal court decisions and treatises. *Sanders v. Point After*, 2 Haw. App. 65, 70, 626 P.2d 193 (Haw. Ct. App. 1981); *and see Harada v. Burns*, 50 Haw. 528, 532, 445 P.2d 376, 380, rehearing denied, 50 Haw. 588, 445 P.2d 376 (1968) (holding interpretations by federal courts are deemed to be highly persuasive where H.R.C.P. rule is patterned after an equivalent rule within the F.R.C.P. ).

4

respects consistent with the concerns the Court voiced on the record at the time.

## CONCLUSION

For all of the foregoing reasons, Plaintiff HCBCG opposes Defendants Hawai`i Pacific Health, Kapi`olani Medical Specialists and Kapi`olani Medical Center For Women and Children's Motion to Amend Amended Rule 16 Scheduling Order, Filed December 14, 2007, filed July 3, 2008, as premature and in violation of the Court's order requiring a final judgment in the State case prior to considering any motion to amend the Amended Rule 16 Scheduling Order.

Dated:  Honolulu, Hawai`i, July 11, 2008

      /s/ Rafael del Castillo
ARLEEN D. JOUXSON
RAFAEL G. DEL CASTILLO

Attorneys for Plaintiff Hawaii Children's Blood and Cancer Group