IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HAWAII CHILDREN'S BLOOD AND CANCER GROUP, | ) ) ) | CIVIL NO. 03-00708 SOM/LEK |
| Plaintiff, | ) ) ) | ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND STAYING THE CASE PENDING |
| vs. | ) ) | RESOLUTION OF CONCURRENT STATE COURT PROCEEDINGS |
| HAWAI`I PACIFIC HEALTH; KAPI`OLANI MEDICAL SPECIALISTS; KAPI`OLANI MEDICAL CENTER FOR WOMEN AND CHILDREN, | ) ) ) ) ) ) | |
| Defendants. | ) | |

ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND STAYING THE CASE PENDING
RESOLUTION OF CONCURRENT STATE COURT PROCEEDINGS

Plaintiff Hawaii Children's Blood and Cancer Group ("HCBCG") seeks a permanent injunction and damages for alleged violations of the Sherman Act, 15 U.S.C. §§ 1-2, the Clayton Act, 15 U.S.C. §§ 15-16, and the Lanham Act, 15 U.S.C. § 1125, by Defendants Hawai`i Pacific Health, Kapi`olani Medical Specialists, and Kapi`olani Medical Center for Women and Children.  Defendants seek summary judgment on all claims.  This court denies the motion without prejudice to its being filed after appellate proceedings in a related state court action have been concluded.  Pending resolution of those state appellate proceedings, this action is stayed.

I.      FACTUAL BACKGROUND.

HCBCG originally filed this action in federal court on December 29, 2003. HCBCG is an unincorporated medical group consisting of Kelley Woodruff, M.D., and Robert Wilkinson, M.D., both pediatric hematology-oncology physicians.

Before founding HCBCG, Drs. Woodruff and Wilkinson were employed by Kapi`olani Medical Specialists, a physicians' group. Both have staff privileges at Kapi`olani Medical Center for Women and Children, a local hospital, where they continue to see and treat patients. Both the physicians' group and the hospital are under the umbrella of Hawai`i Pacific Health, a health care system with a state-wide network of hospitals, clinics, and physicians. HCBCG alleges that Defendants used the health care system's monopoly in the market of pediatric hematology-oncology services, as well as false and misleading advertising, to exclude Dr. Woodruff and Dr. Wilkinson from receiving new patient referrals and to redirect existing patients to other doctors in the physicians' group.

In January 2002, Dr. Woodruff had filed an action in state court, asserting state antitrust claims, defamation, retaliatory discharge, breach of contract, and tortious interference, all based on essentially the same factual allegations that were recited in HCBCG's federal filing. Dr.

Woodruff later amended her complaint in the state action to add HCBCG as a plaintiff.

On October 22, 2004, this court issued an order denying Defendants' motion to dismiss and granting Defendants' alternative motion to stay proceedings in federal court pending resolution of the older state action. An exception was granted for any discovery in the state action that would also be relevant to the federal claims.

On March 18, 2008, in the state court action, Judge Bert Ayabe granted the last of a series of summary judgment orders, resolving all state law claims. The plaintiffs moved in state court for reconsideration of the summary judgment orders; Judge Ayabe denied the motion for reconsideration on July 1, 2008.

Citing a final judgment in state court, Defendants sought an amendment of the dispositive motions deadline in the federal action, which Magistrate Judge Leslie Kobayashi granted. HCBCG moved to dissolve the stay and continue the January 5, 2009, hearing on the summary judgment motion. Judge Kobayashi denied the motion to continue but granted the motion to dissolve the stay. Meanwhile, the plaintiffs in the state court case filed an appeal.

Defendants now seek summary judgment on all claims in this court. They assert that claim preclusion bars the Lanham

Act claims and that issue preclusion bars the Sherman Act and Clayton Act claims.  In the alternative, Defendants move for summary judgment on the merits.

Given the pending appeal in state court, a final judgment has not been reached for the purposes of res judicata and collateral estoppel.  The motion for summary judgment is therefore DENIED.  Instead, the case is stayed pending the outcome of the appeal in state court.

II.     ANALYSIS.

   A.   Preclusive Effect of State Court Judgment.

The Supreme Court advises:

> The preclusive effect of a state court judgment in a subsequent federal lawsuit generally is determined by the full faith and credit statute, which provides that state judicial proceedings "shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken." 28 U.S.C. § 1738.  This statute directs a federal court to refer to the preclusion law of the State in which judgment was rendered.

Marrese v. Am. Academy of Orthopaedic Surgeons, 470 U.S. 373, 386 (1985).  This court therefore applies Hawaii law in determining what effect the state court judgment has on the federal litigation.

   B.   Claim Preclusion.

The Hawaii Supreme Court has declared that "parties should be spared unnecessary vexation, expense, and inconsistent

4

results; that judicial resources shall not be wasted; and that the legal efficacy of final judgments shall not be undermined, but rather that final determinations by competent tribunals shall be accepted as undeniable legal truth." Albano v. Norwest Fin. Haw., Inc., 244 F.3d 1061, 1063-1064 (9th Cir. 2001)(citing Ellis v. Crockett, 51 Haw. 45, 57, 451 P.2d 814, 822 (1969)(citations omitted)). As a result, "while everyone is given the opportunity to present a case, that is limited to one such opportunity." Id.

Hawaii courts ask three questions to determine whether res judicata applies. "Was there a final judgment on the merits? Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication? . . . Was the issue decided in the prior adjudication identical with the one presented in the action in question?" Albano, 244 F.3d at 1064.

### 1. Final Judgment.

Under Hawaii state law, "where an appeal has been taken, a judgment of the trial court is not final, at least for purposes of res judicata." Littleton v. State, 6 Haw. App. 70, 76, 708 P.2d 829, 833 (Ct. App. 1985). HCBCG filed an appeal in state court on October 30, 2008. As long as this appeal is pending, the final judgment requirement for the purposes of res judicata is not met. Summary judgment cannot be granted in the present case on the ground of claim preclusion. Were the

5

judgment in state court to be affirmed on appeal, however, claim preclusion may well apply, as the other elements appear at this point to be met.

    2.   <u>Privity.</u>

"Privity will be found only where the interests of the non-party were adequately represented in the earlier action." <u>Pedrina v. Chun</u>, 97 F.3d 1296, 1301-2 (9th Cir. 1996)(citations omitted).  In issuing the original stay, this court found that HCBCG was in privity with Dr. Woodruff, the original plaintiff in the state case.  This court held that HCBCG's interests would be protected in the ongoing state litigation, and, in fact, HCBCG was added as a plaintiff in the state case.  Privity therefore exists between the parties for the purposes of claim preclusion.

    3.   <u>Similarity of Issues.</u>

The relevant question for purposes of evaluating whether both suits involve similar issues is whether the claims in the federal case "could have been raised in the earlier state court actions." <u>Pedrina</u>, 97 F.3d at 1301; <u>see also</u> <u>Santos v. Hawaii, Dep't of Transp.</u>, 64 Haw. 648, 652-53, 646 P.2d 962, 965-66 (1982) (per curiam); <u>Aloha Unlimited, Inc. v. Coughlin</u>, 79 Haw. 527, 537, 904 P.2d 541, 551 (Ct. App. 1995); <u>Fuller v. Pac. Med. Collections, Inc.</u>, 78 Haw. 213, 218-19, 891 P.2d 300, 305-306 (Ct. App. 1995).  Hawaii courts apply this doctrine broadly, precluding subsequent litigation of "all grounds of

claim and defense which might have been properly litigated in the first action but were not litigated or decided." Ellis, 51 Haw. at 55, 451 P.2d at 822 (citations omitted).

HCBCG'S Lanham Act claims in the present case appear to revolve around the same subject matter as the state litigation. Both actions allege that Defendants disseminated false and misleading information about HCBCG'S practice. The Lanham Act claims, while not brought in state court, could have been invoked on the same set of facts. State courts have concurrent jurisdiction with federal courts over Lanham Act claims. 28 U.S.C. § 1338(a); 15 U.S.C. § 1121. In re Keasbey & Mattison Co., 160 U.S. 221, 230 (1895). Therefore, this prong appears to be met regarding the claims of misleading advertising.

The Sherman Act and Clayton Act claims could not have been raised in state court. "[F]ederal antitrust claims are within the exclusive jurisdiction of the federal courts, Marrese, 470 U.S. at 380. Nonetheless, "[t]he fact that petitioners' antitrust claim is within the exclusive jurisdiction of the federal courts does not necessarily make § 1738 inapplicable to this case. Our decisions indicate that a state court judgment may in some circumstances have preclusive effect in a subsequent action within the exclusive jurisdiction of the federal courts." Id. at 386.

Defendants argue that the Sherman Act claims are in fact barred by issue preclusion. This court therefore examines the standards for issue preclusion, or collateral estoppel:

> Issue preclusion prevents a party from relitigating an issue decided in a previous action if four requirements are met: (1) there was a full and fair opportunity to litigate the issue in the previous action; (2) the issue was actually litigated in that action; (3) the issue was lost as a result of a final judgment in that action; and (4) the person against whom collateral estoppel is asserted in the present action was a party or in privity with a party in the previous action. The burden is on the party seeking to rely upon issue preclusion to prove each of the elements have been met.

Kendall v. Visa U.S.A., Inc., 518 F.3d 1042, 1050-51 (9th Cir. 2008)(internal citations omitted).

Because Defendants have not demonstrated that a final judgment on the antitrust issue was entered against HCBCG in the state court, HCBCG is not estopped from asserting these federal claims. However, having already established privity, Defendants would satisfy the criteria for issue preclusion if the state court judgment were upheld on appeal. That is because, after a final judgment, the only questions remaining would be whether these exact issues were actually litigated in the previous action, and whether HCBCG had a fair opportunity to litigate the issues. The record before this court suggests that the same issues were litigated in state court, and HCBCG has not shown that it lacked a fair opportunity to litigate the issues.

This court is well aware that Hawaii antitrust statutes are interpreted "in accordance with judicial interpretations of similar federal antitrust statutes." Int'l Healthcare Mgmt. v. Haw. Coalition for Health, 332 F.3d 600, 609 (9th Cir. 2003)(citing Haw. Rev. Stat. § 480-3). It appears on the record before this court that the resolution of the issues in the state litigation would apply to the federal antitrust claims. Unless HCBCG prevails on its state court appeal, it would be precluded from raising the federal antitrust issues in federal court.

III.     CONCLUSION.

HCBCG's claims are not presently barred by claim or issue preclusion, given the absence of the final state court judgment required for the application of these doctrines. The motion for summary judgment is therefore DENIED. This case is stayed until a final judgment is entered in the state court litigation following completion of appellate proceedings.

The Clerk of Court is directed to close this case administratively. The parties are ordered to move to reopen this case upon the conclusion of state appellate proceedings.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 8, 2009.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Hawaii Children's Blood and Cancer Group v. Hawai`i Pacific Health; Kapi`olani Medical Specialists; Kapi`olani Medical Center for Women and Children; Civil NO. 03-00708 SOM/LEK; ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND STAYING THE CASE PENDING RESOLUTION OF CONCURRENT STATE COURT PROCEEDINGS.